UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
NOEL VELASQUEZ and CARLOS RIVERA,
Individually and on behalf of all others similarly situated,

                          Plaintiffs,

                    v.

11 -CV-3892 (LDW)(AKT)

DIGITAL PAGE, INC., d/b/a FUSION WIRELESS;
CELLULAR CONSULTANTS INC., d/b/a FUSION
WIRELESS; CELLULAR CONSULTANTS OF
NASSAU, INC., d/b/a FUSION WIRELESS;
CELLULAR CONSULTANTS OF NASSAU ST I, d/b/a
FUSION WIRELESS; CELLULAR CONSULTANTS
OF FARMINGDALE, d/b/a FUSION WIRELESS;
BRANDON HAENEL and ROBERT PACHTMAN,

                         Defendants.
-------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

James A. Vagnini (JV-2163)
Valli Kane & Vagnini, LLP
*Attorneys for Plaintiffs*
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................i

TABLE OF AUTHORITIES..........................................................................................ii

PRELIMINARY STATEMENT.....................................................................................1

STATEMENT OF FACTS..............................................................................................1

    Plaintiffs' Employment...........................................................................................1

    Procedural History and Offers of Judgment .........................................................2

ARGUMENT....................................................................................................................5

    Plaintiffs' Claims are not Moot Based on Defendant's Offers of Judgment............5

    This Court Retains Subject Matter Jurisdiction Over Both the Federal and State Law Claims...............................................................................................................8

CONCLUSION.................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Bowens v. Altantic Maintenance Corp.*, 546 F.Supp. 2d 55, (E.D.N.Y. 2008)......................5,6

*Briggs v. Arthur T. Mott Real Estate LLC*, 2006 WL 3314624 (E.D.N.Y. 2006)...................7

*Darboe v. Goodwill Indus, of Greater N.Y. & N. N. J.*, 485 F.Supp.2d 221 (E.D.N.Y. 2007).................................................................................................................................. 7

*Davis v. Abercrombie & Fitch Co.*, 2008 U.S. Dist. LEXIS 86577 (S.D.N.Y. 2008)..............5,7

*McDowell v. Cogan*, 216 F.R.D. 46 (E.D.N.Y. 2003)...............................................5,6

*Reyes v. Carnival Corp.*, 2005 U.S. Dist. LEXIS 11948 (S.D. Fla 2005).............................6

*Rubery v. Buth-Na-Bodhaige, Inc.*, 494 F. Supp 2d. 178, (W.D.N.Y. 2007).......................5,6

*Ward v. Bank of New York*, 455 F.Supp.2d 262 (S.D.N.Y. 2006)................................5,6,7

*Yeboah v. Cen. Parking Sys.*, No. 06-CV-0128, 2007 WL 3232509 (E.D.N.Y. 2007)............5,6

**Statutes**

28 U.S.C. § 1367(a)..................................................................................8

## PRELIMINARY STATEMENT

Defendants' motion to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) should be dismissed because Plaintiffs' claims are **_not_** moot and have not been made so by Defendants' Offers of Judgment. Consequently, the Court properly has subject matter jurisdiction in this matter over the claims of Plaintiffs Noel Velasquez ("Velasquez"), Carlos Rivera ("Rivera"), and opt-in Michael Nazario ("Nazario") (collectively "Plaintiffs"). Thus, Defendants' motion to dismiss should be denied in its entirety.

## STATEMENT OF FACTS

*Plaintiffs' Employment*

Plaintiff Velasquez was hired by the Defendants Cellular Consultants, Inc. d/b/a Fusion Wirless, Brandon Haenel, and Robert Pachtman on or about January 2008. (Exhibit 1, Velasquez Affidavit, ¶ 2). Velasquez earned $ 10.00 per hour from his start date to April 17, 2010. Starting on April 17, 2010, Velasquez's hourly rate increased to $ 11.50, which he earned until his employment ended on or about January 2011. (Exh. 1, ¶ 6). During Velasquez's entire tenure of employment, he was never paid time and a half his hourly rate for any hours worked over forty (40). (Exh. 1, ¶¶ 7-8). Furthermore, on the many occasions when Velasquez was required to work in excess of ten (10) hours per day, he was not compensated for "spread of hours" pay as required by 12 NYCRR § 142.2.4. (Exh. 1, ¶ 10).

Plaintiff Rivera was employed by the Defendants Digital Page, Inc. d/b/a Fusion Wireless, Brandon Haenel, and Robert Pachtman beginning on or about the end of 2009. (Exhibit 2, Rivera Affidavit, ¶ 2). Throughout his employment with Defendants, Rivera earned $ 9.00 per hour. (Exh. 2, ¶ 5). Rivera was required to work in excess of forty (40) hours per week, but was

1

never paid time and a half his hourly rate for his work for any hours worked over forty (40). (Exh. 2, ¶¶ 6-7). In addition, Rivera was never compensated "spread of hours" pay for work in excess of ten (10) hours per day. (Exh. 2, ¶ 9). Rivera was terminated by Defendants on or about April 1, 2011. (Exh. 2, ¶ 2)

Opt-in Plaintiff Nazario was employed by the Defendants Digital Page Inc., d/b/a Fusion Wireless, Cellular Consultants of Nassau ST I, Cellular Consultants of Farmingdale, Inc., Brandon Haenel, and Robert Pachtman from on or about the end of January 2010 to his termination date of August 31, 2010. (Exhibit 3, Nazario Affidavit, ¶ 1). Throughout his employment, Nazario earned $ 9.00 per hour. (Exh. 3, ¶ 5). Nazario worked at two (2) separate locations, working between fifty (50) to sixty (60) hours per week at one store and seventy-five (75) hours per week at another store, but he never was paid time and a half his hourly rate for any hours he worked over forty (40). (Exh. 3, ¶¶ 7-8). Nazario also was never compensated "spread of hours" pay for work in excess of ten (10) hours per day. (Exh. 3, ¶ 12).

In the summer of 2010, Nazario questioned Haenel and Pachtman why he was not getting paid overtime, to which Haenel and Pachtman responded that because Nazrio received commissions, he was not entitled to overtime. Nazario also questioned Defendants' District Manager David Hayes why he was not being paid overtime, to which Hayes responded that Nazario was not going to get overtime, "they" do not pay overtime, and that Nazario should stop asking. (Exh. 3, ¶ 10).

*Procedural History and Offers of Judgment*

On August 12, 2011, Plaintiffs filed their complaint against Defendants on their behalf and on behalf of all non-managerial employees similarly situated seeking damages for failure to pay unpaid wages required under the Fair Labor Standards Act ("FLSA") and the New York

2

Labor Law ("NYLL"). On September 23, 2011, Defendants' counsel contacted Plaintiffs' counsel's office and requested a calculation of damages for Velasquez and Rivera. (Exhibit 4). On September 28, 2011, Plaintiffs' counsel provided a description of the categories of damages demanded including lost wages, liquidated damages, interest, spread of hours pay and attorneys' fees. Plaintiffs' counsel requested additional class information so that a specific calculation of damages for the entire class can be presented. Plaintiffs also stated that an opt-in Plaintiff had joined the two (2) named Plaintiffs and that Plaintiffs intend to immediately file for conditional certification. (Exhibit 5). On September 30, 2011, without providing any further detailed information about the potential class or even about the existing named Plaintiffs, Defendants' counsel acknowledged the existence of the opt-in Plaintiff and again asked for the specific calculation of damages for the two (2) named Plaintiffs. (Exhibit 6). Once again, Plaintiffs responded that proper damage calculations cannot be made without specific records and that Plaintiffs intend to file their motion for conditional certification. (Exhibit 7).

On October 5, 2011, without still providing any detailed information about Velasquez and Rivera, such as their wage and hour information, Defendants made Offers of Judgment for the two (2) Plaintiffs.[1] (Exhibit 8). Plaintiffs responded that the Offers of Judgment were not effective given that the instant matter is a collective action, requiring an offer to all class members, and an opt-in Plaintiff already indicated his intent to join the class. Furthermore, Plaintiffs again requested information for all class members so that a specific calculation of damages could be presented. (Exhibit 9).

---

[1] On October 5, 2011, Defendants' counsel also filed their Notices of Appearance.

3

Therefore, Defendants' claim that they could not make Offers of Judgment to other class members is without basis because they were made aware of the existence of other class members and only they had the detailed information to make the specific calculation of damages.

Nevertheless, Plaintiffs' counsel conveyed the Offers of Judgment to the named Plaintiffs and pursuant to the direction of Velasquez and Rivera, rejected the Offers and proceeded with litigating the collective action. Accordingly, on the same day, October 5, 2011, Plaintiffs filed the opt-in notice for Nazario. (Exhibit 10). Yet Defendants were made aware of additional class members, including the existence of a specific opt-in who retained Plaintiffs' counsel as far back as September 23, 2011.

Instead of providing any further Offers of Judgment for Nazario or the remaining class members, Defendants applied to the Court for leave to file a motion to dismss Plaintiffs' Complaint. (Exhibit 11). On October 6, 2011, Plaintiffs objected, citing to numerous case law and precedent establishing that Defendants are not permitted to vitiate collective and class actions by making Offers of Judgment where a class member has opted-in, where Defendants had not even filed an Answer, or where Plaintiffs did not have a reasonable opportunity to move for class certification before the Offers were made. (Exhibit 12).

On October 10, 2011, Defendants made an Offer of Judgment for Opt-in Plaintiff Nazario. (Exhibit 13). Plaintiffs objected to Defendants' Offers and indicated to the Court about their intent to file a motion for conditional certification. (Exhibit 14). On November 1, 2011, an initial conference was held before Honorable A. Kathleen Tomlinson. Hon. Tomlinson read several relevant cases in support of Plaintiffs' position into the record. The Court further distinguished the cases upon which Defendants relied in support of their request to move to dismiss Plaintiffs' claims. Despite the Court's recommendation, Defendants indicated they still

4

wished to file the motion to dismiss Plaintiffs' complaint, to which the Court stated "proceed at your own risk." Hon. Tomlinson then set a discovery and motion briefing schedule. Pursuant to the Initial Conference Minutes Order, Plaintiffs filed their motion for conditional certification on November 4, 2011.

## ARGUMENT

### I   Plaintiffs' Claims are Not Made Moot By Defendant's Offers of Judgment

While a Rule 68 Offer of Judgment may moot a plaintiff's claim, Defendants are ***not*** permitted to vitiate class actions where there is a putative class and the offer was made before plaintiff had a reasonably opportunity to move for class certification. [McDowell v. Cogan, 216, F.R.D. 46 (E.D.N.Y. 2003)]. In the context of a FLSA claim, courts are concerned that "Rule 68 offers 'may be wielded as a strategic weapon to frustrate the FLSA's very object – ensuring that every employee receives 'a fair day's pay for a fair day's work.'" Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d 55 (E.D.N.Y. 2007) quoting Rubery v. Buth-Na-Bodhaige, Inc., 494 F. Supp. 2d 178 (W.D.N.Y. 2007)

Thus, a plaintiff's claim may ***not*** be mooted where the motion to dismiss has been made prior to a determination on the pending class certification motion [Bowens v. Atl. Maint. Corp.,]; or where the offer fails to satisfy all of plaintiffs' damages or where there are additional plaintiffs who have opted in. Yeboah v. Cent. Parking Systems, 2007 U.S. Dist. LEXIS 81256 (E.D.N.Y. 2008); Bowens; Rubery v. Buth-Na-Bodhaige, Inc. Furthermore, "even if no plaintiffs have opted-in, courts have 'denied a defendants' motion to dismiss on mootness grounds where the plaintiff potentially could recover more than the relief offered by the defendant, such as where

5

the offer is not comprehensive, or where the amount due to plaintiff is disputed." <u>Davis v. Abercrombie & Fitch Co.</u>, 2008 U.S. Dist. LEXIS 86577 (S.D.N.Y. 2008) (quoting <u>Ward v. Bank of New York</u>, 455 F. Supp. 2d 262 (S.D.N.Y. 2006)). Finally, "courts are wary of attempts by defendants to evade FLSA collective actions by making Rule 68 Offers of Judgment 'at the earliest possible time.'" <u>Ward,</u> quoting <u>Reyes v. Carnival Corp.</u>, 2005 U.S. Dist. LEXIS 11948 at * 8 (S.D. Fla 2005)

Here, Defendants improperly made their first Offers of Judgment to the two (2) named Plaintiffs before Plaintiffs had any reasonable opportunity to move for class certification. In fact, Defendants' counsel conveyed these Offers on October 5, 2011 which was the same day Defendants' counsel formally appeared in the matter. Yet, the Plaintiffs notified Defendants on September 28, 2011 and September 30, 2011 about their intention to move for certification and requested additional class information to provide a specific calculation of damages. Defendants refused to provide additional class information and Plaintiffs were not going to move for certification until Defendants' counsel had formally appeared, which they did on October 5, 2011. Clearly, by making their October 5, 2011 Offers, Defendants improperly attempted to deny potential class members their recovery of unpaid wages. <u>McDowell v. Cogan</u>, 216, F.R.D. 46 (E.D.N.Y. 2003).

Secondly, Plaintiffs' claims cannot be mooted because there is a pending class certification motion, which was filed on November 1, 2011 and about which Defendants were made aware as early as September 28, 2011. <u>Bowens v. Atl. Maint. Corp.</u>, 546 F. Supp. 2d 55 (E.D.N.Y. 2007).

Third, Plaintiffs' claims cannot be mooted because there is an additional plaintiff who has opted-in to the class. Defendants' October 10, 2011 Offer of Judgment to the Opt-in Plaintiff

6

Nazario also does not moot Plaintiffs' claims because the Offers don't satisfy the damages of all additional class members, whose information Defendants have refused to provide. <u>Yeboah v. Cent. Parking Systems</u>, 2007 U.S. Dist. LEXIS 81256 (E.D.N.Y. 2008); <u>Bowens v. Atl. Maint. Corp.</u>; <u>Rubery v. Buth-Na-Bodhaige, Inc.</u>, 494 F. Supp. 2d 178 (W.D.N.Y. 2007).

Furthermore, Plaintiffs also dispute the Defendants' Offers to the existing Plaintiffs, particularly since Defendants have also refused to provide specific wage and hour information about the Plaintiffs or additional class members. Thus, the parties' dispute regarding Plaintiffs' damages require dismissal of Defendants' motion. <u>Davis v. Abercrombie & Fitch Co.</u>, 2008 U.S. Dist. LEXIS 86577 (S.D.N.Y. 2008) (quoting <u>Ward v. Bank of New York</u>, 455 F. Supp. 2d 262 (S.D.N.Y. 2006))

Defendants's reliance on <u>Darboe v. Goodwill Indus. Of Greater N.Y. & N. N.J.</u>, 485 F.Supp. 2d 221 (E.D.N.Y 2007) and <u>Briggs v. Arthur T. Mott Real Estate LLC</u>, 2006 U.S. Dist. LEXIS 82891 (E.D.N.Y. 2006) is misplaced. In <u>Darboe</u>, the Offers of Judgment were made ***after*** the close of discovery where the case was pending for over a year, ***after*** plaintiff was given the opportunity to provide notice to all such similarly situated class members and notify them of their right to join the FLSA action, and where the plaintiff had ***not*** identified any single individual who sought to be part of the action. Similarly in <u>Briggs</u>, there was no pending certification motion and no additional class members opted-in to the action.

In contrast here, the Offers were made ***before*** the parties' initial conference, on the very same day Defendants' counsel appeared in the action, ***before*** Plaintiffs received any reasonable opportunity to move for certification to provide notice to class members, and where Plaintiffs ***did*** identify an additional Plaintiff who opted-in to the action.

7

As a result, Plaintiffs' claims are not moot and the Court retains subject matter jurisdiction over this action.

## II      The Court Retains Supplemental Jurisdiction Over Plaintiffs' State Law Claims

Because Plaintiffs' federal claims are not moot and the Court has subject matter jurisdiction over this action, the Court also retains supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a). Plaintiffs' state law claims under the New York Labor Law and 12 NYCRR § 142-2.4 arise from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution. Thus, the Court properly has supplemental jurisdiction over Plaintiffs' state law claims.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' motion to dismiss in its entirety, and grant further relief as this Court deems just and proper.

Dated:    December 8, 2011
          Garden City, New York

Respectfully Submitted,

_/s/ James Vagnini_
James Vagnini
Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203 - 7180