**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
**NOEL VELASQUEZ and CARLOS RIVERA,**          11-CV-3892 (LDW)(AKT)
**individually and on behalf of all others similarly situated,**

                       **Plaintiffs,**

        **-against-**

**DIGITAL PAGE, INC. d/b/a FUSION WIRELESS;**
**CELLULAR CONSULTANTS INC., d/b/a FUSION**
**WIRELESS; CELLULAR CONSULTANTS OF**
**NASSAU, INC., d/b/a FUSION WIRELESS;**
**CELLULAR CONSULTANTS OF NASSAU ST I, d/b/a**
**FUSION WIRELESS; CELLULAR CONSULTANTS**
**OF FARMINGDALE, d/b/a FUSION WIRELESS;**
**BRANDON HAENEL and ROBERT PACHTMAN**

                       **Defendants.**
-----------------------------------------------------------------------X


### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO PROCEED AS A COLLECTIVE ACTION UNDER THE FLSA

MILMAN LABUDA LAW GROUP PLLC
Joseph M. Labuda, Esq.
Jamie Felsen, Esq
Attorneys for Defendants Digital Page,
Inc., and Cellular Consultants Inc.,
Brandon Haenel, and Robert Pachtman
3000 Marcus Avenue, Suite 3W8
Lake Success, NY  11042
(516) 328-8899

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................ iii

STANDARD ......................................................................................1

**POINT I**
**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AS A
COLLECTIVE ACTION MUST BE DENIED** .............................................4

    A.    **Plaintiffs have not sufficiently established that there are similarly
situated individuals** ........................................................................4

    B.    **Plaintiffs Cannot Establish a Common Policy or Plan with Regard to All of
the Defendants** ...............................................................................7

**POINT II**
**ASSUMING ARGUENDO THAT PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION IS GRANTED, PLAINTIFFS' PROPOSED NOTICE
CONTAINS NUMEROUS DEFICIENCIES** ..............................................10

    A.    **The Scope of the Class Is Overly Broad** ........................................10

    B.    **The Starting Date for Determining When Notice Should Be Sent
Should Be Based on the Court's Order on the Instant Motion** ...............11

    C.    **The Time Limit To Opt-In Should Be Limited to 45 Days from the
date of the Notice** .........................................................................11

    D.    **The Notice Should Explain the Consequences of Joining the Action** ......12

    E.    **Contact Information for Defendants' Counsel Should Be Stated on the
Notice** ..........................................................................................12

    F.    **Defendants must be able to explain that it believes that a collective
action is not warranted** .......................................Error! Bookmark not defined.

    G.    **The Notice Should Not Reference Employees Rights Under NYLL** ........13

    H.    **Reference to the Court authorizing the notice must be excluded** ............13

    I.    **Reference to the anti-retaliation provision of the Fair Labor Standards
Act must be excluded** .....................................................................14

    J.    **Opt-In Notices Should Be Returnable to the Court** ........................14

**POINT III**
**ASSUMING ARGUENDO THAT PLAINTIFFS' MOTION FOR CLASS**
**CERTIFICATION IS GRANTED, PLAINTIFFS' METHOD OF**
**DISSEMINATION OF THE NOTICE CONTAINS DEFICIENCIES** .........................15

**CONCLUSION** ..............................................................................................................17

# TABLE OF AUTHORITIES

**Cases**

Anglada v. Linens 'n Things, Inc., 2007 U.S. Dist. LEXIS 39105
(S.D.N.Y. Apr. 26, 2007)............................................................................. 11

Arevalo v. D.J.'s Underground, Inc., 2010 U.S. Dist. LEXIS 109193
(D. Md. Oct. 13, 2010).................................................................................. 15

Asbestos Sch. Litig., 1987 U.S. Dist. LEXIS 7033, at 13 (E.D. Pa. Aug. 3, 1987) .......... 8

Bogosian v. All Am. Concessions, 2008 U.S. Dist. LEXIS 78625
(E.D.N.Y. Sept. 29, 2008)............................................................................... 3

Braunstein v. Eastern Photographic Labs., Inc., 600 F.2d 335 (2d Cir. 1978) ............. 1

Campbell v. PriceWaterhouse Coopers, LLP, 2008 U.S. Dist. LEXIS 44795
(E.D. Cal. June 5, 2008).................................................................................. 15

Camper v. Home Quality Mvnt. Inc., 200 F.R.D. 516 (D. Md. 2000)................................ 3

Cano v. Four M Food Corp., 2009 U.S. Dist. LEXIS 7780
(E.D.N.Y. Feb. 3, 2009)............................................................................... 7, 12

Chowdhury v. Duane Reade, Inc., 2007 U.S. Dist. LEXIS 73853
(S.D.N.Y. Oct. 2, 2007) ................................................................................. 15

Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp. 2d 200
(N.D.N.Y. 2009) ........................................................................................... 15

Delaney v. Geisha NYC, LLC, 261 F.R.D. 55 (S.D.N.Y. 2009)..................................... 15

Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369
(E.D.N.Y. 2008)........................................................................................... 11

Eng-Hatcher v. Sprint Nextel Corp., 2009 U.S. Dist. LEXIS 127262
(S.D.N.Y. Nov. 13, 2009)................................................................................ 6

Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 91
(S.D.N.Y. 2003) ........................................................................................... 11

Guan Ming Lin v. Benihana Nat'l Corp., 2010 U.S. Dist. LEXIS 132871
(S.D.N.Y. Nov. 9, 2010) .................................................................................. 5

Guzman v. VLM, Inc., 2007 U.S. Dist. LEXIS 75817
(E.D.N.Y. Oct. 11, 2007) ................................................................................ 12

Hall v. Burk, 2002 WL 413901 (N.D. Tex. Mar. 11, 2002 .............................................. 3

Hallissey v. America Online, Inc., 2008 U.S. Dist LEXIS 18387
(S.D.N.Y. 2008)........................................................................................... 12

Han v. Sterling Nat'l Mortg. Co., 2011 U.S. Dist. LEXIS 103453
(E.D.N.Y. Sept. 14, 2011)................................................................................ 16

Haynes v. Singer Co., 696 F.2d 884 (11th Cir. 1983) ............................................... 1, 2

Heagney v. European Am. Bank, 122 F.R.D. 125 (E.D.N.Y. 1988) .................................. 3

Health & Hospitals Corp., 2005 U.S. Dist. LEXIS 28884
(S.D.N.Y. Nov. 18, 2005) ................................................................................. 6

Hoffmann v. Sbarro, 982 F. Supp. 249 (S.D.N.Y. 1997 ............................................... 2

Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989) ......................................... 1

Holt v. Rite Aid Corp., 333 F. Supp. 2d 1265 (M.D.Ala. 2004) ................................... 1

Jackson v. New York Tele. Co., 163 F.R.D. 429 (S.D.N.Y. 1995) ................................... 3

Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346 (E.D.N.Y. 2008)................... 9,11

Lee v. ABC Carpet & Home, 236 F.R.D. 193 (S.D.N.Y. 2006) ...................................... 11

Levinson v. Primedia Inc., 2003 WL 22533428 (S.D.N.Y. Nov. 6, 2003) .................... 2

Lujan v. Cabana Mgmt., 2011 U.S. Dist. LEXIS 9542
  (E.D.N.Y. Feb. 1, 2011) ....................................................................................... 11, 14

Madrid v. Minolta Business Solutions, Inc., 2002 U.S. Dist. LEXIS 18539
  (S.D.N.Y. October 1, 2002) .......................................................................................... 1

Marin v. JMP Restoration Corp., 09-4020 (E.D.N.Y. January 29, 2010) ......................... 11

McBeth v. Gabrielli Truck Sales, Ltd., 2011 U.S. Dist. LEXIS 10398
  (EDNY Feb 3, 2011) ...................................................................................................... 13

Mendoza v. Casa De Cambio Delgado, Inc., 2008 U.S. Dist. LEXIS 27519
  (S.D.N.Y. Apr. 7, 2008) ............................................................................................... 6

Mike v.  Safeco Ins. Co. of Am., 274 F. Supp. 2d 216 (D. Conn. 2003) ........................... 2
  (E.D.N.Y. July 6, 2009) ................................................................................................. 9

Moore v. Eagle Sanitation, Inc., 2011 U.S. Dist. LEXIS 77126
  (E.D.N.Y. July 18, 2011) ............................................................................................... 11

Morales v. Plantworks, Inc., 2006 U.S. Dist. LEXIS 4267
  (S.D.N.Y. Feb. 2, 2006) ............................................................................................... 6

Mowdy v. Beneto Bulk Transp., 2008 U.S. Dist. LEXIS 26233
  (N.D. Cal. 2008) ............................................................................................................. 16

Palmer v. Reader's Digest Ass'n, 1986 WL 11458 (S.D.N.Y. Oct. 3, 1986) ...................... 4

Prizmic v. Armour, Inc., 2006 U.S. Dist. LEXIS 42627  (E.D.N.Y. June 12, 2006) ......... 3

Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303 (S.D.N.Y. 1998) ........................... 2

Rodolico v. Unisys Corp., 199 F.R.D. 468 (E.D.N.Y. 2001) ........................................... 3

Romero v. Flaum Appetizing Corp., 2009 U.S. Dist. LEXIS 80498
  (S.D.N.Y. Aug. 17, 2009) ............................................................................................. 11

Rosario v. Valentine Ave. Disc. Store, Co., 2011 U.S. Dist. LEXIS 126634
  (E.D.N.Y. Nov. 2, 2011) ........................................................................................... 7,10

Searson v. Concord Mortg. Corp., 2009 U.S. Dist. LEXIS 88926
  (E.D.N.Y. Aug. 31, 2009) ............................................................................................. 11

Seever v. Carrols Corp., 528 F. Supp. 2d 159 (W.D.N.Y. 2007) ...................................... 6

Shajan v. Barolo, Ltd., 2010 U.S. Dist. LEXIS 54581
  (S.D.N.Y. June 2, 2010) ............................................................................................... 16

Urresta v. MBJ Cafeteria Corp., 2011 U.S. Dist. LEXIS 120126
  (S.D.N.Y. Oct. 17, 2011) ............................................................................................... 9

Vaughan v. Mortg. Source LLC, 2010 U.S. Dist. LEXIS 36615
  (E.D.N.Y. Apr. 14, 2010) ............................................................................................. 6

Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445
  (S.D.N.Y. 2011)(60 days) ............................................................................................. 12

Wraga v. Marble Lite, Inc., 2006 U.S. Dist. LEXIS 60457
  (E.D.N.Y. Aug. 22, 2006) ............................................................................................... 7

## PRELIMINARY STATEMENT

Defendants, Digital Page, Inc., Cellular Consultants Inc., Brandon Haenel, and Robert Pachtman oppose Plaintiff's motion to proceed as a collective action on behalf of all non-managerial employees of Defendants on the ground that they have failed to establish by competent proof that there are similarly situated employees as required under 29 U.S.C. § 216(b).[1] Plaintiffs rely exclusively on conclusory affidavits from the two (2) Plaintiffs and the sole opt-in that do not identify a single other employee who has allegedly been subject to the same unlawful pay practice as them. The affidavits are insufficient to justify conditional certification of the collective action.

Plaintiffs have also failed to present any evidence that defendants, together, maintained a common scheme or policy.

Therefore, Plaintiffs' motion to proceed as a collective action must be denied.

## STANDARD

In a putative FLSA collective action, district courts have discretion on whether to allow a collective action and direct that notice be given to potential class members. Madrid v. Minolta Business Solutions, Inc., 2002 U.S. Dist. LEXIS 18539 *2 (S.D.N.Y. October 1, 2002) citing Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989); Braunstein v. Eastern Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978). This discretionary power, however, must only be exercised in appropriate cases. Holt v. Rite Aid Corp., 333 F. Supp. 2d 1265 (M.D. Ala. 2004); Haynes v.

---

[1] Defendants filed a motion to dismiss the Complaint as moot on November 15, 2011 after Plaintiffs rejected an Offer of Judgment under Fed. R. Civ. Proc. 68 that would have provided all relief they seek. If Defendants' motion to dismiss is granted (as it should be), the instant motion for collective action will also be rendered moot.

Singer Co., 696 F.2d 884, 886 (11th Cir. 1983). "The question, therefore, is ... whether the appropriate circumstances exist for the Court to exercise its discretion [to authorize notice] in this matter." See Hoffmann v. Sbarro, 982 F. Supp. 249, 261 (S.D.N.Y. 1997); Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998).

To warrant the exercise of the court's discretion, plaintiffs must demonstrate that the potential class members are similarly situated. Realite, 7 F. Supp. 2d at 306; Mike v. Safeco Ins. Co., 274 F. Supp. 2d 216, 220 (D. Conn. 2003) ("[t]he threshold issue in deciding whether to authorize class notice in an FLSA action is whether the plaintiff has demonstrated that potential class members are similarly situated.") "The strict requirements of Rule 23 of the Federal Rules of Civil Procedure do not apply to FLSA collective actions, and thus no showing of numerosity, typicality, commonality and representativeness need be made. Rather, plaintiffs must meet only one threshold requirement: they must demonstrate that potential class members are 'similarly situated.'" Levinson v. Primedia Inc., 2003 WL 22533428 *1 (S.D.N.Y. Nov. 6, 2003) (internal citation omitted).

Neither the FLSA nor its implementing regulations define the term "similarly situated." Hoffman, 982 F.Supp at 261. However, courts in this Circuit have held that to meet this burden of proof, plaintiffs must make a "modest factual showing sufficient to demonstrate that they and potential plaintiff are victims of a common policy or plan that violated the law." Mike v. Safeco Ins. Co. of Am., 274 F. Supp. 2d 216, 220 (D. Conn. 2003) (emphasis added); Hoffman, 982 F. Supp. at 261.

Courts in this Circuit look to several factors to determine whether members of a putative class are similarly situated, including (1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against notification of the class. Bogosian v. All Am. Concessions, 2008 U.S. Dist. LEXIS 78625 *17 (E.D.N.Y. Sept. 29, 2008).

A plaintiff must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations. Prizmic v. Armour, Inc., 2006 U.S. Dist. LEXIS 42627 *7 (E.D.N.Y. June 12, 2006). Absent such a factual showing, an employer may be "unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense." Id. Thus, "[m]ere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." Camper v. Home Quality Mvnt. Inc., 200 F.R.D. 516, 519 (D. Md. 2000) (citations omitted); see also Rodolico v. Unisys Corp., 199 F.R.D. 468, 480 (E.D.N.Y. 2001) ("at the notice stage, courts 'require …substantial allegations that the putative class members were together the victims of a single decision, policy or plan'") (citations omitted) (emphasis added); Hall v. Burk, 2002 WL 413901, at *2 (N.D. Tex. Mar. 11, 2002) (denying motion for notice because "[u]nsupported assertions of widespread violations are not sufficient to meet Plaintiffs burden") (citation omitted); Jackson v. New York Tele. Co., 163 F.R.D. 429, 432 (S.D.N.Y. 1995) (plaintiffs required to "demonstrate a factual nexus that supports a finding that potential plaintiffs were subjected to a common discriminatory scheme"); Heagney v. European Am. Bank, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (requiring "some identifiable factual nexus which binds

the named plaintiffs and potential class members together as victims of a particular alleged discrimination" quoting Palmer v. Reader's Digest Ass'n., 1986 WL 11458 *1 (S.D.N.Y. Oct. 3, 1986).

## POINT I

### PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AS A COLLECTIVE ACTION MUST BE DENIED

#### A. Plaintiffs have not sufficiently established that there are similarly situated individuals

Plaintiffs, Noel Velasquez ("Velasquez"), Carlos Rivera ("Rivera"), and opt-in plaintiff, Michael Nazario ("Nazario") (collectively "Plaintiffs") allege that they were not paid time and one-half for hours worked in excess of forty (40) each week. They seek conditional certification of this matter as a collective action under 29 U.S.C. § 216(b) and request permission to send a notice to all non-managerial employees of defendants, Digital Page Inc., Cellular Consultants Inc., Cellular Consultants of Nassau, Inc., Cellular Consultants of Nassau St I, Cellular Consultants of Farmingdale, Brandon Haenel, and Robert Pachtman. Plaintiffs identify seven (7) stores allegedly operated by defendants: 65 Main Street, Port Washington, NY, 1011 Port Washington Boulevard, Port Washington, NY, 99 Nassau Street, NY, NY, 4260 Broadway, New York, NY, 514 Union Boulevard, West Islip, NY, 387 Independence Boulevard, Selden, NY, and 1709 Crosby Avenue, Bronx, NY.

The Complaint and the affidavits of the Plaintiffs state that Defendants did not pay plaintiffs an additional half-time for all hours worked each week in excess of forty (40). Plaintiffs' affidavits also state "I have knowledge and belief that the other non-managerial employees also worked over forty (40) hours per week and were not

compensated for <u>any</u> hours over forty (40)." (See Affidavits of Noel Velasquez ¶ 9, Carlos Rivera ¶ 8, Michael Nazzario ¶ 9) (emphasis added). Thus, Plaintiffs state that they were paid straight time and are owed half-time for hours worked in excess of forty (40) each week, but other employees were not paid for <u>any</u> hours worked in excess of forty (40) each week (not even straight time). Based on this distinction, Plaintiffs are not similarly situated to these other individuals since Plaintiffs allegedly were paid straight time for hours worked in excess of forty (40) each week.

Plaintiffs have provided nothing but this conclusory statement that they believe that other non-managerial employees were not properly compensated. This is fatal to Plaintiffs' motion because Plaintiffs have not (1) identified any other non-managerial employees who were not properly compensated, (2) described the basis for Plaintiffs' alleged "knowledge and belief" that other employees have not been properly compensated, or (3) identified the corporations and locations at which the other non-managerial employees worked.

Courts require more than a conclusory allegation that there are other employees who were not properly compensated. In order for a motion for collective action to be granted, at a minimum, affidavits must be submitted that specifically identify other individuals who were subject to the same alleged unlawful policy as plaintiffs, the time period during which the other individuals were not properly compensated, the basis for which the plaintiffs know that other individuals were not properly compensated, the manner in which the other individuals were not properly compensated, and a description of the other individuals' job duties. See <u>Guan Ming Lin v. Benihana Nat'l Corp.</u>, 2010 U.S. Dist. LEXIS 132871, 12-13 (S.D.N.Y. Nov. 9, 2010)(although plaintiff stated that

he observed other similarly situated employees being improperly paid, since he failed to identify any of them, describe how any of them were paid, describe any of their job duties, or identify which defendant restaurant employed them, his allegations were too conclusory to establish the requisite factual nexus with other members of the putative collective action); Eng-Hatcher v. Sprint Nextel Corp., 2009 U.S. Dist. LEXIS 127262 (S.D.N.Y. Nov. 13, 2009)(denying motion for collective action where plaintiff identified five individuals who worked at her store and told plaintiff they were not paid for overtime, but plaintiff provided no information about these conversations and did not identify any individuals at other stores who were not paid overtime); Seever v. Carrols Corp., 528 F. Supp. 2d 159, 173 (W.D.N.Y. 2007)(denying motion for collective action where affidavits in support of the motion were vague as to the material circumstances surrounding the alleged violations, such as whether the acts occurred during the time period relevant to the action); Mendoza v. Casa De Cambio Delgado, Inc., 2008 U.S. Dist. LEXIS 27519, 6-7 (S.D.N.Y. Apr. 7, 2008)(denying motion for collective action where not one affidavit stated a factual nexus with other putative employees); Morales v. Plantworks, Inc., 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y. Feb. 2, 2006)(denying conditional certification based upon plaintiffs' conclusory allegation that "there are over 20 current and former employees that are similarly situated to Plaintiffs and have been denied minimum wage and overtime compensation while working for Defendants"); Barfield v. New York City Health & Hospitals Corp., 2005 U.S. Dist. LEXIS 28884 (S.D.N.Y. Nov. 18, 2005)(denying certification where plaintiff provided "nothing but limited anecdotal hearsay to suggest that there is widespread practice").[2]  Plaintiffs

---

[2] It should be noted that Plaintiffs' counsel in the present case represented the defendants in Vaughan v. Mortg. Source LLC, 2010 U.S. Dist. LEXIS 36615 (E.D.N.Y. Apr. 14, 2010) and opposed a motion for

concede that "identifying similarly situated employees by name" is a requirement for a motion for collective action to be granted.  (See Plaintiffs' Memorandum of Law at 12 citing Rosario v. Valentine Ave. Disc. Store, Co., 2011 U.S. Dist. LEXIS 126634 (E.D.N.Y. Nov. 2, 2011)(affidavits identified other similarly situated employees and described conversations with similarly situated employees); Cano v. Four M Food Corp., 2009 U.S. Dist. LEXIS 7780 (E.D.N.Y. Feb. 3, 2009)(identifying similarly situated individuals and describing knowledge); Wraga v. Marble Lite, Inc., 2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2006)(same).

In this case, plaintiffs have provided absolutely no evidence that other employees were subject to the same unlawful policy as Plaintiffs.  All that Plaintiffs have provided is a conclusory statement that there are other individuals who were not properly compensated.  Plaintiffs do not provide the identity of any of these individuals, state how the Plaintiffs allegedly learned about the facts surrounding these other individuals, or provide any evidence about the hours worked by these individuals or the compensation received by these individuals.  Because Plaintiffs have proffered absolutely no evidence regarding other similarly situated individuals, their motion for a collective action must be denied.

**B**.    **Plaintiffs Cannot Establish a Common Policy or Plan with Regard to All of the Defendants**

---

collective action wherein they relied on Mendoza, Barfield, and Morales for the proposition that plaintiffs must provide more than conclusory allegations and must establish a nexus to similarly situated individuals in order for a collective action to be conditionally certified.  The facts in the present case, unlike in Vaughan, fail to establish any nexus between the Plaintiffs and similarly situated employees.  In Vaughan, unlike the present case, the plaintiff provided an affidavit stating that she personally observed on a daily basis other employees working overtime who were not paid overtime.  The plaintiff's motion was also accompanied by affidavits from 12 other employees claiming that they were not paid for overtime.  In the present case, no such evidence has been provided.

Velasquez allegedly was employed by Cellular Consultants Inc. located at 65 Main Street, Port Washington, NY from January 2008 until January 2011. (Velasquez Aff. ¶¶ 3, 6). Rivera allegedly was employed by Digital Page, Inc. located at 1011 Port Washington Blvd., Port Washington, NY from the end of 2009 until April 1, 2011. (Rivera Aff. ¶ 1).

Nazario states in his affidavit that he worked for Digital Page Inc. located at 99 Nassau Street, New York, NY and 1709 Crosby Avenue, Bronx, NY from January 2010 until August 31, 2010. (Nazario Aff. ¶ 1). However, Digital Page Inc. does business only at 1011 Port Washington Blvd. and not at 99 Nassau Street, New York, NY and 1709 Crosby Avenue, Bronx, NY. (Haenel Decl. ¶ 3). In fact, Nazario was not employed by any of the corporate defendants who have appeared in this action. (Haenel Decl ¶ 4). A collective action cannot be certified as to corporations that are not even named as defendants and do not have notice of the claims against them or the opportunity to respond, as in this case. See In re Asbestos Sch. Litig., 1987 U.S. Dist. LEXIS 7033, at 13 (E.D. Pa. Aug. 3, 1987) (class action certification does not apply to companies that are not defendants in the action).

Plaintiffs seek certification of a collective action with regard to allegedly similarly situated employees of store locations that are not part of any of the named corporate defendants in this matter (i.e., 4260 Broadway, New York, NY, 514 Union Boulevard, West Islip, NY, 387 Independence Boulevard, Selden, NY, 99 Nassau Street, New York, NY and 1709 Crosby Avenue, Bronx, NY). However, there is absolutely no evidence regarding policies pertaining to the payment of wages to employees of these corporations at which Plaintiffs never worked. It is outrageous that Plaintiffs seek such broad notice to

include corporations that are not parties to this action and for which there is no evidence pertaining to compensation policies.

Plaintiffs do not have personal knowledge about the pay practices or the identity of employees who were not properly compensated at locations other than where they worked. Plaintiffs have provided absolutely no evidence that employees at any other locations were not properly compensated. This Court should not accept such meritless attempts to broaden the scope of any collective action notice.

Therefore, even assuming *arguendo* that Plaintiffs have somehow met their burden to establish that a collective action is appropriate for Cellular Consultants Inc. and Digital Page, Inc. (which they have not), the collective action must be limited only to Cellular Consultants Inc. and Digital Page, Inc. See Monger v. Cactus Salon & Spa's LLC, 2009 U.S. Dist. LEXIS 60066 (E.D.N.Y. July 6, 2009)(motion for collective action denied as to other locations because plaintiffs' only evidence that employees working at other locations' were similarly situated was based on plaintiffs' belief that other employees were subject to the same policies; they offered no basis for this belief; they named no individuals at other salons who were similarly situated; and they provided no documentary evidence that policies were the same at other salon locations); Urresta v. MBJ Cafeteria Corp., 2011 U.S. Dist. LEXIS 120126 (S.D.N.Y. Oct. 17, 2011)(motion for collective action as to other locations denied because there was no evidence submitted by employees with direct knowledge of the practices at the other locations); Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346 (E.D.N.Y. 2008) (conditional certification denied with respect to stores owned and operated by Dominos other than the location where the named plaintiffs worked).

**ASSUMING *ARGUENDO* THAT PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION IS GRANTED, PLAINTIFFS' PROPOSED NOTICE
CONTAINS NUMEROUS DEFICIENCIES**

If this Court grants Plaintiffs' motion for conditional class certification (which, as discussed *supra*, it should not), Plaintiffs' proposed notice to putative class members ("notice") contains numerous deficiencies which must be revised.

### A.    The Scope of the Class Is Overly Broad

Plaintiffs' motion seeks certification of a collective action for "all of Defendants' non-managerial employees."  However, there is no evidence that all non-managerial employees are subject to the same common policy or plan.  Velasquez alleges in the Complaint that he was a Sales Associate and states in his affidavit that he was responsible for maintaining the store, sales, and customer service.  Rivera alleges in the Complaint that he was a Communications Specialist and states in his affidavit that he was responsible for maintaining the store, repairing phones, inventory, and sales.  Nazario states in his affidavit that he was a Sales Associate and was responsible for selling phones.  Plaintiffs fail to identify any non-managerial employees who perform work other than the work that they perform.  Accordingly, the notice should be restricted to Sales Associates or Communications Specialists.  See Rosario v. Valentine Ave. Disc. Store, Co., 2011 U.S. Dist. LEXIS 126634 *23 (E.D.N.Y. Nov. 2, 2011) (since plaintiff failed to demonstrate that all non-managerial employees were subject to the same common policy or plan, the class was limited to those employees performing the same tasks as plaintiff).

**B.      The Starting Date for Determining When Notice Should Be Sent
Should Be Based on the Court's Order on the Instant Motion**

Plaintiffs' notice proposes that notice be sent to employees that were employed by

the Defendants three years before the date of the filing of the Complaint (August 12,

2008).  However, courts routinely hold that the notice should be sent to prospective class

members who were employed by defendants beginning on the date of the Court's Order

granting a plaintiff's motion for conditional collective action and going back two (2)

years.  See Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 355 (E.D.N.Y. 2008);

Lee v. ABC Carpet & Home, 236 F.R.D. 193, 199 (S.D.N.Y. 2006); Romero v. Flaum

Appetizing Corp., 2009 U.S. Dist. LEXIS 80498 (S.D.N.Y. Aug. 17, 2009); Doucoure v.

Matlyn Food, Inc., 554 F. Supp. 2d 369, 373 (E.D.N.Y. 2008); Gjurovich v. Emmanuel's

Marketplace, Inc., 282 F. Supp. 2d 91, 98 (S.D.N.Y. 2003); Anglada v. Linens 'n Things,

Inc., 2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. Apr. 26, 2007); Searson v. Concord Mortg.

Corp., 2009 U.S. Dist. LEXIS 88926 (E.D.N.Y. Aug. 31, 2009); Marin v. JMP

Restoration Corp., 09-4020 (E.D.N.Y. January 29, 2010).  Therefore, the Court should

order Notice to be sent to prospective class members who were employed by Defendants

two (2) years preceding the date of the Court's Order granting Plaintiffs' motion for

conditional collective action (not preceding the date of the filing of the Complaint).

**C.      The Time Limit To Opt-In Should Be Limited to 45 Days from the
date of the Notice**

Plaintiffs' notice proposes that individuals to whom the notice is sent have 90

days to opt-in.  However, courts generally restrict the opt-in period to 45 to 60 days.  See

Lujan v. Cabana Mgmt., 2011 U.S. Dist. LEXIS 9542 *44 (E.D.N.Y. Feb. 1, 2011) (45

days) Moore v. Eagle Sanitation, Inc., 2011 U.S. Dist. LEXIS 77126 (E.D.N.Y. July 18,

2011) (Tomlinson, J.)(60 days); <u>Whitehorn v. Wolfgang's Steakhouse, Inc.</u>, 767 F. Supp. 2d 445, 452 (S.D.N.Y. 2011)(60 days).  Therefore, Defendants respectfully request that the notice be revised to require opt-in notices to be sent within 45 days from the date on which conditional certification is granted.

### D. The Notice Should Explain the Consequences of Joining the Action

Courts routinely require the notice to explain that, as a result of joining the lawsuit, the putative class members may be required to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial; and (4) pay costs to Defendants if they do not prevail.  <u>See</u> <u>Moore</u>, 2011 U.S. Dist. LEXIS 77126 *17-18; (<u>Hallissey v. America Online, Inc.</u>, 2008 U.S. Dist LEXIS 18387, *12 (S.D.N.Y. 2008); <u>Guzman v. VLM, Inc.</u>, 2007 U.S. Dist. LEXIS 75817 *23 (E.D.N.Y. Oct. 11, 2007).  Defendants respectfully request that the notice contain this language.

Defendants also request that the notice state "If you choose to join this lawsuit, you will be bound by any decision of the Court, judgment of the Court, or settlement, whether favorable or unfavorable."  See <u>Moore</u>, 2011 U.S. Dist. LEXIS 77126 *18.

### E. Contact Information for Defendants' Counsel Should Be Stated on the Notice

Courts routinely permit the notice to contain the name, address, and telephone number of Defendants' counsel.  <u>See</u> <u>Moore</u>, 2011 U.S. Dist. LEXIS 77126 at 19; <u>Gjurovich</u>, 282 F. Supp. 2d 101 at 108; <u>Cano v. Four M Food Corp.</u>, 2009 U.S. Dist. LEXIS 7780 (E.D.N.Y. Feb. 3, 2009).  Therefore, Defendants respectfully request that their counsel's name, address, and telephone number are included on the notice.

**F.** **Defendants must be able to explain that they believe that a collective action is not warranted**

A collective action gives the impression to class members that there was a widespread failure to pay correct overtime. Defendants want the class members to be aware of their position that it has not been established that every employee who worked for Defendants were paid incorrectly, if any at all. Accordingly, Defendants propose the inclusion of the following language:

> Defendants do not believe that a collective action is proper in this lawsuit and anticipate moving to decertify the collective action at the close of discovery in this matter, as they have the right to do. Defendants do not believe that Plaintiffs have demonstrated the necessary elements required to establish a collective action.

**G.** **The Notice Should Not Reference Employees Rights Under NYLL**

The proposed notice improperly states that the lawsuit claims that defendants violated the New York Labor Law. A collective action is authorized under 29 U.S.C. 216(b) to notify individuals about a potential <u>FLSA</u> claim, not a NYLL claim. This is an attempt by Plaintiff to bootstrap their NYLL claims to the FLSA collective action notice since Plaintiff have not filed a motion for class action under NYLL. Plaintiff's attempt to include additional state claims is nothing more than a thinly veiled attempt to improperly solicit employees for NYLL claims, which should not be permitted. <u>McBeth v. Gabrielli Truck Sales, Ltd.</u>, 2011 U.S. Dist. LEXIS 10398 (EDNY Feb 3, 2011) ("there is no reason to include reference to the pending state law claims in the Notice of Pendency").

**H.** **Reference to the Court authorizing the notice must be excluded**

Plaintiffs propose that the notice include language that it and its contents have been authorized by the Court. Although the end of the notice states that the Court expresses no opinion on the merits of the lawsuit, Defendants prefer the following language "The issue of who is right and who is wrong has not yet been addressed by the Judge and the Judge has no opinion who is right or wrong." Moore, 2011 U.S. Dist. LEXIS 77126 at 18. Defendants also propose that this language be placed under the section on page 1 of the notice that states that the notice has been authorized by the Court, the more appropriate section for this language. See Rosario, 2011 U.S. Dist. LEXIS 126634 at 31.

I. **Reference to the anti-retaliation provision of the Fair Labor Standards Act must be excluded**

Plaintiffs propose the inclusion of the anti-retaliation language of the FLSA. However, the notice must not be a vehicle for communicating proscribed conduct for the purpose of prompting class members to attempt to expand the underlying lawsuit. In this case, there is no evidence of retaliation, and therefore, there is no need for the inclusion of anti-retaliation language.

J. **Opt-In Notices Should Be Returnable to the Court**

Plaintiffs propose having opt-ins send their Consent to Join forms directly to Plaintiffs' counsel. However, "[r]ecent cases in this district have suggested that such a procedure implicitly discourages opt-in plaintiffs from selecting other counsel." Rosario, 2011 U.S. Dist. LEXIS 126634 at 32 quoting Lujan v. Cabana Mgmt., 2011 U.S. Dist. LEXIS 9542 *44 (E.D.N.Y. Feb. 1, 2011)(modifying plaintiffs' proposed notice to direct opt-in plaintiffs to send their consent forms to the court). Accordingly, Defendants

request that the Notice should be modified to direct opt-in plaintiffs to file their Consent to Join forms with the Court.

**POINT III**

**ASSUMING ARGUENDO THAT PLAINTIFFS' MOTION FOR CLASS CERTIFICATION IS GRANTED, PLAINTIFFS' METHOD OF DISSEMINATION OF THE NOTICE CONTAINS DEFICIENCIES**

Defendants object to Plaintiffs' request that Defendants provide Plaintiffs with, *inter alia*, alternate addresses, all phone numbers, last known e-mail addresses, dates of birth, social security numbers, and dates of employment.

Due to privacy concerns, courts do not require the production of this information until a large number of notices are returned as undeliverable. See Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp. 2d 200, 201 (N.D.N.Y. 2009)("[P]laintiffs have no need for the additional, inherently private information sought, including e-mail addresses, telephone numbers, social security numbers, and dates of birth."); Arevalo v. D.J.'s Underground, Inc., 2010 U.S. Dist. LEXIS 109193, at *7 (D. Md. Oct. 13, 2010) (denying plaintiffs' motion to compel defendants to produce phone numbers for the putative plaintiffs); Campbell v. PriceWaterhouse Coopers, LLP, 2008 U.S. Dist. LEXIS 44795, at *7-8 (E.D. Cal. June 5, 2008) (holding that telephone numbers should not be released unless notification of putative plaintiffs by first class mail is insufficient); Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 60 (S.D.N.Y. 2009)(holding no need for social security numbers to be disclosed until there is evidence that a large number of notices are returned as undeliverable); Chowdhury v. Duane Reade, Inc., 2007 U.S. Dist. LEXIS 73853 at *6 (S.D.N.Y. Oct. 2, 2007)(denying production of social security numbers where plaintiff had "not demonstrated that such information will aid in further

reducing the already low number of notices that were returned undeliverable"). Therefore, it is for the Court to order Defendants to produce alternate addresses, telephone numbers, last known e-mail addresses, dates of birth, social security numbers, and dates of employment at this juncture.

Moreover, Rule 7.3 of the New York Rules of Professional Conduct specifically prohibits Plaintiffs' counsel from soliciting potential clients by telephone. See New York Rules of Professional Conduct 7.3. Since it would violate Rule 7.3 of the New York Rules of Professional Conduct for Plaintiffs' counsel to solicit potential opt-ins by telephone, Defendants should not be ordered to produce telephone numbers of its current and former employees who Plaintiffs' counsel does not represent.

Defendants also object to Plaintiffs' proposal that, in addition to distributing the notice via First Class Mail, Defendants post the notice at its business locations. "In selecting the manner of issuing the notice, th[e] court must strike the appropriate balance in ensuring notification to the former [employees] while minimizing disturbance to [the employer's] business." Hallissey, 2008 U.S. Dist. LEXIS 18387 at *9. If Defendants are required to mail the notices to putative class members, it is repetitive, and unwarranted to require Defendants to also post the notice in their workplace since the contact information of current employees will be accurate. See Shajan v. Barolo, Ltd., 2010 U.S. Dist. LEXIS 54581, at *5 (S.D.N.Y. June 2, 2010) ("Since all current employees will be receiving the notice, there is no need to require defendants to post the notice in the workplace."); Han v. Sterling Nat'l Mortg. Co., 2011 U.S. Dist. LEXIS 103453 (E.D.N.Y. Sept. 14, 2011)(premature to require employer to post notice in workplace); Mowdy v. Beneto Bulk Transp., 2008 U.S. Dist. LEXIS 26233, *31-32 (N.D. Cal. 2008)

(refusing to require employer to post notice in workplace). Therefore, Defendants respectfully request that the notices be mailed to the putative class members, and not posted in the workplace.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for conditional certification of this action as a collective action should be denied in its entirety.


Dated: December 5, 2011         **MILMAN LABUDA LAW GROUP PLLC**

<div style="margin-left: 40%;">

/s/ Joseph M. Labuda
Joseph M. Labuda, Esq.
Jamie Felsen, Esq.
Attorneys for Defendants Digital Page, Inc.,
and Cellular Consultants Inc., Brandon
Haenel, and Robert Pachtman
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042
(516) 328-8899

</div>