FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ FEB 0 2 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NOEL VELASQUEZ and CARLOS
RIVERA, individually and on behalf of all
others similarly situated,

                              Plaintiffs,

               -against-

DIGITAL PAGE, INC. d/b/a/, FUSION
WIRELESS; CELLULAR CONSULTANTS,
INC., d/b/a/, FUSION WIRELESS;
CELLULAR CONSULTANTS OF NASSAU,
INC., d/b/a/, FUSION WIRELESS; CELLULAR
CONSULTANTS OF NASSAU ST/1, d/b/a/,
FUSION WIRELESS; CELLULAR
CONSULTANTS OF FARMINGDALE,
d/b/a/, FUSION WIRELESS; BRANDON
HAENEL and ROBERT PACHTMAN,

                              Defendants.

-----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 11-3892

(Wexler, J.)

APPEARANCES:

    VALLI KANE & VAGNINI LLP
    BY: JAMES ALDO VAGNINI, ESQ.
        SUMANTRA T. SUNHA, ESQ.
    Attorneys for Plaintiffs
    600 Old Country Road Suite 519
    Garden City, New York 11530

    MILMAN LABUDA LAW GROUP PLLC
    BY: JOSEPH M. LABUDA, ESQ.
        JAMIE SCOTT FELSEN, ESQ.
    Attorneys for Defendants
    3000 Marcus Avenue, Suite 3W3
    Lake Success, New York 11042

WEXLER, District Judge

This is a case brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 (the "FLSA"), and parallel provisions of New York State law, seeking overtime compensation against the Defendant employers. Plaintiffs Noel Velasquez ("Velasquez") and Carlos Rivera ("Rivera"), commenced the action representing themselves, and seeking to represent a class of persons similarly situated. Shortly after commencement of the lawsuit, Defendants extended to Plaintiffs an offer of judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure (the "Offer"). Arguing that Plaintiffs' rejection of the Offer renders this matter moot, Defendants seek dismissal of this case, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion to dismiss is denied.

## BACKGROUND

I.  Factual Background

The facts set forth below are derived from Plaintiffs' complaint as well as from documents that the parties have properly placed before the court in the context of this motion.

Plaintiffs Velasquez and Rivera (collectively "Plaintiffs") are former employees of Defendants. They commenced this action on August 12, 2011, seeking overtime compensation for themselves and a class of individuals similarly situated. On September 23, 2011, Defense counsel sent an email to Plaintiffs' counsel requesting a demand of all damages sought in this matter. In response, Plaintiffs' counsel indicated that because he did not know of the size and scope of the class, a precise demand could not yet be made. Defense counsel thereafter asked for a calculation as to the damages owed the two named Plaintiffs. Reference was also made to a potential opt-in plaintiff, and Defendants requested that Plaintiffs' counsel provide that

2

individual's identity, and the damages claimed on his behalf. It does not appear that Plaintiffs responded to the request for a specific amount of damages as to any Plaintiff. Instead, Plaintiffs took the consistent position that this matter was being pursued as a collective action and that once the scope and size of the class was ascertained, a demand would be made.

On October 5, 2011, Defendant made the Offer to Plaintiffs, which offered $11,206.58 to Velasquez and $8,050.50 to Rivera. The amounts offered to Plaintiffs are stated to exceed any amounts that Plaintiffs could possibly receive at trial. On the same day that the Offer was made, Plaintiffs' counsel sent a letter to Defense counsel rejecting the offer, and stating that the failure to include class-wide relief made the Offer inappropriate. Plaintiffs asked Defendants to withdraw the Offer and advised Defendants that a motion for conditional class certification would be soon filed. On the same ay that the Offer was made, Michael Nazario ("Nazario" or the "Opt-in Plaintiff") filed a "consent to join collective action," with the court. In that form, Nazario stated that he, like Plaintiffs, was employed by Defendants and did not receive overtime compensation to which he was entitled. Nazario consented to join in this lawsuit and designated Plaintiffs as his agents to make decisions regarding the litigation. Also on October 5, 2011, Defense counsel wrote to this court seeking a pre-motion conference with respect to the present motion.

II. The Motion

As noted, Defendants move for dismissal of this action on the ground that the court lacks subject matter jurisdiction. The motion is based upon the argument that the Offer gives Plaintiffs all damages sought, renders the action moot, and therefore deprives this court of subject matter jurisdiction. Plaintiffs, who have moved for conditional class certification and have already

3

identified one opt-in plaintiff, oppose the motion.

## DISCUSSION

I. Legal Principles

The Constitution limits the jurisdiction of this court to "actual cases and controversies." U.S. Const. Art. III Sec. 2. Where a defendant offers plaintiff all the relief sought, the plaintiff is said to lose his "personal stake" in litigation and the issues in the action are no longer considered "live." Fox v. Board of Trustees of State University of New York, 42 F.3d 135, 140 (2d Cir. 1994); Ambalu v. Rosenblatt, 194 F.R.D. 451, 452 (E.D.N.Y. 2000). Under these circumstances, subject matter jurisdiction ceases to exist and the case is properly dismissed. Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck, 433 F.3d 181, 197-98 (2d Cir. 2005); Fox, 42 F.3d at 140. In such cases, "there is no justification for taking the time of the court and the defendant in the pursuit of minuscule individual claims which defendant has more than satisfied." Abrams v. Interco Inc., 719 F.2d 23, 32 (2d Cir. 1983).

The mootness doctrine has been applied in the context of FLSA collective action overtime cases where defendants have offered the named plaintiff the full relief sought and no other parties have opted in to the action. While the Second Circuit has yet to rule on this issue, district courts in this circuit have held that a Rule 68 offer of full damages, even if rejected, may render the case moot and subject to dismissal. See Ward v. Bank of New York, 455 F. Supp.3d 262, 270 (S.D.N.Y. 2006); Briggs v. Arthur Mott Real Estate LLC, 2006 WL 3314624 *3 (E.D.N.Y. 2006); Vogel v. American Kiosk Management, 371 F. Supp.2d 122, 128 (D. Conn. 2005). Dismissal is ordered because the FLSA plaintiff has identified no other class members and is therefore held to pursue the action only on behalf of himself. Since the individual plaintiff

4

has been offered the full relief sought, the offer of judgment renders the case moot. Ward, 455 F. Supp.3d at 270; Briggs, 2006 WL 3314624 *3; Vogel, 371 F. Supp.2d at 128.

A Rule 68 Offer of judgment does not, however, always render an FLSA overtime case moot. Where additional plaintiffs have opted in to the matter, and the Rule 68 offer does not include those plaintiffs, the offer does not moot the case. E.g., Bah v. Shoe Mania, Inc., 2009 WL 1357223 *2 (S.D.N.Y. 2009); Yeboah v. Central Parking Systems, 2007 WL 3232509 *3 (E.D.N.Y. 2007); see Ward, 455 F. Supp.2d at 268. Additionally, "courts are wary of attempts by defendants to evade FLSA collective actions by making Rule 68 offers of judgment 'at the earliest possible time.'" Ward, 455 F. Supp.2d at 268 (citations omitted).

II. Disposition of the Motion

Plaintiffs raise no issue regarding Defendants' assertion that the damages offered exceed the overtime wages sought. Given the fact that no question is raised as to the damages issue, the question remaining is whether the rejected Rule 68 offer renders this case moot and therefore subject to dismissal.

In view of the facts that an opt-in plaintiff has been identified and a motion for conditional collective action certification has been made, the court holds that this matter is not moot. Accord Bah, 2009 WL 1357223 *2; Yeboah, 2007 WL 3232509 *3. The court is aware of, and distinguishes this matter from its earlier holding in Darboe v. Goodwill Industries of Greater NY & Northern NJ, Inc., 485 F. Supp.2d 221, 223 (E.D.N.Y. 2007). There, the case was pending for more than a year when the Rule 68 offer was made. During the pendency of Darboe, no other plaintiff expressed an interest in joining the collective action, and no motion for conditional certification was made. Id. Here, in contrast, less than two months after

commencement of the action, at least one other potential plaintiff has been identified and Plaintiffs have interposed a motion for conditional certification. The court is aware of the proximity in time among these events. Nonetheless, Plaintiffs counsel has made consistently clear the intent to pursue this matter on a collective basis, and has not been dilatory in seeking conditional certification. The court therefore holds that extending the Offer at this early stage of the litigation does not render this action moot.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is denied. If they have not already done so, counsel are directed to contact the Chambers of the assigned Magistrate Judge to arrange for a conference to schedule the remaining pre-trial proceedings in this matter.

SO ORDERED

*S/L. D. Wexler*
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
February 2, 2012