| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | 4/26/12 |
| | U.S. MAGISTRATE JUDGE | TIME: | 11:30 AM |

*Velasquez, et al. v. Digital Page, Inc., et al.*, **CV 11-3892 (LDW) (AKT)**

TYPE OF CONFERENCE:   **MOTION HEARING/STATUS CONFERENCE**

APPEARANCES:   Plaintiff   James A. Vagnini
                          Justin Levy

              Defendant   Joseph M. Labuda


THE FOLLOWING RULINGS WERE MADE:

The following information contains a summary of the rulings issued at today's hearing. If counsel wish to obtain a more amplified record containing the Court's reasoning for these rulings, counsel may speak with Courtroom Deputy, Edher Montero, to make arrangements to order a copy of the transcript.

1. Plaintiffs' motion for collective action certification [DE 23] is DENIED, without prejudice, for the reasons stated in the record of today's proceeding, including the fact that the definition of the putative collective action members is overly broad and ambiguous and counsel has not made the "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Doucoure v. Matlyn Food, Inc.*, 554 F.Supp.2d 369, 372 (E.D.N.Y. 2008) (quoting *Hoffman v. Sbarro*, 982 F. Supp. 249, 261 (S.D.N.Y. 1197)). Counsel are further referred to *Guan Ming Lin v. Benihana*, 755 F.Supp.2d 504 (S.D.N.Y. 2010) from which the Court quoted extensively today.

2. Notwithstanding the above ruling, and in conjunction with the broad remedial purposes of the FLSA, defendants are directed to provide to plaintiffs' counsel, within ten days, the names, last known addresses and telephone numbers of any employee with the title of "sales associate" or any employee who has performed the work of a sales associate, with or without the title, at any of the four named defendant companies, for the three-year period prior to the commencement of the instant litigation (i.e., from August 2008 until the present). Defendants shall not provide social security numbers or dates of birth. Nor shall plaintiffs' counsel utilize any telephone number for purposes of solicitation of a current or former employee. The phone numbers shall be utilized for purposes of determining the location of such employees.

3. Defendants move to quash four subpoenas [DE 14] served by plaintiffs on non-party ADP Payroll Solutions seeking production of all pay stubs, pay documents, and/or pay records for any individuals employed by the defendants from August 12, 2005 to the present. For the reasons set forth in the record today, the motion to quash is DENIED. However, the subpoena is to be modified. The Court noted that the plaintiffs failed to give proper prior notice to all parties in the litigation under Rule 45 before serving the subpoenas. Any such failure by the plaintiffs going forward will result in the imposition of sanctions.

       However, as has been recognized in the Second Circuit, the failure to give notice does not automatically preclude the document discovery sought. Plaintiffs are directed to notify ADP of the withdrawal of the original subpoenas. Plaintiffs may then serve modified subpoenas, pursuant to the Court's directives, for wage information (excluding any social security numbers and dates of birth) for Noel Velasquez, Carlos Rivera and Michael Nazario ONLY, for the full periods of their employment with one or more of the four defendant companies.

4. With regard to the parties' "Discovery Status Reports" [DE 34, 35] which set forth several areas of dispute, I issued the rulings set forth below. Some of the issues were resolved as a result of the Court's rulings on the two motions addressed above.

- Within ten days, defendants' counsel shall provide plaintiffs' counsel with copies of the financial statements and corporate tax returns which disclose the gross annual revenue or annual dollar volume for each of the four defendant companies. These records may be properly redacted in conjunction with my directives to counsel today.

- Within ten days, defendants' counsel shall provide plaintiffs' counsel with the job titles of the individuals who previously held or currently hold a supervisory role over Noel Velasquez, Carlos Rivera and Michael Nazario only, as well as the store locations where these supervisors worked.

- Objections to discovery demands based on asserted inadmissibility are inappropriate. The scope of discovery under the Federal Rules is broad and just because a document or response may not be admissible at trial does not mean it is not subject to production during discovery. Counsel are to be guided accordingly in their discovery responses.

- Within ten days, plaintiffs are to supplement their Rule 26(a) disclosures to set forth the specific categories of damages they are seeking in this case. To the extent that the plaintiffs are able to quantify any element of these damages, they are to provide the calculation, with a reservation of rights that these numbers are subject to change based upon information which may come to light during discovery.

- Defendants' counsel believes that plaintiffs are withholding documents or declining to answer interrogatories pertaining to the hours they worked and the wages they were paid. Plaintiffs's counsel represent that any documents such as pay stubs which were in the possession of the plaintiffs have been turned over. However, this does not resolve the issue of the interrogatories and plaintiffs are required to set forth responses in the interrogatories regarding the days/hours they claim they worked which entitles them to overtime. Any interrogatories not in conformity with this directive are to be supplemented within ten days. Defendants' counsel may then explore these responses further at the plaintiffs' depositions. I spent some time reviewing with counsel the burden of establishing hours in FLSA cases and how/when that burden shifts.

5. Counsel are reminded that the discovery deadline in this case is June 26, 2012.

                                               SO ORDERED

                                               /s/ A. Kathleen Tomlinson
                                               A. KATHLEEN TOMLINSON
                                               U.S. Magistrate Judge