**UNITED STATES DISTRICT COURT**  **CIVIL CONFERENCE**
**EASTERN DISTRICT OF NEW YORK**  **MINUTE ORDER**

BEFORE: A. KATHLEEN TOMLINSON  DATE: 8/20/2012
U.S. MAGISTRATE JUDGE  TIME: 9:42 a.m. (28 minutes)

*Velasquez, et al v. Digital Page, Inc., et al,*,
**CV 11-3892 (LDW) (AKT)**

TYPE OF CONFERENCE: **MOTION HEARING**

APPEARANCES: Plaintiff Tito Sinha

Defendant Jamie Felsen
Joseph Labuda

FTR: 9:42-10:10

THE FOLLOWING RULINGS WERE MADE:

1. Today's hearing was set on an expedited basis to deal with to motions filed by plaintiffs' counsel in light of depositions which are scheduled to begin today.

   For the reasons set forth in the record during today's conference, the plaintiffs' motion for a protective order [DE 58] with regard to the scope of questioning permitted of opt-in plaintiff Michael Nazario is GRANTED. Defendants are precluded from questioning Mr. Nazario regarding a criminal case currently pending against him in the New York State Supreme Court, Criminal Term, Bronx County.

2. Plaintiffs' counsel has also moved for an Order permitting plaintiffs' counsel to communicate directly with Victor Rezabala who is currently employed by the defendants prior to his deposition. *See* DE 60. For the reasons stated in the record today, plaintiffs' motion is DENIED. However, as to the scope of Mr. Rezabala's deposition, the attorney-client privilege does not protect any facts in this case. In addition, plaintiffs' counsel is free to inquire of Mr. Rezabala regarding any subject matter prior to August 13, 2012 in light of the representation of defendants' counsel that the agreement to represent Mr. Rezabala at his deposition was entered into only last week. This includes any questioning concerning Mr. Rezabala's contacting plaintiffs' counsel on his own initiative regarding this litigation.

3. In the Court's Order dated April 26, 2012, the defendants were directed to provide plaintiffs' counsel, within 10 days, with the names and last on addresses and telephone numbers of any employee with the title of "sales associate" or any employee who had performed the work of a sales associate, with or without the title, at any of the four named defendant companies for the three-year. Prior to the commencement of the instant litigation (i.e., from August 2008 until the present). An issue was raised by the plaintiffs regarding one specific individual who had not been identified and whom both sides have come to learn did in fact perform as a sales associate in the relevant time period prior to being promoted to store manager. I have directed counsel to confer further with their clients to ensure that the defendants understand they are to turn over the above information for any individual who served in the sales associate position at any

time during the period August 2008 to the present, even if the individual served in that position for only a portion of the relevant time period. Defendants have until Friday to provide plaintiffs' counsel with a further response on this issue.

4. Plaintiffs' counsel brought the issue of the attendance of defendant Robert Pachtman at the deposition of opt-in plaintiff Michael Nazario in light of an order of protection which Mr. Pachtman as against Mr. Nazario. I advised both sides that since Mr. Pachtman is a party to this action, he has a right to be present at the deposition. I further directed the parties, since defendants do not object to Mr. Nazario and Mr. Pachtman being in the same room for purposes of the deposition, to confirm this agreement by Stipulation signed by all of the respective parties. Plaintiffs' counsel indicated that the statement would be put on the record at the start of Mr. Nazario's deposition today and that the parties would comply with the Court's directive to enter into and filed on ECF a fully executed formal Stipulation in writing to be "so ordered" by the Court so that all parties are protected.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge