UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NOEL VELASQUEZ and CARLOS RIVERA,
individually and on behalf of all others similarly
situated,

                         Plaintiffs,

          - against -

DIGITAL PAGE, INC. d/b/a FUSION
WIRELESS; CELLULAR CONSULTANTS
INC., d/b/a/, FUSION WIRELESS; CELLULAR
CONSULTANTS OF NASSAU, INC., d/b/a/
FUSION WIRELESS; CELLULAR
CONSULTANTS OF NASSAU ST I, d/b/a/
FUSION WIRELESS; CELLULAR
CONSULTANTS OF FARMINGDALE, d/b/a/
FUSION WIRELESS; BRANDON HAENEL
and ROBERT PACHTMAN,

       Defendants.
-----------------------------------------------------------X

**DECISION AND ORDER**

CV 11-3892 (LDW) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Presently before the Court is Plaintiffs' Letter Motion: (i) for Disclosure of Sales Associate Information; (ii) for Leave to File Conditional Certification Motion; (iii) to Strike Parts of Transcripts from the Depositions of Plaintiffs Velasquez, Rivera and Nazario; and (iv) to Amend/Correct/Supplement Plaintiffs' Complaint. *See* Pls.' Mot. [DE 67].[1]  Defendants oppose the Motion. *See* Defs.' Opp. [DE 68].[2]  For the following reasons, the Court: GRANTS Plaintiffs' Motion for Disclosure of Sales Associate Information; GRANTS Plaintiffs' Motion for Leave to File Conditional Certification Motion; DENIES, without prejudice, Plaintiffs'

---

[1]     Plaintiffs filed these four requests for relief as a single letter motion.

[2]     Since Plaintiffs' letter motion addresses four separate and distinct requests for relief, the Court is granting Defendants' request to exceed the Court's three-page limit for opposition briefs. *See* Defs.' Opp. at 1, n.1.

Motion to Strike Parts of the Transcripts from Depositions of Plaintiffs Velasquez, Rivera and Nazario; and DENIES, without prejudice, Plaintiffs' Motion to Amend/Correct/Supplement Plaintiffs' Complaint.

**I.     BACKGROUND**

On August 12, 2011, Plaintiffs Noel Velasquez and Carlos Rivera brought this action against Defendants Digital Page, Inc., Cellular Consultants Inc., Cellular Consultants of Nassau, Inc., Cellular Consultants of Nassau STI, Cellular Consultants of Farmingdale, Brandon Haenel and Robert Pachtman (collectively, "Defendants") for failing to properly compensate them and others similarly situated for overtime pay in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, New York Labor Law ("NYLL") §§ 650 *et seq.* and the New York Codes, Rules and Regulations § 142-2. ("NYCRR").  *See generally* Compl. [DE 1].  Each of the Defendant entities is alleged to be doing business under the name "Fusion Wireless."  *Id.*  Defendants Haenel and Pachtman are alleged to have an ownership stake in Fusion Wireless.  *Id.* ¶¶ 14-15

**II.    DISCUSSION**

    **A.     Disclosure of Sales Associate Information**

The first Motion relates to the following corporate entities not named as Defendants but whose retail locations Plaintiffs allege did business as Fusion Wireless and/or were previously identified in Plaintiffs' Complaint:  Cellular Consultants of West Islip Inc., Cellular Consultants Ridgewood Inc.,[3] Cellular Consultants Broadway Inc., and Wireless Franchise Corp.  Pls.' Mot. at 1.  Plaintiffs request that the Court direct Defendants to disclose the names, addresses and

---

[3]     Cellular Consultants Ridgewood Inc. is named twice in Plaintiffs' Motion.  Pls.' Mot. at 1.  Therefore, Plaintiffs appear to request Sales Associate information related only to four, not five, business entities.

2

telephone numbers of any employee with the title of "Sales Associate" or any employee who performed the work of Sales Associate, with or without the title, for these corporate entities during the three year period prior to the commencement of this litigation. *Id.* at 1-2.

As an initial matter, the Court notes that none of the entities from which Plaintiffs now seek discovery appear to have been specifically named in the Complaint. Rather, the Complaint lists the addresses of seven Fusion Wireless locations, some of which presumably correspond to the business entities doing business as Fusion Wireless from which Plaintiffs now seek to obtain discovery. *See* Compl. ¶ 32.

Further, the Court has previously discussed this issue on a telephone conference with the parties during the deposition of Defendant Brandon Haenel. DE 66; Excerpts from the Transcript of the Aug. 23, 2012 Deposition of Brandon Haenel ("Haenel Tr."), annexed as Ex. A to Pls.' Mot., 116:6-124:9. At that time, Plaintiffs' counsel wished to question Defendant Haenel regarding Sales Associates who worked at other corporate entities not named as Defendant entities in the Complaint. *See* Haenel Tr. 116:6-124:9. Defendants' counsel objected to questions relating to non-party entities. *Id.* Counsel for Plaintiffs argued that although Plaintiffs had only identified four corporate Defendants in the Complaint, they had also named seven locations affiliated with Defendants in the pleading. *Id.* 119:2-122:24. In addition, Plaintiffs were seeking information as to Sales Associates at the additional locations because the Sales Associates may be potential witnesses or part of the putative class. *Id.* 119:2-122:24. At that time, the Court ruled that because this matter is a collective action, Plaintiffs could engage in discovery regarding Sales Associates at the locations affiliated with Defendants. *Id.* 123:2-124:7. Specifically, the Court stated:

3

> Given the fact that this is a collective action at the outset and given the fact that also based on my familiarity with this case from the prior conferences with the parties as well as the prior rulings that I have made, I'm going to permit inquiry into the seven locations because they were incorporated into the complaint. But the questions obviously are going to be restricted to the sales associates, including identifying who those folks are, and that is fair game at this point, and I would have thought that would have been clear based on my prior rulings . . . With regard to questions regarding those seven locations, the sales associates who may work there, I'm certainly going to allow plaintiffs' counsel to enquire to that extent and not beyond that extent, all right?

*Id.* 123:2-124:7. Subsequent to the Court's ruling, Defendant Haenel identified four Sales Associates by first name. *Id.* 137:5-8. Defendant Haenel also indicated that there were other Sales Associates whose names he could not recall. *Id.* ("Let's see, I don't know all their last names, there is a Billy, there is a Phil, there is an I believe a Louis, Evelina is one, I can't remember them all."). Plaintiffs' Motion followed.

Defendants oppose the request for several reasons. Defs.' Opp. at 1-2. First, Defendants appear to argue that the request should be denied because it does not pertain to the named Defendants. *Id.* at 2. Rather, Defendants assert, the request involves "corporate entities separate and distinct from the defendants in this action that were not named as defendants in this action, and that did not employ the plaintiffs." *Id.* at 2. Next, Defendants contend that the request for these disclosures should be denied because it was made during a deposition and not pursuant to Rule 34. Defs.' Opp. at 2 (citing FED. R. CIV. P. 34). Defendants also claim that Plaintiffs' request is untimely because it was made on August 29, 2012, two days before the close of discovery on August 31, 2012. Defs.' Opp. at 2. Requests for discovery, Defendants maintain, must be made more than thirty days before the close of discovery. *Id.* (citing *Watkins v. Chang & Son Enter.*, No. 08-CV-1361, 2008 WL 4682332, at *1 (E.D.N.Y. Oct. 21, 2008)). Finally,

4

Defendants argue that granting Plaintiffs' motion would require another lengthy extension of discovery deadlines, thereby prejudicing Defendants by having to continue to defend the action due to Plaintiffs' failure to timely prosecute. Defs.' Opp. at 2.

Defendants make no mention of the Court's rulings at the Haenel Deposition. Rather, Defendants point to this Court's Civil Conference Minute Order ("CCMO") of April 27, 2012, which directed Defendants to provide Plaintiffs with information regarding the Sales Associates for the four named Defendant companies. *See* Defs.' Opp. at 1; DE 38. Specifically, the Court directed Defendants to provide "the names, last known addresses and telephone numbers of any employee with the title of 'sales associate' or any employee who has performed the work of a sales associate, with or without title, at any of the four named defendant companies, for the three year period prior to the commencement of the instant litigation (i.e. from August 2008 until the present)." DE 38. Without referring to the Court's rulings at the deposition of Defendant Haenel, Defendants take the position that because the April 27 CCMO referred only to the named Defendant companies, Sales Associate information should be provided for the named Defendant companies only.

With respect to Defendants' arguments regarding the form and timing of Plaintiffs' request, Defendants misconstrue when Plaintiffs requested the Sales Associate information. While Plaintiffs submitted their Motion for Disclosure of Sales Associate Information on August 29, 2012, they also requested the same information they now seek from Defendants on August 23, 2012, eight days before the close of discovery, at the deposition of Defendant Haenel. Pls.' Mot. at 1; *see* Haenel Tr. 116:6-124:9.[4] A district court has broad latitude to determine the

---

[4] During the deposition of Defendant Haenel, Plaintiffs' counsel stated that the information at issue here may have been previously requested from Defendants' counsel even prior to the deposition of Defendant Haenel. Specifically, Plaintiffs' counsel states, "[w]e have only

scope of discovery and to manage the discovery process. *See, e.g., EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008))*.* Under Federal Rule 26(e), a party may be required to correct or supplement discovery responses at the Court's direction. *See* FED. R. CIV. P. 26(e)(1)(B). The Court may direct disclosures in its discretion and "even after the discovery period has closed." *See Star Direct Telecom, Inc. V. Global Crossing Bandwith, Inc.*, 272 F.R.D. 350, 358 (W.D.N.Y 2011) (citing *McKinney v. Connecticut*, No. 3:06CV2055, 2011 WL 166199, at *2 (D. Conn. Jan. 19, 2011) ("fact that discovery has closed has no bearing on [d]efendant's duty to supplement under Rule 26(e)"); *see also Lujan v. Cabana Management, Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012) (obligation to amend prior disclosures and discovery responses continues even after the conclusion of discovery). Courts also have discretion to permit and enforce requests for discovery made informally at depositions (as opposed to formal requests made pursuant to Federal Rule 34). *See Cordius Trust v. Kummerfeld Associates, Inc.*, 658 F. Supp. 2d 512, 516 (S.D.N.Y. 2009) (finding defendant in contempt of court for failing to produce documents requested at a deposition and subsequently ordered to be produced by the court); *Llewellyn v. North American Trading*, No. 93 CIV. 8894, 1997 WL 177878, at *2 (S.D.N.Y. Apr. 11, 1997) (treating oral request at deposition as operative request for production of documents); *Jackson v. Novell, Inc.*, No. 94-CV-3593, 1995 WL 144802, at *1 (S.D.N.Y. Apr. 3, 1995) (granting motion to compel production of documents requested informally at deposition); *Shum Yip (USA) Co. v. Chiu*, No. 92-CV- 1499, 1993 WL 426835, at *3 (S.D.N.Y. Oct. 19, 1993) (oral request at deposition for production of document deemed sufficient). Based on the foregoing, Defendants'

---

identified four corporate defendants and my question went towards . . . who the other sales associates were in those other entities who might be part of a potential class or who might be potential witnesses who now, I think that they were not disclosed as part of the list of witnesses that we received sometime [sic] ago from those . . . other four entities." Haenel Tr. 121:4-21.

6

arguments that Plaintiffs' request for Sales Associate information is untimely and was not made pursuant to Rule 34 are not persuasive.

Further, Rule 26 of the Federal Rules of Civil Procedure provides for the discovery of relevant information that "appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b). "Relevance" under Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc.*, 437 U.S. 340, 351 (1978); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy"); *Barrett v. City of New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable").

The Court finds that Sales Associates employed by the four entities not named as Defendants in this action, but which were nonetheless identified in the Complaint, may have information relevant to this FLSA case. As the Court ruled during the deposition of Defendant Haenel, given the fact that this case was filed as a collective action, Plaintiffs may engage in discovery regarding Sales Associates at all locations affiliated with Defendants. Plaintiffs' Motion for Disclosure of Sales Associate Information is therefore GRANTED. The responsive information is to be provided to Plaintiffs' counsel within 14 days of entry of this Order.

### B. Leave to File Conditional Certification

With respect to Plaintiffs' Motion for Leave to File a Conditional Certification Motion, a review of the docket is helpful:

- Plaintiffs first filed their Motion for Collective Action Certification on December 22, 2011.  DE 22.

- On April 26, 2012, this Court denied Plaintiffs' Motion, without prejudice. DE 38.  The Court found, *inter alia*, that Plaintiffs' definition of the putative collective action members was overly broad and ambiguous, and that counsel had not made the "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."  *Id.* (citing *Doucoure v. Matlyn Food, Inc*., 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008); *Hoffman v. Sbarro*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997); *Guan Ming Lin v. Benihana*, 755 F.Supp.2d 504 (S.D.N.Y. 2010)).   The Court also directed Defendants to provide Plaintiffs' counsel with Sales Associate information for the four named defendants.  DE 38.

- On May 2, 2012, Defendants moved to set aside the Order of April 26.  DE 40-42.

- On June 5, 2012, Judge Wexler denied Defendants' Motion to Set Aside the April 26 Order.  DE 51.

- On June 14, 2012, Defendants requested clarification of Judge Wexler's June 5 Order with regard to the production of information related to the Sales Associates. DE 52.

- On June 18, Judge Wexler affirmed the Order of April 26 in its entirety.  *See* Electronic Order, June 18, 2012.

- Plaintiffs and Defendants continued to engage in motion practice with regard to various discovery issues throughout June, July and August of 2012.  *See* DE 52; DE 56-66.

- Plaintiffs filed their Motion for Leave to File Conditional Certification Motion on August 29, 2012.

Defendants oppose Plaintiffs' Motion for Leave to File Conditional Certification for several reasons.  First, Defendants claim that Plaintiffs should not be permitted to file another motion for conditional certification because discovery has closed.  Defs.' Opp. at 3-4.  Second, Defendants argue that no individuals have opted into this case, so that allowing Plaintiffs leave to re-file their Motion for Conditional Certification "would most likely result in no additional opt-

8

ins." Defs.' Opp. at 4. Third, Defendants contend that Plaintiffs' Motion for Leave to File a Conditional Certification Motion should be denied because Plaintiffs "fail[ed] to timely prosecute their case." Defs.' Opp. at 4.[5]

With respect to Defendants' argument regarding the timing of discovery, Defendants do not cite any case in which a court has precluded the filing of a motion for collective action certification after discovery has closed. Equally important, Plaintiffs had to obtain the Court's permission to file another motion for collective action certification. That request was made as part of this motion, filed on August 29, 2013. The discovery deadline had been extended to August 31, 2013 by Order of this Court dated July 12, 2013. The Court therefore finds the request to be timely, even though the actual briefing schedule might fall beyond that deadline. Moreover, this Court ruled on two prior occasions that Plaintiffs were entitled to identifying information concerning the Sales Associates at the seven locations where Defendants were conducting business, over the objection of Defendants in both instances (*i.e.*, April 26, 2012 Order [DE 38] and during Haenel deposition on August 23, 2012, *see* Haenel Tr. at 123-124, annexed as Ex. A to Plaintiffs' instant letter motion [DE 67-1]). Apparently, Defendants still have not provided the information and consequently should hardly be heard to complain regarding timely compliance.

---

[5] The Court also notes that Defendants appear to be arguing that this action should be dismissed (*i.e.*, ". . . Moreover in Darboe v. Goodwill Indus. of Greater NY & N. NJ, 485 F. Supp. 2d 221 (E.D.N.Y. 2007) the Court dismissed the Complaint as moot where the case had been pending for more than a year without being certified as a collective action and plaintiffs made a Rule 68 Offer of Judgment that the plaintiff rejected."). Defs.' Mot. at 4. The Court notes that in his decision on Defendants' Motion to Dismiss, Judge Wexler distinguished *Darboe* from the present matter. *See Velasquez v. Digital Page, Inc.*, 842 F. Supp. 2d 486, 488-89 (E.D.N.Y. 2012) ("Here, in contrast [to *Darboe*], less than two months after commencement of the action, at least one other potential plaintiff has been identified and plaintiffs have interposed a motion for conditional certification.").

9

Even if the Court were to accept Defendants' contentions, none of the cases cited by the Defendants in this section of their opposition papers stand for the proposition that motions for conditional certification may not be filed after the close of discovery. Defendants point to *Meyers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2012), *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438 (S.D.N.Y. 2012) and *Lujan v. Cabana Mgmt.*, No. 10-CV-755, 2011 WL 317984 (E.D.N.Y. Feb. 1, 2011) -- cases which simply outline the general two-step process for conditional certification. In general, courts first make an initial determination to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs. *See, e.g., Meyers*, 624 F.3d at 554-55. Subsequently, on a fuller record, the court then determines whether the case should proceed as a collective action by examining whether the opt-in plaintiffs are, in fact, similarly situated to the named plaintiffs. *Id*. No case is cited to support Defendants' proposition that the filing of a Conditional Certification Motion after the close of discovery is prohibited -- nor is this Court aware of any such prohibition. Rather, courts commonly allow motions for collective action certification to proceed after the close of discovery, or after substantial discovery has been undertaken, especially where, as here, an original motion for class certification has been denied. *See, e.g., Pippins v. KPMG LLP*, 279 F.R.D. 245, 248 (S.D.N.Y. 2012) (noting that, were the court to deny plaintiffs' motion seeking conditional certification, plaintiffs could "move for reconsideration at the close of discovery") (citing *Mendoza v. Casa De Cambio Delgado, Inc.*, No. 07 Civ. 2579, 2008 WL 3399067, at *12 (S.D.N.Y. Aug. 12, 2008) (granting plaintiffs' renewed motion for conditional certification after additional discovery, including where several depositions had been taken and numerous documents were produced, where the initial motion for conditional class certification was denied)); *see also*

*Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 402 n.3 (S.D.N.Y. 2012) (examining motion for conditional certification where substantial discovery had already been conducted); *Cunningham v. Electronic Data Systems Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (same); *accord Prizmic v. Armour, Inc.*, No. 06-CV-2503, 2006 WL 1662614, at *3 (E.D.N.Y. June 12, 2006) (noting that where conditional certification is denied, courts may allow discovery to provide plaintiffs a second opportunity to obtain sufficient evidence to warrant conditional certification).

With respect to Defendants' contention that allowing Plaintiffs leave to re-file their Motion for Conditional Certification "would most likely result in no additional opt-ins," the Court will not speculate as to the outcome of any potential Motion for Conditional Certification. Nor have the Defendants offered any factual basis for this conclusory assertion.

Finally, with regard to Defendants' argument that Plaintiffs have not timely prosecuted this case, the Court finds that there is sufficient responsibility on both sides for the delays in completing discovery. Plaintiffs argue that: (i) Defendants were unavailable for depositions until the week of August 20, less than two weeks before the close of discovery; (ii) Defendants did not timely disclose the identities and contact information for the Sales Associates to be deposed, including, for example, Victor Rezabala; and (iii) Defendants have not disclosed Sales Associate information for the corporate entities affiliated with Defendants. Pls.' Mot. at 2. In response, Defendants point to the fact that (i) Plaintiffs only noticed depositions on August 13-15, two weeks before the close of discovery, and (ii) Plaintiffs have long been aware of Mr. Rezabala, since he was named by opt-in Plaintiff Michael Nazario in his response to Defendants' First Set of Interrogatories. Defs.' Opp. at 4-5.

Taking the totality of the circumstances into account, Plaintiffs have not failed to timely prosecute their case. This Court denied Plaintiffs' initial Motion for Conditional Certification *without prejudice*, indicating that Plaintiffs may be permitted to re-file their Motion at a later date. DE 38. Judge Wexler denied Defendants' Motion to Set Aside this Court's April 26, 2012 Order denying Plaintiffs' Motion for Conditional Certification on June 5 (DE 51); Judge Wexler confirmed that the April 26, 2012 Order was affirmed in its entirety on June 18 (Electronic Order, June 18, 2012). The parties were engaged in various discovery disputes throughout June, July and August. Ultimately, Plaintiffs filed their Motion for Leave to File Conditional Certification before the close of discovery on August 31, 2012. As Judge Wexler has previously ruled in this matter, Plaintiffs' counsel has made "consistently clear the intent to pursue this matter on a collective basis." *See Velasquez v. Digital Page, Inc.*, 842 F. Supp. 2d 486, 488-89 (E.D.N.Y. 2012). Given the foregoing, Plaintiffs' Motion for Leave to File Conditional Certification Motion is GRANTED. The parties shall observe the following briefing schedule upon receipt of the Sales Associate information directed in Section IIB of this Decision and Order:

- Plaintiffs' motion papers and memorandum of law to be served and filed by April 17, 2013;

- Defendants' opposition papers and memorandum of law to be served and filed by May 8, 2013;

- Plaintiffs' reply papers, if any, to be served and filed by May 17, 2013.

**C.    Motion to Strike Parts of Transcripts from Depositions of Plaintiffs Velasquez, Rivera and Nazario**

Plaintiffs request that the Court strike from the record portions of the deposition testimony of Plaintiffs Noel Velasquez, Carlos Rivera, and opt-in Plaintiff Michael Nazario

regarding whether Plaintiffs reported for taxation purposes cash payments made to them by Defendants for commissions earned. Pls.' Mot. at 3. Plaintiffs argue that the Court prohibited Plaintiffs from conducting a similar line of questioning regarding Defendants' reporting of income for taxation purposes at the deposition of Defendant Haenel, and, therefore, should strike similar questioning posed during Plaintiffs' depositions. *Id.*

During the Haenel deposition, counsel got into a dispute regarding a certain line of questioning, as a result of which the attorneys called the Court. The Court made a preliminary ruling on a telephone conference call regarding questions posed to Defendant Haenel regarding payroll tax payments and taxes paid by the respective corporations. Haenel Tr. 126:5-9. Noting that such line of inquiry was preliminarily "off limits," *id.*126:5-9, the Court concluded that "I am directing you for now to stay away from the issues regarding what was or wasn't reported to the taxing authorities, and if necessary that can be taken up at another time." *Id.* 129:23-130:5. During the telephone call with the Court, Plaintiffs' counsel conveyed that Defendants' counsel conducted a similar line of questioning at the depositions of Plaintiffs earlier that week. Plaintiffs' counsel asked that those questions and Plaintiffs' answers be stricken from the record. *Id.* 128:9-20 ("[D]efendants' counsel asked specifically whether [Plaintiffs] got commissions in cash and whether they reported it to the taxing authorities. And to the extent that such questions are not permissible, I would request that those questions and answers be stricken ... from [Plaintiffs'] transcripts."). The Court declined to rule on the issue during the telephone call, indicating that Plaintiffs would need to file a developed motion seeking that relief. *See id.*, 128: 21-129:4. The instant Motion incorporates this request for relief as well.

Defendants argue that Plaintiffs' Motion to Strike should be denied because Plaintiffs' counsel did not object to the line of questioning posed by Defendants' counsel at Plaintiffs' depositions, pursuant to Federal Rule 30(d). Defs.' Opp. at 5 (citing FED. R. CIV. P. 30(d)). Defendants also claim that there is no legal authority which would allow the Court to strike Plaintiffs' deposition testimony, and that the specific testimony is relevant since it bears on Plaintiffs' reputation for truthfulness. *Id.* Finally, Defendants claim that Plaintiffs' request is premature and should be decided at trial. *Id.*

As noted, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *See, e.g., EM Ltd.*, 695 F.3d at 207. There is a reasonable basis for the proposition that the relief sought here may be better left to a motion *in limine* so that Judge Wexler and the parties have an amplified record in which to consider the motion. However, courts may also entertain motions to strike deposition testimony in advance of trial. *See, e.g., Williams Advanced Materials, Inc. v. Target Technology Co., LLC*, No. 03-CV-00276, 2009 WL 3644357, at *10 (W.D.N.Y. Oct. 28, 2009) (denying as moot defendant's motion to strike deposition testimony advanced in support of motion to dismiss that was also denied, with right to renew at a later date should deposition testimony become relevant); *Discovision Associates v. Toshiba Corp.*, No. 08cv3693, 2009 WL 1373915, at *1 n.1 (S.D.N.Y. May 18, 2009) (denying as moot motion to strike deposition testimony filed in support of motion for summary judgment); *Major League Baseball Properties, Inc. v. Opening Day Productions*, No. 96-CV-7078, 1997 WL 525482, at *7 (S.D.N.Y. Aug. 2, 1997) (granting third-party defendants' motion to strike deposition testimony filed with motion to dismiss).

Defendants cite two cases to support their argument that there is no legal authority which would allow this Court to grant Plaintiffs' Motion to Strike, namely, *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724 (S.D.N.Y. 2012), and *Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670 (S.D.N.Y. 2001)). *See* Defs.' Opp. at 5. In *Wolk*, the court included in its 32-page opinion two brief sentences regarding the plaintiff's motion to strike certain deposition testimony: "On April 11, 2011, Wolk filed a motion to strike deposition testimony of Plaintiff's licensing agent and information relating to Plaintiff's expert. Finding no bases under the Rules of Civil Procedure for this request, the Court denied Plaintiff's motion." *Wolk*, 840 F. Supp. 2d at 729. *Wolk* does not appear to involve testimony regarding alleged non-reporting of income to a taxing authority, nor does it stand for the proposition that a court may never strike deposition testimony. *See id.* Rather, the court in *Wolk* merely found no basis for striking the deposition testimony at issue in that case. *See id.*

Defendants' reliance on *Chamblee*, however, is more persuasive. *See* Defs.' Opp. at 5 (citing *Chamblee*, 154 F. Supp. 2d 670). In that personal injury action, the court denied plaintiff's pre-trial motion to exclude evidence that she did not pay income taxes over the course of several years. *Chamblee*, 145 F. Supp. 2d at 681. The court noted that, while the evidence was not relevant to the claims at issue, Federal Rule of Evidence 608(b) allows for cross examination on specific instances of misconduct related to the witnesses' character for truthfulness or untruthfulness. *Id.* The court held that "[e]vidence that a witness has failed, for years, to file a tax return is a matter which affects the witnesses's credibility." *Id.* The court concluded that Plaintiff's testimony at trial would be extraordinarily important, and that evidence

15

of her failure to pay taxes was admissible for impeachment purposes as it bore directly on her reputation for truthfulness. *Id.*[5]

Plaintiffs' counsel made no objections during Plaintiffs' depositions to the line of questioning at issue here. The Court further notes that under Federal Rule 608(b), the Court "may" allow inquiry into specific instances of misconduct, and that this decision is entirely within the "discretion of the court." *See* FED. R. EVID. 608(b). However, the Court cautions that balancing issues under Federal Rule of Evidence 403 will likely need to be addressed depending on the circumstances of the case as it develops at trial. The reality here is that Defendants' counsel sought a ruling from the Court during the deposition of his witness, Brandon Haenel. Plaintiffs' counsel did not do so during the deposition of his clients Velasquez, Rivera and Nazario. Nor is there any indication that Plaintiffs' counsel objected to questions at the time they were asked. This omission does not provide the Court, on its face, with justifiable grounds to strike the responses. Moreover, while questions regarding a party or a witnesses' failure to pay taxes are not directly relevant to the underlying causes of action in this FLSA case, they *may* be admissible at trial for impeachment purposes where a party or witness testifies. Therefore, the Court declines to strike portions of the transcripts from the depositions of Plaintiffs Velasquez, Rivera and Nazario. However, this Court's ruling does not preclude the Plaintiffs from making a similar application to Judge Wexler prior to or at trial, nor does it preclude Plaintiffs from

---

[5] The Court notes a line of cases in this district with similar rulings. *See Jean Laurent v. Hennesy*, 840 F. Supp. 2d 529, 553 (E.D.N.Y. 2011) (granting defendants' motion *in limine* permitting defendants to cross examine plaintiff regarding his failure to pay income taxes); *Edwards v. City of New York*, No. 08-2199, 2011 WL 2748665, at *4 (E.D.N.Y. July 13, 2011) (granting motion *in limine* allowing defendant to question plaintiff at trial on his failure to file income tax returns for six years, pursuant to Federal Rule of Evidence 608(b)); *Mischalski v. Ford Motor Co.*, 935 F. Supp. 203, 208 (E.D.N.Y. 1996) (granting defendant's motion *in limine* to cross-examine plaintiff concerning his failure to file tax returns for impeachment purposes bearing directly on propensity for truthfulness should plaintiff take the stand).

seeking a ruling from Judge Wexler that Plaintiffs be permitted to inquire into Defendants' payment of payroll taxes or other corporate taxes at the time of trial (since Plaintiffs' counsel was instructed to "stay away for now" from this line of questioning).

### D. Motion to Amend

Finally, Plaintiffs move—in a single paragraph—to amend, correct, or supplement the Complaint. As counsel have been advised previously, motions to add parties or amend the pleadings cannot be made by letter motion. Therefore, Plaintiffs' "motion" is DENIED, without prejudice. If Plaintiffs intend to pursue motion practice on this issue, the motion must be served and filed by April 3, 2013. This date will not be extended.

### III. CONCLUSION

For the reasons discussed above, the Court issues the following rulings:

1. Plaintiffs' Motion for Disclosure of Sales Associate Information is GRANTED. Defendants are directed to disclose the names, addresses and telephone numbers of any employee with the title of "Sales Associate" or any employee who performed the work of Sales Associate, with or without the title, for not only the named Defendant entities, but also for the four entities not named as Defendants but which were nonetheless identified in the Complaint. The relevant time frame is the three-year period prior to the commencement of this litigation.

2. Plaintiffs' Motion for Leave to File Conditional Certification Motion is GRANTED. The briefing schedule is as follows:

    - Plaintiffs' motion papers and memorandum of law to be served and filed by April 17, 2013;

    - Defendants' opposition papers and memorandum of law to be served and filed by May 8, 2013;

    - Plaintiffs' reply papers, if any, to be served and filed by May 17, 2013.

3. Plaintiffs' Motion to Strike Parts of Transcripts from the Depositions of Plaintiffs Velasquez, Rivera and Nazario is DENIED, without prejudice.

    4.      Plaintiffs' "motion" to amend, correct, or supplement the Complaint is DENIED, without prejudice.  Should Plaintiffs proceed with motion practice, the motion must be served and filed by April 3, 2013, or Plaintiffs' right to do so will be deemed waived.

                                      **SO ORDERED.**

Dated: Central Islip, New York
March 20, 2013

                                      <u>/s/ A. Kathleen Tomlinson</u>
                                      A. KATHLEEN TOMLINSON
                                      U.S. Magistrate Judge