UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NOEL VELASQUEZ and CARLOS
RIVERA, individually and on behalf of all
others similarly situated,

                              Plaintiffs,

                 -against-

DIGITAL PAGE, INC. d/b/a/, FUSION
WIRELESS; CELLULAR CONSULTANTS,
INC., d/b/a/, FUSION WIRELESS;
CELLULAR CONSULTANTS OF NASSAU,
INC., d/b/a/, FUSION WIRELESS; CELLULAR
CONSULTANTS OF NASSAU ST/1, d/b/a/,
FUSION WIRELESS; CELLULAR
CONSULTANTS OF FARMINGDALE,
d/b/a/, FUSION WIRELESS; BRANDON
HAENEL and ROBERT PACHTMAN,

                              Defendants.
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 11 2013 ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 11-3892

(Wexler, J.)

APPEARANCES:

    VALLI KANE & VAGNINI LLP
    BY: JAMES ALDO VAGNINI, ESQ.,
    SUMANTRA T. SUNHA, ESQ.
    Attorneys for Plaintiffs
    600 Old Country Road Suite 519
    Garden City, New York 11530

    MILMAN LABUDA LAW GROUP PLLC
    BY: JOSEPH M. LABUDA, ESQ.,
    JAMIE SCOTT FELSEN, ESQ.
    Attorneys for Defendants
    3000 Marcus Avenue, Suite 3W3
    Lake Success, New York 11042

1

WEXLER, District Judge

This is a case brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 (the "FLSA"), and parallel provisions of New York State law, seeking overtime compensation against the Defendant employers. Plaintiffs Noel Velasquez ("Velasquez") and Carlos Rivera ("Rivera"), commenced the action representing themselves, and seeking to represent a class of persons similarly situated.

Presently before the court is Defendants' motion, pursuant to Rule 72 of the Federal Rules of Civil Procedure, to set aside an order of Magistrate Judge A. Kathleen Tomlinson, dated May 20, 2013. (the "Order"). The Order directs Defendants to provide information regarding sales associates employed at all locations affiliated with Defendants. The Order further grants Plaintiffs leave to file a motion for conditional class certification.[1]

## Discussion

### I. Standard of Review

The Order is a non-dispositive order. Pursuant to Rule 72 of the Federal Rules of Civil Procedure this court shall modify or set aside any part of the Order that is "clearly erroneous or contrary to law." FRCP 72(a).

### II. Disposition of the Motion

This court has reviewed Defendants' objections, and concludes, as set forth below, that the Order should be affirmed.

---

[1] The Order also denies Plaintiffs' motion to strike parts of depositions transcripts and their motion to amend, correct or supplement the complaint. These rulings are not the subject of the objections that are presently before the court.

A.  Sales Associate Information

Defendants' objection to the disclosure of sales associate information argues that the request for such information was untimely and improper. As to the propriety of the request, Defendants assert that the entities from which information is sought are not named specifically in the Complaint. As noted by Magistrate Judge Tomlinson, discovery as to the unnamed entities is appropriate because they have long been referred to in Plaintiffs' complaint, and associates in those locations could be potential witnesses or part of the putative class. As such, discovery as to these individuals is proper under the Federal Rules. As to timeliness, the request for sales associate information was timely made, prior to the close of discovery during the deposition of one of the named individual Defendants. It was well-within the discretion of Magistrate Judge Tomlinson to hold the request timely made. In view of the court's holding that the sales association information is both within the bounds of discovery and timely made, the court holds that the ruling of Magistrate Judge Tomlinson regarding this information was neither clearly erroneous nor contrary to law. The court therefore denies Defendants' objection to the requirement that they disclose sales associate information.

B.  Motion for Conditional Class Certification

Defendants also object on timeliness grounds to Magistrate Judge Tomlinson's grant of Plaintiffs' request to file a motion for conditional class certification. The court has reviewed the docket in this matter, as outlined in the Order, and agrees with the Magistrate Judge as to the timeliness of the Plaintiffs' request. Accordingly, the court finds no error in the Order with respect to the grant of the request to move for conditional class certification.

## CONCLUSION

For the foregoing reasons, the court overrules Defendants' objections to the March 20, 2013 Order of Magistrate Judge Tomlinson. Defendants shall comply with the Order as follows. The sales associate information is to be provided to Plaintiff's counsel within two weeks of the date of this Memorandum and Order. Plaintiff's motion for conditional class certification is to be served by June 27, 2013. Defendants shall respond by July 15, 2013, and Plaintiff shall reply by July 22, 2013. Once fully briefed, the motion shall be deemed referred to Magistrate Judge Tomlinson. The Clerk of the Court is directed to terminate the motion appearing at docket entry number 79 in this matter.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
June //, 2013