UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NOEL VELASQUEZ and CARLOS
RIVERA, individually and on behalf of all
others similarly situated,

                              MEMORANDUM AND ORDER

           Plaintiffs,                CV 11-3892

      -against-                   (Wexler, J.)

DIGITAL PAGE, INC. d/b/a/, FUSION
WIRELESS; CELLULAR CONSULTANTS,
INC., d/b/a/, FUSION WIRELESS;
CELLULAR CONSULTANTS OF NASSAU,
INC., d/b/a/, FUSION WIRELESS; CELLULAR
CONSULTANTS OF NASSAU ST/1, d/b/a/,
FUSION WIRELESS; CELLULAR
CONSULTANTS OF FARMINGDALE,
d/b/a/, FUSION WIRELESS; BRANDON
HAENEL and ROBERT PACHTMAN,

                      Defendants.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ JUL 08 2013 ★
LONG ISLAND OFFICE

APPEARANCES:

      VALLI KANE & VAGNINI LLP
      BY: JAMES ALDO VAGNINI, ESQ., SUMANTRA T. SUNHA, ESQ.
      Attorneys for Plaintiffs
      600 Old Country Road Suite 519
      Garden City, New York 11530

      MILMAN LABUDA LAW GROUP PLLC
      BY: JOSEPH M. LABUDA, ESQ., JAMIE SCOTT FELSEN, ESQ.
      Attorneys for Defendants
      3000 Marcus Avenue, Suite 3W3
      Lake Success, New York 11042

1

WEXLER, District Judge[1]

This is a case brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 (the "FLSA"), and parallel provisions of New York State law, seeking overtime compensation against the Defendant employers. Plaintiffs Noel Velasquez ("Velasquez") and Carlos Rivera ("Rivera," collectively "Plaintiffs") commenced the action representing themselves, and seeking to represent a class of persons similarly situated.

Shortly after commencement of the lawsuit, Defendants extended to Plaintiffs an offer of judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure (the "Offer"). Arguing that Plaintiffs' rejection of the Offer rendered this matter moot, Defendants sought dismissal. In a Memorandum and Order dated February 2, 2012, this court denied the motion to dismiss. See Velasquez v. Digital Page, Inc., 842 F. Supp. 2d 486 (E.D.N.Y. 2012). Presently before the court is Defendants' request that this court reconsider that dismissal in light of the Supreme Court's April 16, 2013 ruling in Genesis Healthcare Corp. v. Symczyk, 133 S. Ct.1523 (2013). For the reasons set forth below, the request is denied.

## BACKGROUND

I.  Factual Background

Plaintiffs commenced this action on August 12, 2011. As noted, they style their claims as a collective action, seeking to represent themselves and individuals similarly situated. On October 5, 2011, Defendants extended the Offer to Plaintiffs, which they promptly rejected. On the same day, Plaintiffs filed a notice that Michael Nazario ("Nazario") opted in to be a member

---

[1] The court acknowledges the assistance of Emily B. Cooper, a first year law student at Benjamin N. Cardozo School of Law for her assistance in the research and drafting of this opinion.

2

of the collective action. Five days later, Defendants extended a Rule 68 offer of judgment for Nazario's claim. Like the named Plaintiffs, Nazario rejected the offer.

On December 22, 2011, Plaintiffs moved, pursuant to 29 USC § 216(b), to certify this matter as an FLSA collective action. On the same day, Defendants moved to dismiss Plaintiffs' action on the ground that its Rule 68 offers mooted all of Plaintiffs' claims. Defendants argued that the loss of Plaintiffs' personal stake in this litigation deprived Plaintiffs of the Constitutional standing required to continue to pursue this action. As noted, this court denied the motion to dismiss, holding that the Plaintiffs' rejection of the offers of judgment did not render the action moot. Velasquez v. Digital Page, Inc., 842 F. Supp. 2d 486 (E.D.N.Y. 2012).

## II. The Present Motion

As noted, Defendants seek to have this court reconsider its denial of Defendants' motion to dismiss in light of the Supreme Court's decision in Genesis Healthcare Corp. v. Symczyk, 133 S. Ct.1523 (2013). Defendants read that case to require dismissal here on the ground of mootness. Plaintiffs, on the other hand, argue that the Supreme Court's holding in Genesis does not alter this court's previous findings, as the facts and procedural history are distinguishable. After discussing the holding in Genesis, the court will turn to consider whether that decision requires dismissal.

## DISCUSSION

### I. Genesis Healthcare Corp. v. Symczyk

In Genesis Healthcare Corp. v. Symczyk, 133 S. Ct.1523 (2013), Plaintiff commenced a FLSA individual action, with the intent to pursue a collective action. Defendants made a Rule 68 offer of judgment simultaneous with their answer to Plaintiff's complaint. Plaintiff failed to respond to the offer within the time frame set by Defendant, who thereafter moved to dismiss. In

3

support of the motion, defendant in Genesis argued that because plaintiff was offered full relief on her individual damages claim she no longer had a personal stake in the suit, rendering it moot. The district court agreed, holding that the Rule 68 offer of judgment mooted plaintiff's suit. Symczyk v. Genesis Healthcare Corp., 2010 WL 2038676 (E.D. Pa. 2010). The Court of Appeals reversed, holding that the collective action was not moot, and characterizing defendant's Rule 68 offer as an improper calculated attempt to "pick off" Plaintiffs from collective action suits. Symczyk v. Genesis Healthcare Corp., 656 F.3d 189 (3d Cir. 2011). The Supreme Court granted certiorari.

Accepting the unappealed finding of the lower court that the Plaintiff's claim was moot, the Supreme Court held that plaintiff had no personal stake in the action, rendering it properly dismissible as moot. Genesis, 133 S. Ct. at 1528-29. This request for reconsideration followed.

II. Disposition of the Motion

A. Genesis is Not Dispositive

In Genesis, the district court found that plaintiff's claim was moot. No party appealed that finding, and the Supreme Court therefore accepted, as a matter of fact, that the Plaintiff's individual claim—the only claim in the lawsuit—was moot. Here, unlike in Genesis, the record fails to indicate conclusively that the individual claims of each Plaintiff (including that of Nazario) have been made moot because of Defendants' Rule 68 offers. The Plaintiffs have not only rejected the offers, but each has also disputed their sufficiency. These distinguishing facts render the decision in Genesis non-dispositive.

Moreover, the Supreme Court's specific assertion in Genesis that it was not deciding the broader issue of whether a rejected Rule 68 offer would always render a plaintiff's individual claim moot also renders that case non-dispositive. As specifically stated by the Supreme Court in

4

Genesis, "[w]hile the Courts of Appeals disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot, *we do not reach this question, or resolve the split, because the issue is not properly before us.*" Genesis at 1528 (emphasis added). Instead, as noted above, the Supreme Court, relying on the district court's finding, noted that it would "assume without deciding" that the Defendant's Rule 68 offer mooted Plaintiff's individual claim. Genesis at 1529. Accord Chen v. Allstate Ins. Co., 2013 WL 2558012 *6 (N.D. Cal. June 10, 2013) (noting that in Genesis, the "plaintiff herself had conceded mootness). Because Genesis made no broad ruling regarding Rule 68 offers in general, it cannot be relied upon to change the decision previously reached here.

      B.     Implication of Genesis

While the Supreme Court's decision in Genesis does not require a result different from that previously reached herein, the rulings in that case may ultimately prove important in the disposition of this, and other FLSA actions. Importantly, the Genesis Court rejected completely any argument that an otherwise moot case remains alive merely because of the presence of FLSA collective action allegations. In this regard, the Court drew a critical distinction between FLSA collective actions, certified for the purpose of giving notice to potential opt-in members, and class actions commenced pursuant to Rule 23 of the Federal Rules of Civil Procedure. While noting that Rule 23 classes acquire independent legal status after certification, the Court afforded no such status to FLSA collective actions. Genesis, 133 S. Ct. at 1530. Indeed, the Court went so far as to hold that even certification of a collective class (presumably with no opt-in plaintiffs) would not render an otherwise moot case viable. Id. at 1529. Thus, in the future, motions for FLSA class certification, or even eventual certification of a collective class, will not, standing alone, save an otherwise moot case from dismissal.

Perhaps even more importantly, the Supreme Court found no support in its prior decisions for the proposition that a FLSA case must be allowed to proceed where Defendants make offers of judgment in an attempt to "pick off" plaintiffs to avoid facing a collective action. The Court characterized previous discussions of "picking off" plaintiffs as mere dicta, "tethered to the unique significance of certification decisions in class-action proceedings." Genesis, 133 S. Ct. at 1532 Such cases were therefore characterized as not binding in those brought under the collective action provision of the FLSA. Id.(discussing limitations of, inter alia, Deposit Guaranty Nat. Bank v. Roper, 445 U.S. 326 (1980)). Thus, in light of Genesis, there is a question as to the continuing viability of the "picking off" theory in any action other than those sought to be certified under Rule 23. Accord Chen, 2013 WL 2558012 at *6-7 (N.D. Cal. June 10, 2013) (noting Supreme Court's rejection of "picking off" theory).

## CONCLUSION

For the foregoing reasons, the court denies the request to reconsider its denial of Defendants' motion to dismiss. The previously granted stay of this court's order of June 11, 2013 is hereby lifted. Counsel are to directed to confer and communicate to the Court, within one week of this order, a mutually agreeable schedule for the production of documents, filing of Plaintiffs' motion to amend and their motion for collective action certification.

SO ORDERED

s/ Leonard D. Wexler

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
~~June~~ July 8, 2013