

*Valli Kane & Vagnini*

*Attorneys at Law*

---

600 Old Country Road
Suite 519
Garden City, NY 11530

July 15, 2013

Tel: 516-203-7180
Fax: 516-706-0248
www.vkvlawyers.com

**VIA ECF and FIRST CLASS DELIVERY**

Hon. Leonard D. Wexler, U.S.D.J.
United States District Court, Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

      **Re:**   **Velasquez, et al. v. Digital Page, et al.**
             Docket No. 11-CV-3892 (LDW)(AKT)

Dear Honorable Judge Wexler,

      Our office represents the Plaintiffs in the above referenced matter. We write to oppose Defendants' July 9, 2013 letter motion requesting a pre-motion conference regarding their intent to file a motion for reconsideration of the Court's July 8, 2013 Memorandum and Order which itself denied Defendants' April 17, 2013 motion for reconsideration of the Court's February 2, 2012 Order denying Defendants' motion to dismiss. We also write to oppose Defendants' request for a stay of the Court's June 11, 2013's Order.

      In doing so, we note that this is Defendants' fifth attempt to have the case dismissed and at least the fourth attempt to avoid the Court's Orders to produce Sales Associate information.[1]

      Contrary to Defendants' assertions, Plaintiffs have consistently disputed the sufficiency of Defendants' Rule 68 Offers of Judgment.

---

[1]     Previously, Defendants filed motions to dismiss on December 22, 2011 (Document 16), April 26, 2012 (Document 37), and September 5, 2012 (Document 65), and on April 17, 2013, filed a motion for reconsideration (Document 76) of the Court's February 2, 2012 Order denying the December 22, 2011 motion to dismiss. Also previously, on May 2, 2012, Defendants filed a motion (Documents 40 and 45) to set aside the April 27, 2012 Minute Order directing disclosure and on May 20, 2013, and filed a motion (Document 79) to set aside the March 20, 2013 Order directing disclosure. Defendants also refused to disclose Sales Associate information post-depositions, notwithstanding Magistrate A. Kathleen Tomlinson's August 23, 2012 rulings during Defendant Brandon Haenel's deposition which directed disclosure. Defendants' post-deposition refusal to disclose resulted in Plaintiff's August 29, 2012 motion to compel disclosure. (Document 67).

In Plaintiffs' December 8, 2011 memorandum in opposition to Defendants' November 15, 2011 motion to dismiss (both filed on December 22, 2011), Plaintiffs stated they "**dispute the Defendants' Offers to the existing Plaintiffs, particularly since Defendants have also refused to provide specific wage and hour information about the Plaintiffs or additional class members.**" (Document 22, Page 10, emphasis added). In that opposition, Plaintiffs also attached as exhibits their counsel's correspondence from October 5, 2011 and October 6, 2011 rejecting said offers, disputing their sufficiency and unequivocally stating that "**Plaintiffs do not believe that Defendants' offers encompass all of their damages under the FLSA and NYLL.**" (Document 28-12, emphasis added; also, see Document 28-9).

Accordingly, in Plaintiffs' May 2, 2013 opposition to Defendants' April 17, 2013 motion for reconsideration, Plaintiffs distinguished the instant facts from the facts in <u>Genesis Healthcare Corp. et al v. Symczyk</u>, 2013 U.S. LEXIS 3157 (2013) because unlike the facts in <u>Genesis</u>, here, the "Plaintiffs timely objected to and rejected Defendants' offers of judgment and also disputed the Defendants' specific offers to the existing Plaintiffs." (Document 77).

Upon that basis, in the July 8, 2013 Memorandum and Order, Your Honor correctly held that the "Plaintiffs have not only rejected the offers, but each has also disputed their sufficiency." (Document 90). To the extent that the Court's February 2, 2012 decision stated that "Plaintiffs raise no issue regarding Defendants' assertion that the damages offered exceed the overtime sought," Plaintiffs respectfully submit that in that instance the following were overlooked: the Plaintiffs' October 5, 2011 and October 6, 2011 rejections of the Offers of Judgment and also Plaintiffs' December 8, 2011 memorandum in opposition, all of which not only rejected the offers *but also* disputed their sufficiency. Thus, when Plaintiffs cited to the same December 8, 2011 memorandum in opposition (Document 22) in their May 2, 2013 opposition to Defendants' April 17, 2013 motion for reconsideration, Your Honor correctly concluded that "Plaintiffs have not only rejected the offers, but each has also disputed their sufficiency." (Document 90).

Furthermore, as already stated in Plaintiffs' May 2, 2013 opposition papers and also concluded by Your Honor, the Supreme Court in <u>Genesis</u> specifically stated that "it was not deciding the broader issue of whether a rejected Rule 68 offer would always render a plaintiff's individual claim moot." Thus, the Court held that <u>Genesis</u> is "non-dispositive" and "cannot be relied upon to change the decision previously reached here." (Document 90).

The Court's July 8, 2013 Memorandum and Order cited to <u>Genesis</u>'s holding that FLSA collective allegations alone do not keep alive an otherwise moot case but again, those facts are *not* applicable here where 1) the instant Plaintiffs have disputed the sufficiency of the Rule 68 offers, 2) an individual (Michael Nazario) has opted-in to the suit, and 3) Plaintiffs have alleged Rule 23 Class Action allegations in addition to FLSA collective action allegations. In contrast, <u>Genesis</u> rejected the possibility of keeping an action alive where there are no opt-ins, no Rule 23 Class Action allegations, *and* the named plaintiff's claim was made moot by a Rule 68 Offer of Judgment which **fully** satisfied the plaintiff's claim. Accordingly, because those facts are *not* present in the instant matter, the Court correctly distinguished the instant matter and stated <u>Genesis</u>'s implications for other FLSA collective allegations where those facts are applicable.

As a result, Plaintiffs request that the Court deny Defendants' request for a pre-motion conference regarding their intention to file another motion for reconsideration which was just already litigated, and also deny Defendants' request to stay the Court's June 11, 2013 Memorandum and Order.

Finally, Plaintiffs have been and continue to be prejudiced by Defendants' incessant filing of motions to delay litigation of this matter and by their repeated refusal to produce Sales Associate information, despite having been ordered by Judge Tomlinson to do so almost a year ago.

Accordingly, Plaintiffs respectfully request that Your Honor order that the FLSA statute of limitations for each potential opt-in Plaintiff be equitably tolled from April 27, 2012 which was the date of the first Court Order directing disclosure. "'[A] statute of limitations may be tolled as necessary to avoid inequitable circumstances.' Iavorski v. U.S. Immigration & Naturalization Serv., 232 F.3d 124, 129 (2d.Cir. 2000). In determining whether equitable tolling is warranted, the Second Circuit has stated that a court 'must consider whether the person seeking the application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.' Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80-81 (2d. Cir. 2003)."

Plaintiffs submit that the Defendants continual filing of motions to delay prosecution of this matter constitutes inequitable and extraordinary circumstances which warrant equitable tolling. Furthermore, Plaintiffs have diligently prosecuted this matter for the entirety of the litigation, including the time period from April 27, 2012 to present, to warrant equitable tolling.

Thus, Plaintiffs request equitable tolling for the FLSA statute of limitations from April 27, 2012 and also for the fees and costs associated with opposing Defendants' latest attempt to delay prosecution of this matter.

Respectfully submitted,

VALLI KANE & VAGNINI, LLP

S. TITO SINHA

cc:   Jamie Felsen, Esq. (via ECF)
      *Attorneys for Defendants*

3