# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**
**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

**Author: Jamie S. Felsen - Partner**
**Direct E-Mail Address: jamiefelsen@mllaborlaw.com**
**Direct Dial: (516) 303-1391**

<u>**Via ECF**</u>

July 16, 2013

Hon. Leonard D. Wexler, U.S.D.J.
United States District Court Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

**Re:    Velasquez et al v. Digital Page, Inc. et al.**
　　　　**Case No. 11-CV-3892**
　　　　<u>**MLLG No.: 169-2011**</u>

Dear Judge Wexler:

This firm represents defendants, Digital Page, Inc., Cellular Consultants Inc., Cellular Consultants of Farmingdale, Inc., Brandon Haenel, and Robert Pachtman. Defendants submit this letter in response to Plaintiffs' July 15, 2013 letter filed (1) in opposition to Defendants' request for a pre-motion conference concerning their intention on filing a motion for reconsideration of the Court's July 8, 2013 Memorandum and Order; and (2) in support of Plaintiffs' motion to toll the statute of limitations for potential opt-ins.

<u>**Defendants' Motion for Reconsideration**</u>

Plaintiffs argue that, in opposition to Defendants' motion to dismiss the Complaint, Plaintiffs disputed that Defendants' offers of judgment provided them with full relief because "Defendants [] refused to provide specific wage and hour information about the Plaintiffs or additional class members." As explained by Defendants in their reply brief in further support of their motion to dismiss, this is incorrect since Plaintiffs' timesheets and weekly payroll summaries were actually contained in the Declaration of Brandon Haenel that was filed in support of the motion. (ECF Document 20). Plaintiffs provided no evidence by affidavit or otherwise disputing the time records and payroll summaries. There was no indication how, if at all, the offers of judgment inaccurately reflected the wages owed to Plaintiffs. The Complaint did not assert the specific damages that Plaintiffs are allegedly owed. Additionally, despite their obligation and repeated requests by Defendants, Plaintiffs did not provide a computation of damages as required by Fed. R. Civ. P. 26(a)(1). Indeed, courts have precluded plaintiffs from seeking damages on claims for which they fail to provide a computation of damages. <u>See</u>

Hon. Leonard D. Wexler, U.S.D.J.
United States District Court Eastern District of New York
July 16, 2013
P a g e | 2


Raymond Ng v. HSBC Mortg. Corp., 2008 U.S. Dist. LEXIS 102493 (E.D.N.Y. Dec. 18, 2008).
Therefore, Defendants (and the Court) had no information regarding what Plaintiffs alleged to be
their damages, and whether it differed from Defendants' Offers of Judgment.  Under these
circumstances, as explained by Defendants in their reply brief, where a plaintiff fails to explain
the basis for which they dispute that defendants' offers of judgment offered them full relief,
dismissal is warranted.  See Ward v. Bank of New York, 455 F. Supp. 2d 262, 268-269
(S.D.N.Y. 2006) (granting motion to dismiss where the plaintiff failed to challenge the accuracy
of the time sheets provided by her employer which formed the basis of the offer of judgment);
Briggs v. Arthur T. Mott Real Estate LLC, 2006 U.S. Dist. LEXIS 82891 *8-10 (E.D.N.Y. Nov.
14, 2006) (same).  (ECF Document 20).  Also, as explained by Defendants, if all that is required
is a general denial in a memorandum of law without any supporting affidavit explaining the
reasons why plaintiffs dispute the records and calculations of damages, an offer of judgment
would virtually never result in dismissal of a complaint on mootness grounds.  (ECF Document
20).

        Although the Court denied Defendants' motion to dismiss on February 2, 2012, it agreed
with Defendants on this issue:

                    Plaintiffs raise no issue regarding Defendants' assertion that the
                    damages offered exceed the overtime wages sought.  Given the
                    fact that no question is raised as to the damages issue, the question
                    remaining is whether the rejected Rule 68 offer renders this case
                    moot and therefore subject to dismissal.  (emphasis added)

        Plaintiffs' argument that the Court overlooked certain facts in determining that Plaintiffs
raised no issue regarding Defendants' assertion that the damages offered exceed the overtime
wages sought is untimely and incorrect.  It is untimely because Plaintiffs are raising their dispute
now, for the first time, almost 1 ½ years after the Court's February 2, 2012 decision.  Even had
Plaintiffs timely raised this argument, the argument is unavailing because the documents that the
Court allegedly overlooked merely contain Plaintiffs' conclusory statements that they disagreed
that the offers of judgment provided them with full relief.  As discussed *supra*, Plaintiffs were
required to explain the basis for which they disputed that Defendants' offers of judgment
provided them with full relief.  See Ward v. Bank of New York, 455 F. Supp. 2d 262, 268-269
(S.D.N.Y. 2006); Briggs v. Arthur T. Mott Real Estate LLC, 2006 U.S. Dist. LEXIS 82891 *8-
10 (E.D.N.Y. Nov. 14, 2006).  Plaintiffs failed to provide a reason why they disagreed that the
offers of judgment provided them with full relief.  Accordingly, this Court correctly held that
there was no dispute that Defendants offered full relief to the Plaintiffs.  See Velasquez v. Digital
Page, Inc., 842 F. Supp. 2d 486, 488 (E.D.N.Y., Feb. 2. 2012).  This decision is law of the case,
and was not applied by the Court in deciding Defendants' motion for reconsideration.

        Plaintiffs' attempt to distinguish the facts of this case from the facts in Genesis is
unavailing.  With respect to Michael Nazario who opted into the lawsuit after it was commenced,
Defendants made a Rule 68 offer to Nazario for full relief.  As noted by your Honor in
Velasquez v. Digital Page, Inc., 842 F. Supp. 2d 486, 488 (E.D.N.Y., Feb. 2. 2012), "Where

Hon. Leonard D. Wexler, U.S.D.J.
United States District Court Eastern District of New York
July 16, 2013
P a g e | **3**

additional plaintiffs have opted in to the matter, and the Rule 68 offer does not include those plaintiffs, the offer does not moot the case." Id; see also Davis v. Abercrombie & Fitch Co., 2008 U.S. Dist. LEXIS 86577 *14 (S.D.N.Y. Oct. 22, 2008)(holding that if additional plaintiffs have opted in, and have been given offers of judgment for full relief, the case is moot, but denying motion because defendants did not offer full relief to plaintiffs and opt-in ). In this case, Nazario was offered full relief, so his claims, just like Plaintiffs' claims, were mooted. Therefore, to the extent that Genesis did not address whether an offer of judgment to an opt-in moots the case, this Court has held that it does.

To the extent that, after Genesis, Plaintiffs are arguing that merely alleging Rule 23 class action allegations in the complaint is sufficient to overcome dismissal on mootness grounds, they are incorrect. Indeed, in Genesis, the Court addressed cases wherein claims were held not to be moot after the class was duly certified. Genesis Healthcare Corp. v. Symczyk, 2013 U.S. LEXIS 3157 * 15 (U.S. Apr. 16, 2013). Thus, under Genesis, mere class action allegations in the complaint, without more, does not avoid mootness of claims.

Accordingly, Defendants respectfully request that the Court dismiss the Complaint.[1]

**Plaintiffs' Motion for Equitable Tolling**

Plaintiffs' motion for equitable tolling must be denied.

In a collective action lawsuit, like this case, the statute of limitations period continues to run with respect to each potential opt-in's collective action claim until that plaintiff files a written consent form opting into the suit. See 29 U.S.C. § 256; Lee v. ABC Carpet & Home, 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006); Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 260 (S.D.N.Y. 1997) ("[O]nly by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled.")

It is not the responsibility or obligation of Plaintiff's attorney or the Court to notify potential opt-ins for the first time about potential claims they may have against Defendants. As succinctly stated by the Western District of New York:

> Pursuit of that right is not dependent on the commencement or certification of a collective action, and a reasonably diligent person

---

[1] Plaintiffs' request for Defendants to pay their fees and costs associated with opposing this motion should be denied. Plaintiffs have provided no basis for this request. As stated in Defendants' papers associated with the instant request for a pre-motion conference, Defendants respectfully submit that, in reaching its decision denying Defendants' motion for reconsideration on July 8, 2013, the Court disregarded conclusions of law that it reached in Velasquez v. Digital Page, Inc., 842 F. Supp. 2d 486, 488 (E.D.N.Y., Feb. 2. 2012). Accordingly, there is no basis for sanctions to be issued against Defendants. Moreover, Plaintiffs have not complied with the requirements under Rule 11 prior to seeking sanctions against Defendants.

Hon. Leonard D. Wexler, U.S.D.J.
United States District Court Eastern District of New York
July 16, 2013
P a g e | **4**

> could have acted by pursuing an individual or collective action for relief.

<u>Hinterberger v. Catholic Health Sys.</u>, 2009 U.S. Dist. LEXIS 97944 *47 (W.D.N.Y. Oct. 20, 2009); <u>Gordon v. Kaleida Health</u>, 2009 U.S. Dist. LEXIS 95729, 41-42 (W.D.N.Y. Oct. 13, 2009).

"[E]quitable tolling is only appropriate in [] rare and exceptional circumstances, . . . in which a <u>party</u> is prevented in some extraordinary way from exercising his rights." <u>Zerilli-Edelglass v. New York City Transit Auth.</u>, 333 F.3d 74, 80 (2d Cir. 2003) (emphasis added) (internal citations omitted).

Since equitable tolling applies only to parties, it is premature for the Court to entertain Plaintiffs' motion to toll the statute of limitations for potential opt-ins who are not parties to this action.

Even assuming *arguendo* that equitable tolling could be applied to individuals who are not yet a party to an action, equitable tolling is not warranted in this case.

The circumstances under which equitable tolling may apply are:

> (1) "where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period,"; (2) "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," (additional citations omitted); or (3) "where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion."

<u>Arena v. Plandome Taxi, Inc.</u>, 2013 U.S. Dist. LEXIS 58169, 3-4 (E.D.N.Y. Apr. 23, 2013) (internal citations omitted) (denying request to equitably toll the statute of limitations for unnamed, unknown class members). Plaintiffs do not assert any of these reasons in their motion to toll the statute of limitations. Plaintiffs argue that equitable tolling should apply in this case merely because of "Defendants continual filing of motions to delay prosecution of this matter …" Aside from not being a basis for equitable tolling, Plaintiffs' argument is preposterous. There is absolutely no evidence that Defendants have filed motions in this action merely to delay prosecution of this matter.

Plaintiffs misrepresent the character of the motions filed by Defendants.

On December 22, 2011, Defendants filed a pre-motion conference regarding their intention on filing a motion to dismiss and then filed their motion to dismiss, which was denied on February 2, 2012.

Hon. Leonard D. Wexler, U.S.D.J.
United States District Court Eastern District of New York
July 16, 2013
P a g e | 5

On April 26, 2012, immediately after Judge Tomlinson denied Plaintiffs' motion for collective action, Defendants renewed their request for dismissal of the complaint because no individual opted into the case in eight (8) months and Plaintiffs' motion for collective action was denied.

On September 5, 2012, Defendants renewed their request for dismissal of the action because no individual opted into the case in one (1) year and discovery closed, and there was no obstacle to Defendants' legitimate right to make a valid Rule 68 Offer of Judgment that mooted Plaintiffs' claims warranting dismissal of the Complaint.

On April 17, 2013, Defendants requested that the Court reconsider its decision denying Defendants' motion to dismiss in light of <u>Genesis Healthcare Corp. v. Symczyk</u>, 2013 U.S. LEXIS 3157 * 15 (U.S. Apr. 16, 2013), which addressed a critical issue in this case concerning a Rule 68 offer of judgment.  The Court denied Defendants' motion for reconsideration on July 8, 2013.

On July 9, 2013, Defendants requested that the Court reconsider its July 8 decision because the Court overlooked a holding in its February 2, 2012 decision.

Plaintiffs again incorrectly argue that Defendants refused to disclose Sales Associate information in August 2012.  On August 23, 2012, Judge Tomlinson allowed "<u>inquiry</u> [at depositions] into the seven locations" and stated that the "<u>questions</u> obviously are to be restricted to sales associates including identifying who those folks are." Thus, on August 23, 2012, Judge Tomlinson permitted plaintiffs to question defendant, Brandon Haenel at his deposition, but did not direct Defendants to provide this information after the deposition.

Each of these motions was based on legal arguments made in good faith.  Indeed, Plaintiffs have not filed or even threatened to move for sanctions with respect to any of Defendants' motions.

Accordingly, there is no basis for which the Court should toll the statute of limitations for potential opt-ins and their motion should be denied.

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

<u>/s/ Jamie S. Felsen</u>

cc:      Tito Sinha, Esq. (via ECF)