UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NOEL VELASQUEZ and CARLOS
RIVERA, individually and on behalf of all
others similarly situated,

         MEMORANDUM AND ORDER

      Plaintiffs,    CV 11-3892

  -against-       (Wexler, J.)

DIGITAL PAGE, INC. d/b/a/, FUSION
WIRELESS; CELLULAR CONSULTANTS,
INC., d/b/a/, FUSION WIRELESS;
CELLULAR CONSULTANTS OF NASSAU,
INC., d/b/a/, FUSION WIRELESS; CELLULAR
CONSULTANTS OF NASSAU ST/1, d/b/a/,
FUSION WIRELESS; CELLULAR
CONSULTANTS OF FARMINGDALE,
 d/b/a/, FUSION WIRELESS; BRANDON
HAENEL and ROBERT PACHTMAN,

      Defendants.
------------------------------------------------------------X
APPEARANCES:

  VALLI KANE & VAGNINI LLP
  BY: JAMES ALDO VAGNINI, ESQ., SUMANTRA T. SUNHA, ESQ.
  Attorneys for Plaintiffs
  600 Old Country Road Suite 519
  Garden City, New York 11530

  MILMAN LABUDA LAW GROUP PLLC
  BY: JOSEPH M. LABUDA, ESQ., JAMIE SCOTT FELSEN, ESQ.
  Attorneys for Defendants
  3000 Marcus Avenue, Suite 3W3
  Lake Success, New York 11042

[Stamp: FILED IN CLERK'S OFFICE US DISTRICT COURT E.D.N.Y ★ JUL 23 2013 ★ LONG ISLAND OFFICE]

WEXLER, District Judge

This is a case brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 (the "FLSA"), and parallel provisions of New York State law, seeking overtime compensation against the Defendant employers. Plaintiffs Noel Velasquez ("Velasquez") and Carlos Rivera ("Rivera," collectively "Plaintiffs") commenced the action representing themselves, and seeking to represent a class of persons similarly situated.

Shortly after commencement of the lawsuit, Defendants extended to Plaintiffs an offer of judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure (the "Offer"). Arguing that Plaintiffs' rejection of the Offer rendered this matter moot, Defendants sought dismissal. In a Memorandum and Order dated February 2, 2012, this court denied the motion to dismiss. See Velasquez v. Digital Page, Inc., 842 F. Supp. 2d 486 (E.D.N.Y. 2012). This court thereafter reconsidered that dismissal in light of the decision of the Supreme Court in Genesis Healthcare Corp. v. Symczyk, 133 S. Ct.1523 (2013). Reconsideration was denied, principally, because the record in this matter failed "to indicate conclusively" that the individual claims of each Plaintiff and the opt-in Plaintiff were made moot because of Defendants' Rule 68 offers. Velasquez v. Digital Page, Inc., 2013 WL 3376903 *2 (E.D.N.Y. 2013). As set forth in this court's opinion, Plaintiffs not only rejected the offers, but also disputed their sufficiency. Id.

The day after this court denied reconsideration of the denial of the motion to dismiss, Defendants submitted a letter seeking reconsideration of the decision denying reconsideration. That letter takes issue with this court's conclusion that Defendants' offer failed to satisfy all of Plaintiffs' claims. In correspondence responding to that of Defendants, Plaintiffs reiterated their position as to the insufficiency of the Rule 68 offers. In addition to stating that the offers did not

2

make them whole, Plaintiffs argued, as noted by this court, that <u>Genesis</u> did not require dismissal.

Upon review of the parties' detailed correspondence, the court holds that it requires no further briefing on the issue of reconsideration of its denial of reconsideration of the denial of the motion to dismiss. Accordingly, the court deems Defendants' letter request to move for reconsideration to be a motion to reconsider, and denies that motion.

In addition to opposing reconsideration, Plaintiffs seek to have the court equitably toll the FLSA statute of limitations in this matter from April 27, 2012. Specifically, in correspondence dated July 15, 2013 (document 92 herein) Plaintiffs argue that tolling is appropriate because of Defendants' "continual filing of motions to delay prosecution of this matter . . . ." The court holds that the circumstances herein do not require tolling of the statute of limitations. However, Defendants are directed to comply with the Magistrate Judge's order regarding the production of sales associate information by August 5, 2013. Any issues arising out of compliance with this order are to be raised with Magistrate Judge Tomlinson.

## CONCLUSION

For the foregoing reasons, the court denies the request to reconsider its reconsideration of the denial of Defendants' motion to dismiss. Defendants are directed to comply with the Magistrate Judge's orders of discovery as set forth above.

SO ORDERED

/s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
July 23, 2013

3