FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ NOV 17 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NOEL VELASQUEZ and CARLOS
RIVERA, individually and on behalf of all
others similarly situated,

                      Plaintiffs,

       -against-

DIGITAL PAGE, INC. d/b/a/, FUSION
WIRELESS; CELLULAR CONSULTANTS,
INC., d/b/a/, FUSION WIRELESS;
CELLULAR CONSULTANTS OF NASSAU,
INC., d/b/a/, FUSION WIRELESS; CELLULAR
CONSULTANTS OF NASSAU ST/1, d/b/a/,
FUSION WIRELESS; CELLULAR
CONSULTANTS OF FARMINGDALE,
d/b/a/, FUSION WIRELESS; BRANDON
HAENEL and ROBERT PACHTMAN,

                      Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 11-3892

(Wexler, J.)

APPEARANCES:

    VALLI KANE & VAGNINI LLP
    BY: JAMES ALDO VAGNINI, ESQ., SUMANTRA T. SUNHA, ESQ.
    Attorneys for Plaintiffs
    600 Old Country Road Suite 519
    Garden City, New York 11530

    MILMAN LABUDA LAW GROUP PLLC
    BY: JOSEPH M. LABUDA, ESQ., JAMIE SCOTT FELSEN, ESQ.
    Attorneys for Defendants
    3000 Marcus Avenue, Suite 3W3
    Lake Success, New York 11042

WEXLER, District Judge

    Plaintiffs Noel Velasquez ("Velasquez") and Carlos Rivera ("Rivera") (collectively "Plaintiffs") commenced the action representing themselves, and seeking to represent a class of

persons similarly situated,[1] pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 (the "FLSA"), and parallel provisions of the New York State Labor Law ("Labor Law"), against the Defendant corporate employer entities and individual Defendants Brandon Haenel ("Haenel") and Robert Pachtman ("Pachtman") (collectively, "Defendants"), who are the joint owners and partners of the Defendant corporate entities. Plaintiffs claim failure to pay overtime in violation of the FLSA and the NYLL, and failure to pay the statutorily required "spread of hours" pay under 12 NYCRR § 142-2.4. Before the Court is Defendants' partial motion for summary judgment, as well as Plaintiffs' motion for summary judgment, both made pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons that follow, Plaintiffs' motion is denied in its entirety, and Defendants' motion is also denied, except that Defendants' motion for summary judgment on Plaintiff's "spread of hours" claim is granted.

BACKGROUND

I.  Factual Background

The following facts are taken from the complaint, and the parties Rule 56.1 Statements, with any disputes noted. Plaintiffs were employed as sales associates for the Defendant corporate entities, which operate multiple store locations selling cell phones, cell phone services and cell phone accessories. Plaintiffs' Rule 56.1 Statement ("Pl. 56.1 Stmt."), ¶ 1-3; Defendants' Counter 56.1 Statement ("Def. Counter-56.1 Stmt."), ¶ 1-3. Plaintiff Velasquez was a full time employee and when he started working for Defendants, he was paid $10.00 per hour until May 8, 2009, when he was paid $11.50 per hour. Pl. 56.1 Stmt., ¶ 8, 10; Def. Counter-56.1 Stmt., ¶ 8,10. When he worked over 40 hours per week, he was compensated his straight rate of pay, and was

---

[1]This action was conditionally certified as a collective action on May 19, 2014, and since, additional plaintiffs have joined the action.

not paid overtime in accordance with statutory requirements. Pl. 56.1 Stmt., ¶ 11,12; Def. Counter-56.1 Stmt., ¶ 11,12. It was Defendants' policy and practice to not pay sales associates overtime, and the Defendants' Employee Handbook states that "commissioned sales representatives are an example of exempt workers" who were not paid overtime. Pl. 56.1 Stmt., ¶ 15-17; Def. Counter-56.1 Stmt., ¶ 15-17.

Similarly, Plaintiff Rivera, who earned $9.00 per hour, was not paid overtime when he worked over forty (40) hours per week. Pl. 56.1 Stmt., ¶ 26-28; Def. Counter-56.1 Stmt., ¶ 26-28. Both Velasquez and Rivera claim that they were not paid an additional hour of pay as statutorily required when either worked over ten (10) hours in one day, and Defendants dispute that this requirement applies to either of them since their respective hourly rates of pay exceeded the minimum wage. Pl. 56.1 Stmt., ¶ 20, 31; Def. Counter-56.1 Stmt., ¶ 20, 31.

In support of their motion, Defendants assert that their attorney, Stuart Moshell, who served as their corporate counsel as of 2006 or 2007, advised them that "any employee who earns commission is exempt," and that Moshell developed employee handbooks containing this policy. Defendants' 56.1 Statement ("Def. 56.1 Stmt."), ¶ 5-7; Plaintiffs' Counter-56.1 Statement ("Pl. Counter-56.1 Stmt."), ¶ 5-7. Plaintiffs do not dispute the Defendants claim they were so advised, id., but assert that Defendants could not have reasonably believed Moshell was experienced in employment matters, and that Moshell never reviewed the pay rates and commission earnings of the sales associates. Def. 56.1 Stmt., ¶ 1-4; Pl. Counter-56.1 Stmt."), ¶ 1-4.

II. The Present Motion

Defendants' partial motion for summary judgment seeks to limit Plaintiffs' FLSA claim to a two-year statue of limitation, deny an award of liquidated damages and dismiss Plaintiffs' spread of hours claim. Plaintiffs' motion seeks summary judgment on: the overtime claims

under the FLSA and the NYLL; the "spread of hours" claim; the claim for liquidated damages under the FLSA and the NYLL since Defendants did not act in good faith; the claim that the three-year statute of limitations applies to the FLSA claims since Defendants acted "wilfully"; and the claims that the individual Defendants are personally liable for the FLSA and NYLL violations. Since these issues largely overlap, the Court will address categorize the arguments and address them accordingly.

## DISCUSSION

I. Standards on Motion for Summary Judgment

The standards for summary judgment are well settled. Rule 56(a) of the Federal Rules of Civil Procedure states that summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); Mihalik v. Credit Agricole Cheuvreux North America, Inc., 715 F.3d 102, 108 (2d Cir. 2013). The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004).

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts .... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002), quoting, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). As the Supreme Court has stated, "the mere

existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984), quoting, SEC v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir.1978). Accordingly, it is insufficient for a party opposing summary judgment " 'merely to assert a conclusion without supplying supporting arguments or facts.'" BellSouth Telecomms., Inc. v. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996), quoting, Research Automation Corp., 585 F.2d at 33.

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. ... There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party... If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 248-250 (citations omitted).

II. The FLSA Statute of Limitations

The FLSA has a two-year statute of limitations, except in those cases where the plaintiff can show that the defendant employer's violation was "willful," in which case, a three-year statute of limitations applies. 29 U.S.C. § 255(a). An employer is "willful" if he "either knew or showed reckless disregard" for whether a violation was being committed. Berrios v. Nichjolas Zito Racing Stable, Inc., 849 F.Supp.2d 372, 391 (E.D.N.Y. 2012) (quoting Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009) (other citations omitted)). Mere negligence is insufficient. Id.

The Court has reviewed the parties' submissions and concludes that issues of fact preclude the entry of summary judgment for either the Plaintiff or the Defendant on whether the three-year statute of limitations applies to the FLSA claim, namely, whether Defendants' violation of the FLSA was "willful." Defendants' argue that they relied on their counsel who advised that these employees were exempt from overtime compensation, and therefore they did not violate the FLSA either "knowingly" or with "reckless disregard."[2] Plaintiff counter that Defendants' reliance on their counsel was misplaced and unjustified, and that Defendants never undertook any review of payroll or other records to confirm whether overtime was mandated.[3] This is a question of fact to be decided by the jury. See Berrios, 849 F.Supp.2d at 391 (noting "[c]ourts within this Circuit have left the question of willfulness to the trier of fact")(citations omitted)). So too here, and the Court denies both Plaintiff's and Defendants' motion for summary judgment on this issue. See also Fed. R. Civ. P. 56(c) (a party seeking summary judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law"); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Reiseck v. Universal Communications of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010).

---

[2] In Plaintiff's Counter-56.1 Statement ("Pl. Ctr-56.1 Stmt."), Plaintiffs admit that Haenel and/or Pachtman testified that Moshell told them "any employee who earns commission is exempt" and that Moshell developed the employee handbooks. See Pl. Ctr-56.1 Stmt., at ¶ 5, 6.

[3] In support of their own motion for summary judgment and in opposition to Plaintiffs' motion for summary judgment, Defendants' have submitted a declaration of that counsel, Stuart Moshell ("Moshell Declaration"). Plaintiffs have moved to strike that declaration, arguing that it was not produced in accordance with the discovery orders in this case and therefore should be precluded. The Court reserves ruling on that issue at this time, and notes that the ruling here that questions of fact preclude summary judgment for either party is based on a review of the other submissions and without consideration of the Moshell Declaration.

III. <u>Liquidated Damages</u>

Liquidated damages are warranted for a violation of the FLSA, in an amount equal to the overtime compensation due. 29 U.S.C. § 216(b). Pursuant to the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.*, which amended the FLSA, a court has the discretion to not award "liquidated damages" where the defendant employer can show that its acts or omissions leading to the violation were "in good faith" and that he had "reasonable grounds" to believe that no violation occurred. <u>See</u> 29 U.S.C. § 260; <u>see also</u> <u>Barfield v. New York City Health & Hospitals Corp.</u>, 537 F.2d 132, 150 (2d Cir. 2008). To show good faith, an employer must show that it took "active steps" to determine the dictates of the FLSA and how to comply. <u>Id.</u> (citing <u>Herman v. RSR Sec. Serv. Ltd.</u>, 172 F3d. 132, 142 (2d Cir. 1999) and <u>Reich v. S. New England Telecomm. Corp.</u>, 121 F.3d 58, 71 (2d Cir. 1997)).

Liquidated damages are also available for a violation of the NYLL, in the amount of 25% of the unpaid overtime compensation. NYLL, § 198 (1-a). Both parties agree that the standard for awarding liquidated damages under the NYLL mirrors that of the FLSA. <u>See</u> <u>Kuebel v. Black & Decker</u>, 643 F.3d 352, 36 (2d Cir. 2011); <u>McLean v. Garager Mgmt. Corp.</u>, 2012 LEXIS 55425, 21 (S.D.N.Y. 2012). Therefore the same reasoning applies to whether liquidated damages are warranted under either statute.

As noted above, the individual Defendants here who served as the principals of the corporate employer claim that they sought the advice of counsel as to whether they were required to pay the sales associate employees overtime for hours worked beyond 40 per week. They further allege that counsel advised them that no overtime was due since those employees were paid commission, and that this attorney further drafted the employee policy handbook that stated as

such. Def. 56.1 Stmt., ¶ 5-7; Pl. Counter-56.1 Stmt., ¶ 5-7. Plaintiffs argue that these steps were not sufficiently "active" to determine whether the FLSA was violated, and therefore Defendants did not act reasonably or in good faith. Yet, whether or not Defendants acted reasonably or in good fath is a fact question for the jury to determine, and therefore the cross-motions for summary judgment on this issue is denied.[4]

IV.   NYLL "Spread of Hours" Claim

12 NYCRR 142-2.4 provides that an employer must pay "one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required" for a day in which the hours worked exceeds 10 hours. Defendants move for summary judgment on this claim, arguing that it does not apply to Plaintiffs since they were paid at a rate above minimum wage,[5] and that various courts have held that this provision does not apply in those circumstances. In support, the Defendants point to an opinion letter from the Department of Labor stating that it does not apply in those instances where the employee is paid more than the minimum wage. See Declaration of Jamie S. Felsen, Esq., Exhibit E.

While the Court recognizes that at least one court in this Circuit has found otherwise (see Doo Nam Yang v. ACBL Corp., 427 F.Supp.2d 327, 339 (S.D.N.Y. 2005)), the majority of courts

---

[4]Plaintiffs also argue that they are entitled to liquidated damages under both FLSA and the NYLL, while Defendants claim that it is improper for such damages to be awarded for what is essentially the same violation. The Court denies both Plaintiff's and Defendants' motions for summary judgment on this issue, without prejudice to be renewed at the time of trial.

[5]Plaintiffs do not dispute that they were paid above minimum wage, but argue that other courts in this Circuit and therefore this Court too should apply the provision to employees who earned more than minimum wage. The Court declines to do so. They further argue that additional plaintiffs in this action may have such a claim if the facts indicate that they were paid minimum wage. Without evidence that such a plaintiff exists in this action, the Court declines to make that determination in the abstract.

in this Circuit, and this Court agrees, that by its very language, the "spread of hours" provision does not apply to a plaintiff employee who earns more than minimum wage. See Sosnowy v. A. Perri Farms, Inc., 764 F.Supp.2d 457, 474 (E.D.N.Y. 2011) (citations omitted); Berrios, 849 F.Supp.2d at 390 (citations omitted). This Court agrees, and therefore, the Court grants Defendants' motion for summary judgment of this claim.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion is denied in its entirety, and Defendants' motion is also denied, except that Defendants' motion for summary judgment on Plaintiff's "spread of hours" claim is granted.

SO ORDERED

s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
November 17, 2014