**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
NOEL VELASQUEZ and CARLOS RIVERA,
individually and on behalf of all others similarly
situated,

                      Plaintiffs,

           - against -

DIGITAL PAGE, INC. d/b/a FUSION
WIRELESS; CELLULAR CONSULTANTS
INC., d/b/a/, FUSION WIRELESS; CELLULAR
CONSULTANTS OF NASSAU, INC., d/b/a/
FUSION WIRELESS; CELLULAR
CONSULTANTS OF NASSAU ST I, d/b/a/
FUSION WIRELESS; CELLULAR
CONSULTANTS OF FARMINGDALE, d/b/a/
FUSION WIRELESS; BRANDON HAENEL
and ROBERT PACHTMAN,

       Defendants.
-------------------------------------------------------------X

**ORDER**

CV 11-3892 (LDW) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       Defendants' counsel has filed a motion seeking to strike the Consent to Join form executed by putative opt-in plaintiff Hugo Desantana in this action brought under the Fair Labor Standards Act. *See* DE 179. Defendants maintain that the Consent to Join form was required to be submitted to the Court by August 17, 2014, but that Mr. Desantana's form was postmarked August 18, 2014, after the deadline. *Id.* Counsel maintains that no request was made to extend the time for Mr. Desantana to file his form and that Mr. Desantana has "not attempted to establish excusable neglect for his failure to timely file his Consent to Join form." *Id.* Based on the fact that Mr. Desantana has known about this lawsuit since 2012, defendants contend that his untimely form should be stricken from the docket and that he should be removed as an opt-in

plaintiff in this case. *Id.* Defendants have not cited any case law in support of their motion, although they rely upon Fed. R. Civ. P. 6(b).

In opposing the motion, plaintiffs' counsel points out that Hugo Desantana's Consent to Join form was executed on Friday, August 15, 2014 and was then mailed to the Court by the Sunday, August 17, 2014 "submitted by" opt-in deadline. *See* DE 181. Plaintiffs' counsel adds that "[a]s a result, the envelope with the Consent form was processed by the Mid-Island United States Postal Service facility on Monday, August 18, 2014 and docketed by the Court on Tuesday, August 19, 2014." *Id.* On that basis, counsel argues, Mr. Desantana complied with the Court's direction to submit the form within 60 days of the Notice of Pendency. *Id.* Plaintiffs cite several cases in support of their arguments.

In determining whether late opt-in consent forms should be deemed timely in an FLSA action, courts balance various combinations of factors such as "(1) whether good cause exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Ruggles v. Wellpoint, Inc.*, 687 F.Supp.2d 30, 37 (N.D.N.Y.2009); *Benavidez v. Piramides Mayas, Inc.*, Nos. 09 Civ. 5076, 09 Civ. 9574, 2013 WL 1627947, at *3 (S.D.N.Y. Apr. 16, 2013). In *Benavidez*, the opt-in consent form of one of the plaintiffs was not postmarked or filed before the court established deadline of November 3, 2011 deadline. 2013 WL 1627947, at *3. Rather, it was filed on November 30, 2011 and bore the Claims Administrator's stamp "Received Nov 21 2011 KCC." *Id.* Another plaintiff's opt-in consent form was also not postmarked or filed before the November 3, 2011 deadline – it was filed on March 2, 2012. *Id.* Both plaintiffs failed to explain why the opt-in consent forms were not timely filed and consequently did not provide "good cause" for the late filings. *Id.* However, the court in *Benavidez* found that despite

the fact that this second form was filed almost three months after the deadline, it did not appear that any prejudice inured to the defendants from deeming these two opt-in consent forms timely. *Id.* Moreover, the court held that the FLSA's remedial purposes, as well as judicial efficiency, favored deeming the two late opt-in consent forms timely. *Id.*

Here, applying the standard set forth in *Ruggles*, the Court finds that Hugo Desantana can be properly added as a plaintiff to this lawsuit because his form was timely submitted. Based on the information provided to the Court, Mr. Desantana signed the opt-in form on August 15, 2015, a Friday. Although neither party offers any information as to why the deadline in the Notice of Pendency was set for a Sunday, it is clear that based on the postal facility's processing on August 18, 2014, Desantana had to have mailed the form prior to that date. Even if the form was one day late, the Court has the discretion to accept it. *See Saleem v. Corp. Transp. Grp.*, *Ltd.*, No. 12 Civ. 8450, 2013 WL 6331874, at *3 (S.D.N.Y. Dec. 5, 2013) (where six plaintiffs either filed their consent forms one day after the deadline or postmarked their consent forms by that same day, the court held that the one-day delay was "so de minimis that striking them from the lawsuit would be inappropriate under the *Benavidez* factors"); *see also Commisso v. PricewaterhouseCoopers LLC*, No. 11 Civ. 5713, 2012 WL 3070217, at *3 (S.D.N.Y. July 27, 2012) (late filing does not necessarily bar participation in a collective action); *Ayers v. SGS Control Servs., Inc.*, Nos. 03 Civ. 9078, 06 Civ. 7111, 2007 WL 3171342, at *5-6 (S.D.N.Y. Oct. 9, 2007) (permitting late opt-ins to nevertheless join the collective action). The inclusion of this single plaintiff will not overly burden or prejudice the defendants. The Court notes that the defendants do not even mention any prejudice to them in their submission. *See* DE 179. As the court noted in *Ruggles*, "the impact will be relatively benign." 687 F.Supp.2d at 37.

In light of the fact that Desantana could go off and commence his own lawsuit, judicial economy also favors joinder in this litigation. This Court agrees with other courts' holdings that with regard to the FLSA, "[a] generous reading, in favor of those whom congress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines." *Kelley v. Alamo*, 964 F.2d 747, 750 (8th Cir. 1992) (cited in *Ruggles*, 687 F.Supp.2d at 38 and *Schaefer-LaRose v. Eli Lilly & Co.*, 2008 WL 5384340, at *2 (S.D. Ind. Dec. 17, 2008)). Accordingly, the Court declines to strike Desantana's Consent to Join form and the defendants' motion is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
December 1, 2014

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge