FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   DEC 09 2014   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NOEL VELASQUEZ and CARLOS
RIVERA, individually and on behalf of all
others similarly situated,

                                Plaintiffs,

                -against-

DIGITAL PAGE, INC. d/b/a/, FUSION
WIRELESS; CELLULAR CONSULTANTS,
INC., d/b/a/, FUSION WIRELESS;
CELLULAR CONSULTANTS OF NASSAU,
INC., d/b/a/, FUSION WIRELESS; CELLULAR
CONSULTANTS OF NASSAU ST/1, d/b/a/,
FUSION WIRELESS; CELLULAR
CONSULTANTS OF FARMINGDALE,
d/b/a/, FUSION WIRELESS; BRANDON
HAENEL and ROBERT PACHTMAN,

                              Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 11-3892

(Wexler, J.)

APPEARANCES:

    VALLI KANE & VAGNINI LLP
    BY:   JAMES ALDO VAGNINI, ESQ.
              SUMANTRA T. SUNHA, ESQ.
    Attorneys for Plaintiffs
    600 Old Country Road Suite 519
    Garden City, New York 11530

    MILMAN LABUDA LAW GROUP PLLC
    BY:   JOSEPH M. LABUDA, ESQ.
              JAMIE SCOTT FELSEN, ESQ.
    Attorneys for Defendants
    3000 Marcus Avenue, Suite 3W3
    Lake Success, New York 11042

WEXLER, District Judge

    Before the Court is the motion of Plaintiffs Noel Velasquez ("Velasquez") and Carlos

Rivera ("Rivera") (collectively, "Plaintiffs") seeking class certification under Rule 23 of the Federal Rules of Civil Procedure ("Fed.R.Civ.Pro.") on Plaintiffs' claims for failure to pay overtime as required by New York law.[1] Plaintiffs' claims for failure to pay overtime under the Fair Labor Standards Act, 29 U.S.C. § 207, *et seq.* ("FLSA") were conditionally certified by order of Magistrate Judge A. Kathleen Tomlinson on May 19, 2014.[2] For the reasons that follow, Plaintiffs' motion for class certification is denied.

## BACKGROUND

I. Factual Background

The following facts are taken from the complaint, court filings, and the parties' submissions in connection with this motion. Plaintiffs' complaint was first filed on August 12, 2011, containing individual, collective and class allegations for alleged violations of federal and state law. DE, at 1: Complaint ("Cmplt."), ¶¶ 1-2. According to the complaint, Plaintiffs were employed as sales associates for the Defendant corporate entities at certain store locations selling cell phones, cell phone services and cell phone accessories. Cmplt, at ¶ 32, 35-37, 45-47. Plaintiff Velasquez began working for Defendants[3] as a full time employee in the store location

---

[1] Plaintiffs' "spread of hours" claim under N.Y. Comp.Codes R. & Regs., tit. 12, ("12 NYCRR") § 142-2.4, was dismissed by this Court's decision of November 17, 2014 on Defendants' and Plaintiffs' motions for summary judgment (the "Order"). See Docket entry ("DE"), 197. As discussed in the Order, the remaining issues for trial are whether Defendants' violations of the FLSA and NYLL were willful and whether Plaintiffs are entitled to liquidated damages. Order, at 6-8.

[2] Eight (8) additional plaintiffs have opted in to the action. See Plaintiffs' Memorandum in Support of Class Certification ("Pl. Mem."), at 2-3, n. 2; see DE 2, 165, 166, 167, 169, 175, 176, 178.

[3] For ease of discussion, the Court will refer to "Defendants" as the employer even though only certain corporate Defendant entities have employed particular Plaintiffs working at a

on Main Street in Port Washington in January 2008 and was paid $10.00 per hour until April 17, 2010, when he was paid $11.50 per hour. Affidavit of Noel Velasquez ("Velasquez Aff."), at ¶¶ 1,2,6. Even when he worked over forty (40) hours per week, he was compensated his straight rate of pay. Velasquez Aff., ¶ 8; Affirmation of S.Tito Sinha ("Sinha Aff."), Exhibit (Ex.") E: Velasquez Time sheets showing hours worked each day, and Ex. F: Velasquez Payroll Journal showing Velasquez' pay each week. He states that he typically worked 5 or 6 days per week, usually forty-five (45) to sixty (60) hours per week. Velasquez Aff., ¶ 4. Velasquez avers that other sales representatives working at his location and the other Port Washington location also were not paid overtime when they worked over forty (40) hours in a given week, and he understood that to be Defendants' policy. Velasquez Aff., ¶ 9-13. Velasquez also states he, like the other sales associates, earned commissions, and his commission payments were less than 50% of his earnings. Veslasquez Aff., ¶ 14; Sinha Aff., Ex. J: Velasquez' Commission Records.

Plaintiff Rivera worked as a sales associate at the Port Washington Boulevard location in Port Washington. He earned $9.00 per hour for the entire time he was employed by Defendants, from May 2009 until he was terminated in April 1, 2011. Affidavit of Carlos Rivera ("Rivera Aff."), ¶ 1,2,3,5. He was also not paid overtime when he worked more than forty (40) hours per week, and was merely paid his straight rate of pay for those hours. Rivera Aff., ¶ 6-7; Sinha Aff., Ex. L: Rivera's Time sheets showing hours worked each day, and Ex. O: Rivera's Payroll Journal showing Rivera's pay each week. He avers that he worked on average fifty (50) to sixty (60) hours per week, and sometimes as much as seventy (70) hours per week. Rivera Aff. ¶ 4. Other

---

particular location. <u>Compare</u> Cmplt., ¶ 37 (Velasquez worked for Defendant Cellular Consultants Inc., d/b/a Fusion Wireless), <u>with</u> Cmplt., ¶ 47 (Plaintiff Rivera worked for Defendant Digital Page Inc., d/b/a Fusion Wireless).

sales associates he knew at his and other locations were also not paid overtime when they worked over forty (40) hours per week, and he understood that to be Defendants' practice. Rivera Aff., ¶ 8-13. He states that his commission payments were less then 50%, and were generally 1/3 of his earnings. Rivera Aff., ¶ 13; Sinha Aff., Ex.: P: Rivera's Commission Payments.

An opt-in plaintiff, Michael Nazario ("Nazario"), also submitted an affidavit in support of Plaintiffs' motion, stating that he was employed by Defendants from January through August 31, 2010 as a sales associates and earned $9.00 per hour. Affidavit of Michael Nazario ("Nazario Aff."), ¶ 1,2,7. He worked at two different locations and was only paid his straight rate of pay for hours worked over forty (40) per week. Nazario Aff., ¶ 7-9; Sinha Aff., Ex. R: Nazario's time sheets showing hours worked each day, and Ex. T: Nazario's Payroll Journal showing Nazario's pay each week. He worked on average fifty (50) to sixty (60) hours per week. Nazario Aff., ¶ 4. He knew other sales associates who also were not paid overtime when they worked over forty (40) hours per week. Nazario Aff., ¶ 10-17. Nazario's claims that the monthly commission he earned was approximately 25% of his earnings. Nazario Aff., ¶ 19; Sinha Aff., Ex: U: Nazario's Commission Payments.

There is no dispute that it was Defendants' policy and practice to not pay sales associates overtime. See Order, at 2-3. Indeed, Defendants' Employee Handbook states that "Commissioned Sales Representatives are an example of exempt workers" who were not paid overtime. See Sinha Aff., Exhibits H and I: Employee Handbooks for Fusion Wireless and Wireless Station, at 10.[4]

---

[4]As discussed in the Order, Defendants claim they relied on the incorrect advice of their counsel that overtime was not required to be paid to employees who earned commission. Order, at 3.

Plaintiffs claim that Defendants' blanket policy of deeming sales associates exempt from overtime, without any scrutiny of whether overtime is earned in a particular pay period, violates 29 U.S.C. § 207(i).[5] This statute states that employees of a retail or service establishment are exempt from receiving overtime for hours worked beyond 40 per week if: 1) their regular rate of pay is 1½ times more than the prevailing minimum wage at that time; and 2) commissions earned constitute more than 50% of their compensation in a particular period of time. See 29 U.S.C. § 207(i); Pl. Mem., at 6, n. 3, 7.

II. Proposed Class

By this motion, Plaintiffs seek to certify the following class:

All Sales Associates and similarly situated persons employed by Defendants to perform Sales Associates work in any of Defendants' locations in any capacity during the statutory period within the State of New York who (1) worked in excess of 40 hours per week and were not compensated with overtime pay; and/or (2) were not compensated at the statutory rate for overtime pay.[6]

See Pl. Mem., at 1. Plaintiffs claim that according to Defendants' records, there are eighty-seven (87) sales associates who were employed by Defendants during the respective notice period, who represent the putative class members. See Pl. Mem., at 4, citing Affirmation of S. Tito Sinha ("Sinha Aff."), Exhibit C: Defendants' June 2014 Disclosure of Sales Associate

---

[5]New York law requires payment of overtime in the amount of 1½ times the regular rate of pay for hours worked over forty (40) per week. See NYLL § 650, *et seq.*; 12 NYCRR § 142-2.2. The obligation under New York law to pay overtime is subject to the exemptions contained in section 7 and 13 of the FLSA. See 12 NYCRR § 142-2.2; Reiseck v. Universal Communs. of Miami, 591 F.3d 101, 105 (2d Cir. 2010).

[6]Plaintiffs' proposed class included those who were not paid for their "spread of hours" compensation for working over ten hours per day, but since that claim was dismissed by the Court's Order of November 17, 2014, that subsection of Plaintiffs' proposed class does not apply and has been removed by the Court.

Information.

## DISCUSSION

I. Legal Principles

A. Class Certification

A class action is "'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2550, 180 L.Ed.2d 374 (2011) (quoting Califano v. Yamasaki, 442 U.S. 682, 700–701, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). To justify departure from that general rule, the class representative must "'possess the same interest and suffer the same injury' as the class members." Dukes, 131 S.Ct. at 2550 (quoting East Tex. Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 403, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977))(other citations omitted).

Rule 23 does not articulate a pleading standard. Dukes, 131 S.Ct. at 2551. A party making a motion for certification under Rule 23 "must affirmatively demonstrate ... compliance with the Rule" and that there are "*in fact* sufficiently numerous parties, common questions of law or fact, etc.[,]" which may require the district court to "probe behind the pleadings." Id. (citing General Telephone of Southwest v. Falcon, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) (emphasis in original). Certification is only proper if the district court "is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 have been satisfied." Id. (citations omitted); see also St. Stephen's School v. PricewaterhouseCoopers Accountants N.V., 570 Fed.Appx. 37, 39 (2d Cir. 2014) (quoting Dukes, 131 S.Ct. at 2551) (other citations omitted); Cuevas v. Citizens Financial Group, Inc., 526 Fed.Appx. 19 (2d Cir. 2013).

Satisfaction of Rule 23's elements ensures that the class action will "'achieve economies

of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010) cert. denied 132 S.Ct. 368 (2011) (quoting Cordes & Co. Fin. Servs., Inc. V. A.G. Edwards & Sons, Inc., 502 F.3d 91, 104 (2d Cir. 2007) (other citations omitted)).

A district court's ruling on class certification is viewed for an abuse of discretion, meaning the court "'is empowered to make a decision—of its choosing—that falls within a range of permissible decisions,' and we will only find 'abuse' when the district court's decision 'rests on an error of law ... or a clearly erroneous factual finding, or ... its decision ... cannot be located within the range of permissible decisions.'" Myers, 624 F.3d at 547 (internal citations omitted). This is particularly true in regards to a class action, where the district court has the "inherent power to manage and control pending litigation." Id. (citations omitted); see also St. Stephen's School, 570 Fed.Appx. at 39.

B. Rule 23(a) and Rule 23(b)(3)

Rule 23(a) requires that a party seeking certification prove each of the listed elements, namely, that the proposed class action "(1) be sufficiently numerous, (2) involve questions of law or fact common to the class, (3) involve class plaintiffs whose claims are typical of those of the class, and (4) involve a class representative or representatives who adequately represent the interests of the class." Myers, 624 F3d at 547; Rule 23(a).

Furthermore, once the elements of Rule 23(a) have been satisfied, Rule 23(b)(3) requires that the party seeking certification must show that "questions of law or fact common to class members predominate over any questions affecting only individual members" and that class

treatment would be superior to individual litigation. See Rule 23(b)(3); Myers, 624 F.3d at 547.

C. Timeliness

According to the rule itself, certification under Rule 23 must be made "[a]t an early practicable time after a person sues or is sued as a class representative." See Rule 23(c)(1)(A).

II. Disposition of the Motion

1. Rule 23(a)

A. Numerosity

The Second Circuit has stated that "numerosity is presumed at a level of 40 members." Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995); Perez v. Allstate Insurance Co., 2014 WL 4655745, *14 (E.D.N.Y. 2014). Plaintiffs assert that there are eighty-seven (87) putative class members. Defendants argue that not necessarily all of these putative class members were entitled to overtime, noting, without reference to the actual records, that payroll records were produced for four "opt ins" where there was no violation. See Defendants' Memorandum in Opposition ("Def. Mem. In Opp."), at 12. Even if such deductions were made, the Court nevertheless finds that the putative class of even possibly less than approximately 87 members satisfies the numerosity element.

B. Commonality

Rule 23(a) states that a plaintiff must share "questions of law or fact common to the class." Rule 23(a)(2). The Supreme Court has explained that "commonality requires that the class members have suffered the same injury," but this does not mean that they have merely suffered a violation of the same law. Dukes, 131 S.Ct. at 2551. Rather, the claims must depend on a "common contention" – the resolution of which will determine the validity of each of the

claims "in one stroke." Id. As described by the Supreme Court, the relevant issue for class certification is not the "'common questions'" but the ability of the class to "generate common *answers*..." Id. (quoting Negareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U.L.Rev. 97, 132 (2009) (emphasis in the original); White v. Western Beef Properties, Inc., 2011 WL 6140512, *2 (E.D.N.Y. 2011); Perez v. Allstate Insurance Co., 2014 WL 4655745, *15 (E.D.N.Y. 2014).

In Dukes, the plaintiffs hoped to certify a class action alleging that the employer, Wal-Mart, operated under a policy of sexually discriminating against female employees in violation of Title VII of the Civil Rights Act of 1964. The Court ruled that certification was not warranted where there was no "glue" holding the reasons for the alleged discrimination together. "It will be impossible to say that examination of all the class members' claims for relief will produce a common answer to the question *why was I disfavored.*" Id., at 2552 (emphasis in original).[7]

Plaintiffs here argue that the proposed class satisfies the commonality requirement since the failure to pay overtime was pursuant to what Defendants' admit was their practice and policy, as outlined in the employee handbook, that commissioned sales representatives were exempt from receiving overtime. See Singh Aff., Exs. H and I: Employee Handbooks. They argue that the following are the common questions of law or fact apply to the class members on the claims that remain:

   a. whether Plaintiffs and Class members were compensated for overtime pay pursuant to Defendants' policies;
   b. whether Defendants failed to pay Plaintiffs and Class Members for the hours worked in excess of 40 hours.

---

[7]The Court noted that there was no evidence of a "general policy of discrimination," further undermining whether there was commonality within the proposed class. Id., at 2553.

Pl. Mem., at 15-16.

Plaintiffs urge that Defendants' policy, which did not bother to examine whether overtime was due to particular sales representatives under the law, constitutes the "unifying thread" amongst all the class members. See Pl. Mem., at 16. Plaintiffs argue this policy violates 29 U.S.C. § 207(i), which states that employees of a retail or service establishment are exempt from receiving overtime for hours worked beyond 40 per week if: 1) their regular rate of pay is 1 ½ times more than the prevailing minimum wage at that time; and 2) commissions earned constitute more than 50% of their compensation in a particular period of time. See Pl. Mem., at 6, n. 3, 7. Plaintiffs claim that since all the sales associates were subject to that policy, there is commonality.

Yet, the Court finds that in this case, the existence of the policy alone, which Defendants concede violated the law,[8] is not dispositive as to whether certification is warranted. As noted by the Second Circuit, certification in exemption cases may be appropriate in cases "where company wide documents and policies tended to 'show that plaintiffs' jobs were similar in ways material to the establishment of exemption criteria,'" but not where there are outstanding factual issues on whether the individual plaintiffs were exempt. Cuevas v. Citizens Financial Group, Inc., 526 Fed.Appx. 19, 22 (2d Cir. 2013) (citing Myers, 624 F.3d at 549) (other citations omitted)

---

[8]In connection with the earlier summary judgment motions made in this case, Defendants admitted that Plaintiff Velasquez was not compensated overtime for hours worked over forty (40) per week as required by statute. See Plaintiffs' Local 56.1 Statement in Support of Plaintiff's Motion for Summary Judgment ("Pl. 56.1 Stmt."), ¶ 12; Defendants' Local Rule Counter 56.1 Statement ("Def. Ctr-56.1 Stmt."), ¶ 12. Defendants also admitted that pursuant to their policy, they did not examine whether the sales associates were due overtime as a result of commission earnings being 50% below their compensation for that period, or if their regular rate of pay was in excess of 1½ times the prevailing minimum wage rate. Pl. 56.1 Stmt., ¶ 16; Def. Ctr-56.1 Stmt., ¶ 16. See also Order, at 2-3.

(vacating a finding of commonality and reversing a decision to grant certification where there were outstanding factual issues on whether bank managers were exempt from overtime).

The issue for this case is not whether the Defendants' policy violated the law, which is undisputed, but whether each individual plaintiff was entitled to overtime that they did not receive. In this case, that is not a "common question," nor are there common answers. At issue is this case is whether the exemption of 29 U.S.C. § 207(i) applies. That inquiry mandates an individualized review of each particular class member to determine if overtime is due – namely, how many hours did they work in a given week; if they worked more than 40 hours per week; what was their regular rate of pay; did it amount to more than the prevailing minimum wage applicable at that time; did they earn commission, and if so, how much; and, did that amount of commission constitute more than 50% of their compensation for that period.

Application of this exemption is distinguishable from the application of an exemption based on primary job responsibilities, such as the exemptions applied to executives or administrators. See 29 U.S.C. § 213(a)(3). Those cases are more amenable to class certification if similarity of duties can be established. See Myers, 647 F.3d at 549 (recognizing that class treatment may be appropriate in exemption cases that turn on duties performed consistently across the class). Yet, the exemption under § 207(i) requires a "highly individualized" inquiry focused on "'week-by-week and other periodic calculations,'" such as regular rate of pay, which "'is a rate per hour, computed for the particular workweek by a mathematical computation in which hours worked are divided into straight time earnings for such hours to obtain the statutory regular rate.'" Johnson v. Wave Comm GR LLC, 2011 WL 10945630, *9, n.15 (N.D.N.Y. 2011) (quoting Johnson v. TGF Precision Haircutters, Inc., 2005 WL 1994286, at *6 (S.D.Tex. Aug.

17, 2005)); cf., Jason v. Falcon Data Com, Inc., 2011 WL 2837488, *6, n.6 (E.D.N.Y. 2011) (permitting conditional certification of FLSA claims, but recognizing that the §207(i) exemption is highly individualized and relevant to both liability and damages, and could be reargued at the decertification stage).

Plaintiffs themselves seem to recognize an individual inquiry is required here to determine if overtime is even owed. In outlining what Defendants failed to do by way of example, Plaintiffs explain that Plaintiff Velasquez, during the months of May and November in 2008, was exempt from overtime under the FLSA because his commission earned was more than 50% of his compensation, and he was paid $10.00 per hour, which was more than 1½ times the applicable federal minimum wage at the time. Yet, he was not exempt and was owed overtime under New York law during that period since his regular rate of pay was NOT more that 1½ times the applicable New York minimum wage rate for those two months. This detailed, highly individualized inquiry, which addresses the seemingly common question of "is this employee due overtime?" would have to be computed for each class member, and reveals that there are no common answers to common questions here. The Court finds that there is no commonality here, and the claims are not appropriate for class certification. See Enriquez v. Cherry Hill Market Corp., 993 F.Supp.2d 229, 235 (E.D.N.Y. 2013) (no commonality and class certification denied for a class of supermarket workers whose entitlement to overtime required an individualized examination of how much each employee worked and was paid during a given week); Indergit, 293 F.R.D. 632, 651 (S.D.N.Y. 2013) ("common answers" are what drive a class action).

The Court is not persuaded by the cases cited by Plaintiff. Indergit v. Rite Aid Corp., 293 F.R.D. 632, 653-654 (S.D.N.Y. 2013) was an action brought by store managers who claimed they

were mis-classified under the administrative or executive exemptions of the FLSA. The court there found commonality where testimony showed a "similar mix of duties" relevant to determining if the exemptions were appropriate. As discussed above, application of those exemptions are distinguishable from the individual inquiry required by the § 207(i) exemption. See Damassia v. Duane Reade, Inc., 250 F.R.D. 152, (S.D.N.Y. 2008) (common question of whether the administrative or executive exemptions applied where elements of proof concerning job description applied to class members). See also Perez v. Allstate Insurance Co., 2014 WL 4635745 (E.D.N.Y. 2014) (commonality found where plaintiffs showed they had "largely consistent duties" in class action to determine whether the administrative exemption applied).

The Court finds there is no commonality here, and having failed to meet this requirement of Rule 23(a), Plaintiffs' motion for certification is denied. Nevertheless, for the sake of completeness, the Court will also review whether the other elements of Rule 23 are satisfied.

C. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Typicality "is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993) (citing In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir.1992), cert. dismissed, 506 U.S. 1088, 113 S.Ct. 1070, 122 L.Ed.2d 497 (1993). Many courts have recognized that the numerosity and typicality requirements of Rule 23(a) often merge, both serving as "guideposts" for whether the class action is "economical" and will adequately protect the interests of the absent class members. Dukes, 131 S.Ct. at 2551, n.5. Typicality involves the inquiry into "the fairness

of allowing an entire class's claim to rise or fall with the fate of the named representative's claims." Indergit v. Rite Aid Corp., 293 F.R.D. 632, 652 (S.D.N.Y. 2013) (citations omitted).

As discussed above, since the claims at issue here are whether the particular Plaintiffs are due overtime, and since each Plaintiff will be subject to an individual determination of whether overtime was due, it is not fair to that the claims of the absent class members "rise or fall" with the fate of the representative Plaintiffs. The Court finds that for the same reasons discussed above concerning commonality, typicality is also not satisfied, and Plaintiffs' motion for certification is denied.

### D. Adequacy of Representation

"Adequacy of representation is evaluated in two ways: (1) by looking to the qualifications of plaintiffs' counsel; and (2) by examining the interests of the named plaintiffs." Jackson v. Bloomberg, L.P., 298 F.R.D. 152, (S.D.N.Y. 2014) (quoting Flores v. Anjost Corp., 284 F.R.D. 112, 128–29 (S.D.N.Y. 2012)). Both Velasquez and Rivera submitted affidavits attesting to their commitment to the litigation and their adequacy in representing the class. Sinha Aff., Ex. X: Affidavit of Noel Velasquez, and Ex. Y: Affidavit of Carlos Rivera. Defendants claim that the Plaintiffs and their counsel are not adequate representatives of the class because of Plaintiffs' rejection of Defendants' Rule 68 Offer of Judgment in the early stages of the litigation, which Defendants claim has thus created a conflict between Plaintiffs and their counsel. The Court recognizes that the Rule 68 offer may have an impact on the amount of Plaintiffs' ultimate recovery, if any, in this case, but declines to find that it substantiates a finding that Plaintiffs or their counsel are inadequate. Therefore, this element satisfied.

## 2. Rule 23(b)(3)

Rule 23(b)(3) states that certification is warranted when "questions of law or fact common to class members predominate over any questions affecting only individual members..." See Rule 23(b)(3). To satisfy the "predominance" requirement, Plaintiff must show that the "more 'substantial' aspects of this litigation will be susceptible to generalized proof for all class members than any individualized issues." Myers, 624 F.3d at 551. A class action is intended to promote efficiency of time and effort, which can only be achieved if "generalized" proof applies to the whole class. Myers, 624 F.3d at 549. If the claims mandate an individualized inquiry and determination, there is no point in proceeding as a class action. Thus, if the common questions and proof do not "predominate" over the individual questions, class certification is not warranted. Predominance is "a more demanding criterion than the commonality inquiry under Rule 23(a)." Lizondro-Garcia v. Kefi LLC, 300 F.R.D. 169, 176-177 (S.D.N.Y. 2014) (quoting Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623-24, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)).

Plaintiffs here argue that because they were all mistakenly classified as exempt pursuant to a wrongful policy, that issue "predominates" over the individual question of whether the particular exemption applies to each plaintiff. This issue was addressed by the Second Circuit in Myers v. Hertz Corporation, 624 F.3d 537 (2d Cir. 1010). There, the Court reviewed a decision denying certification to a class of managers who were subjected to a blanket policy that all managers were exempt. The district court found that "individualized proof" was required to determine which plaintiffs were wrongfully classified and entitled to overtime, and denied certification. Id., at 545. In affirming that decision, the Second Circuit examined the "predominance" issue, finding that application of a policy that a particular group of employees is exempt does not necessarily indicate

that it is a "common question that predominates." Indeed, there the Court found, in finding the district court did not abuse its discretion, the relevant inquiry was not whether there was a blanket policy of exemption, but whether each individual employee was exempt from overtime.

"[T]he existence of a blanket exemption policy, standing alone, is not itself determinative..." Myers, 624 F.3d at 549 (quoting In re Wells Fargo Home Mortg. Overtime Pay Litig., 571 F.3d 953, 957, 959 (9th Cir. 2009). "The fact of common exemption does not establish whether all plaintiffs were *actually* entitled to overtime pay or whether they were covered..." Id. (citations omitted). Thus, the Court found that the lower court did not abuse its discretion in finding that the employer's common policy "demonstrated little" on whether the issues bearing on the employer's ultimate liability "are provable in common." Id.

So too here. As discussed above, it is clear that individual questions exist to determine if each Plaintiff is entitled to overtime. Since Plaintiffs are unable to show that "more 'substantial' aspects of this litigation will be susceptible to generalized proof for all class members than the individualized issues," id., at 551, the Court finds that the common questions do not predominate over the individual issues, and therefore certification is denied.

Since Plaintiffs have failed to show that commonality and typicality are satisfied, or that the class claims predominate over the individual claims, Plaintiffs' motion for certification is denied.

C.    Timeliness

Defendants argue that in addition to not satisfying the required elements of Rule 23, Plaintiffs' motion is untimely and should be denied for that reason as well. According to the rule itself, certification under Rule 23 must be made "[a]t an early practicable time after a person sues

or is sued as a class representative." See Rule 23(c)(1)(A); Jones v. Ford Motor Credit Co., 358 F.3d 205, 215 (2d Cir. 2004). Defendants argue strenuously that Plaintiffs' motion, made three years after the complaint was filed, is not "at an early practicable time" as contemplated by the rule. Indeed, Defendants point out that the discovery deadline in this matter was in August 2012 and that this matter was initially on this Court's trial calendar for June 2014. Defendants further complain that the names of thirty-seven (37) sales associates were produced in June 2012 and another twenty-eight (28) names were produced in August 2013, and therefore there is no basis for Plaintiffs' counsel to have waited two years to make the Rule 23 motion. Permitting certification at this juncture, "on the eve" of the new trial date, would be prejudicial to Defendants, denying them the opportunity to conduct class discovery. See Def. Mem., at 2-7.

In response, Plaintiffs argue that they did not have the full disclosure of all eighty-seven (87) potential sales associate class members until after the FLSA claims were collectively certified on May 19, 2014. They further argue that the failure to have the full number of names of sales associates were a result of Defendants' "dilatory and unsuccessful attempts" to set aside Court discovery orders. Finally, since the class allegations were contained in the initial pleading in this case, Defendants cannot claim they have been prejudiced. See Plaintiffs' Reply Memorandum ("Pl. Reply Mem."), at 1-7.

While the Court is disturbed by Plaintiffs' counsel failure to make this motion at an earlier time in the litigation, particularly since the Court first scheduled a June 2014 trial date on January 28, 2014, (see Notice of Hearing, DE of January 28, 2014), in light of Plaintiffs' failure to satisfy the requirement of Rule 23 as discussed above and the Court's denial of the motion on that basis, there is no need to address the merits of Defendants' timeliness argument.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for class certification under Rule 23 is denied. The parties are reminded that this case is scheduled for jury selection on January 5, 2015 at 9:30am.

SO ORDERED.

                                        s/ Leonard D. Wexler
                                        LEONARD D. WEXLER
                                        UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       December 9, 2014