UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X
NOEL VELASQUEZ and CARLOS RIVERA,
individually and on behalf of all others similarly situated,

                Plaintiffs,

    v.

DIGITAL PAGE, INC., d/b/a FUSION WIRELESS;CELLULAR
CONSULTANTS INC., d/b/a FUSION WIRELESS; CELLULAR
CONSULTANTS OF   NASSAU ST. INC., d/b/a FUSION WIRELESS;
CELLULAR CONSULTANTS OF FARMINGDALE INC. d/b/a FUSION
WIRELESS; CELLULAR CONSULTANTS
BROADWAY INC., d/b/a FUSION WIRELESS;                11-CV-3892
CELLULAR CONSULTANTS OF PORT WASHINGTON,      (LDW)(AKT)
INC., d/b/a FUSION WIRELESS; CELLULAR CONSULTANTS
RIDGEWOOD INC., d/b/a FUSION WIRELESS; CELLULAR
CONSULTANTS OF WEST ISLIP INC., d/b/a FUSION WIRELESS;
WIRELESS FRANCHISE CORP., d/b/a FUSION WIRELESS;
CELLULAR CONSULTANTS HOLDING CORP., d/b/a FUSION
WIRELESS, and DIGITAL PAGE SALES
CORP., d/b/a FUSION WIRELESS, and
BRANDON HAENEL and ROBERT PACHTMAN,

                Defendants.
---------------------------------------------------------------------------X

**Memorandum of Law in Support of Plaintiffs' Motion**

**For Attorney's Fees and Costs**

                                            ROBERT J. VALLI, JR.
                                            Valli Kane & Vagnini, LLP
                                            *Attorneys for Plaintiffs*
                                            600 Old Country Road, Suite 519
                                            Garden City, New York 11530
                                            (516) 203-7180

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................. 3

**FACTS** ........................................................................................................................................... 3

**ARGUMENT** ................................................................................................................................. 3

   **POINT I – THE LAW** ............................................................................................................. 3

   **PLAINTIFFS' ENTITLEMENT TO ATTORNEY'S FEES, COSTS AND EXPENSES** . 3

   **RATES AND AWARDS** ........................................................................................................ 4

   **THE RATES CHARGED ARE REASONABLE** ................................................................ 4

   **HOURS BILLED** .................................................................................................................... 6

   **REASONABLENESS OF THE HOURS BILLED** .............................................................. 7

   **COSTS AND EXPENSES** ..................................................................................................... 8

**CONCLUSION** ............................................................................................................................. 8

**TABLE OF AUTHORITIES**

**Cases**

Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir.2008) ............................................................................................................................ 3

Bachman v. Miller, 567 F. Supp. 317 (D.D.C. 1983) .................................................................... 4

Carco Group, Inc v. Maconachy, 05-CV-6038, 2011 WL 6012426 at 3 (E.D.N.Y. Dec 1, 2011)  5

Custodio v. American Chain Link & Const., Inc., 2014 WL 116147 at *2 (S.D.N.Y. 2014); ........ 3

Gerlinger v. Gleason, 160 F.3d 858 (2d Cir. 1998) ....................................................................... 4

Ginsberg v. Valhalla Anesthesia Assocs., No. 96 Civ. 6462 (HB), 1998 WL 19997 (S.D.N.Y. Jan 20, 1988) .................................................................................................................. 4

Kahlil v. The Original Old Homsetead Restaurant, Inc., 657 F.Supp.2d 470, 474 (S.D.N.Y. 2009) ........................................................................................................................................ 3

LeBlanc–Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir.1998) .................................................. 7

Luca v. County of Nassau, 04-cv-4898, WL 307027 (E.D.N.Y. 2010) .......................................... 5

Maher v. Gagne, 448 U.S. 122, 129 (1980) .................................................................................... 3

McDaniel v. County of Schenectady, 595 F. 3d 411, 420 (2d Cir. 2010) ....................................... 3

Morgenstern v. County of Nassau, No. 04-CV-58, 2009 WL 5103158, at *16-18 (Lindsay, M.J.) (E.D.N.Y. Dec. 15, 2009) ............................................................................................... 5

New York State Ass'n for Retarded Children. Inc. v. Carey, 711 F. 2d 1136, 1148 (2d Cir. 1983) ........................................................................................................................................ 6

Reiter v. MTA N.Y.C. Transit Auth., 457 F. 3d 224, 232 (2d Cir. 2006) ....................................... 4

Rodriguez v. Pressler & Pressler, LLP, No. 06-CV-5103, 2009 WL 689056 (Cogan, J.) ............. 5

Szczepanek v. Dabek, No 10-cv-2459, 2011 WL 846193 at 8 (E.D.N.Y. March 7, 2011) ............ 5

Tlacoapa v. Carregal, 386 F.Supp.2d 362, 374 (S.D.N.Y.2005) .................................................... 7

U.S. ex rel. Burr v. Blue Cross & Blue Shield of Florida, Inc., 882 F. Supp. 166, 170 (M.D. Fla. 1995) ............................................................................................................................. 5

United States ex rel. Coughlin v. IBM, 992 F. Supp. 137, 142-145 (N.D.N.Y. 1998) ................... 5

**Statutes**

29 U.S.C. § 216(b) ..................................................................................................................... 2, 7

N.Y. Labor Law § 663 .................................................................................................................... 2

## PRELIMINARY STATEMENT

As the prevailing parties in this action, Plaintiffs submit this application for attorney's fees and costs.  Generally, the FLSA provides that Courts should award prevailing plaintiffs' reasonable attorney's fees.  See 29 U.S.C. § 216(b) (providing that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fees to be paid by the defendant, and costs of the action").

## FACTS

Plaintiffs refer Your Honor to the Valli Affirmation for a synopsis of the facts and proceeding in this case.

## ARGUMENT

## POINT I – THE LAW

**PLAINTIFFS' ENTITLEMENT TO ATTORNEY'S FEES, COSTS AND EXPENSES**

Under the FLSA and New York Labor Law, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); N.Y. Labor Law § 663.  Furthermore, the FLSA *et seq.* and New York Labor Law *at seq.* permit awarding of reasonable attorneys' fees and costs in cases of settlements akin to that of a prevailing party.  Custodio v. American Chain Link & Const., Inc., 2014 WL 116147 at *2 (S.D.N.Y. 2014); Kahlil v. The Original Old Homsetead Restaurant, Inc., 657 F.Supp.2d 470, 474 (S.D.N.Y. 2009).

As stated by the Supreme Court,"[t]he fact that plaintiff prevailed through a settlement rather than through litigation does not weaken plaintiff's claim to fees." Maher v. Gagne, 448

3

U.S. 122, 129 (1980) ; Custodio v. Am. Chain Link & Const., Inc., No. 06 CIV. 7148 GBD, 2014 WL 116147, at *2 (S.D.N.Y. Jan. 13, 2014).

## RATES AND AWARDS

The most often used method for calculating fee awards in FLSA cases, and the one applicable in the case at bar, is the lodestar method, which is the method of hourly rates multiplied by the number of hours. The hourly rates used are the "market rates" or the rates prevailing in the community." McDaniel v. County of Schenectady, 595 F. 3d 411, 420 (2d Cir. 2010).

Courts assess the reasonableness of attorney's fees using a variation on the "lodestar" method that generates a "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir.2008); McDaniel v. Cnty. of Schenectady, at 420.

The rates sought in this action are as follows:

| NAME | TITLE | HOURLY RATE |
|---|---|---|
| SARA W. KANE | PARTNER | $425.00 |
| ROBERT J. VALLI, JR. | PARTNER | $450.00 |
| JAMES A. VAGNINI | PARTNER | $425.00 |
| SUMANTRA T. SINHA | SENIOR ASSOCIATE | $375.00 |
| ROBERT P. VALLETTI | ASSOCIATE | $325.00 |
| ANA MARTINEZ | PARA-LEGAL | $150.00 |
| JUSTIN LEVY | LAW CLERK | $150.00 |

## THE RATES CHARGED ARE REASONABLE

In calculating the lodestar, a court must first determine reasonable hourly rates. In order to provide adequate compensation, "[t]he rates used by the court should be 'current rather than historic hourly rates.'"Reiter v. MTA N.Y.C. Transit Auth., 457 F. 3d 224, 232 (2d Cir. 2006) quoting Gerlinger v. Gleason, 160 F.3d 858 (2d Cir. 1998) (eight years from case filing to attorney's fee award); Ginsberg v. Valhalla Anesthesia Assocs., No. 96 Civ. 6462 (HB), 1998 WL 19997 (S.D.N.Y. Jan 20, 1988) (two years between filing and award of attorneys' fees); Bachman v. Miller, 567 F. Supp. 317 (D.D.C. 1983) (two years between filing and award of attorneys' fees).

That lodestar formula requires that an attorney's fee award be "the product of hours expended multiplied by an hourly rate for attorneys in the relevant market. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182,184 (2d Cir. 2008). The question placed before the District Court is what are the "reasonable" hours expended by the plaintiff's counsel, and what is a "reasonable" market value rate to be applied to each hour. Id. at 348-49 (applying a "12 factors" test). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases. U.S. ex rel. Burr v. Blue Cross & Blue Shield of Florida, Inc., 882 F. Supp. 166, 170 (M.D. Fla. 1995); United States ex rel. Coughlin v. IBM, 992 F. Supp. 137, 142-

5

145 (N.D.N.Y. 1998). Please see the affirmation of Robert J. Valli, Jr. for the plaintiffs' analysis of the abovementioned factors.

Based upon decisions in this District that are now five to six years old, the hourly rates requested are and were reasonable five years ago. See Luca v. County of Nassau, 04-cv-4898, WL 307027 (E.D.N.Y. 2010)(Judge Block awarded $400 an hour for the lead partner); Rodriguez v. Pressler & Pressler, LLP, No. 06-CV-5103, 2009 WL 689056 (Cogan, J.) (E.D.N.Y. Mar. 16, 2009)(Judge Cogan awarded $450 an hour to civil rights attorney with 17 years of experience); Morgenstern v. County of Nassau, No. 04-CV-58, 2009 WL 5103158, at *16-18 (Lindsay, M.J.) (E.D.N.Y. Dec. 15, 2009)(Judge Lindsay awarded $400 per hour).

Finally, in Carco Group, Inc v. Maconachy, 05-CV-6038, 2011 WL 6012426 at 3 (E.D.N.Y. Dec 1, 2011), Judge Lindsay, citing to Szczepanek v. Dabek, No 10-cv-2459, 2011 WL 846193 at 8 (E.D.N.Y. March 7, 2011), found that "[i]n recent years, courts in this district have approved hourly fee rates in the range of $200 to $450 for partners, $100 to $300 for associates and $70 to $100 for paralegal assistants." Carco Group, Inc., at 3.

Based upon the overwhelming litany of decisions on the subject, it is well established that in 2015 the hourly rates requested herein are reasonable.

## HOURS BILLED

The below chart is a summary of the billing statement attached to the Valli affirmation as Exhibit A.

| NAME | HOURLY RATE | HOURS | TOTAL |
|---|---|---|---|
| Robert J. Valli, Jr. | $450.00 | 46.78 | $20,365.45 |
| Sara W. Kane | $425.00 | 16.63 | $7.063.38 |

6

| James A. Vagnini | $425.00 | 54.71 | $22,516.64 |
| --- | --- | --- | --- |
| S. Tito Sinha | $375.00 | 580.71 | $217,759.79 |
| Robert Valletti | $325.00 | 7.34 | $2,388.02 |
| Ana Martinez | $150.00 | 12.10 | $1,799.99 |
| Justin Levy | $150.00 | 41.35 | $6,198.29 |

As mentioned in the Valli Declaration, due to the exercise of billing judgment (eg: only billing ½ the hourly rate for travel and not charging for certain hours) the above totals are less than what would be calculated by multiplying the hourly rate by the total hours.

Given the law and the facts, Plaintiffs are seeking an award of attorney's fee that is reasonable and consistent with the market rates typically charged in the Eastern District of New York, thus the attorney's fees should not be reduced.

## REASONABLENESS OF THE HOURS BILLED

Under New York State Ass'n for Retarded Children. Inc. v. Carey, 711 F. 2d 1136, 1148 (2d Cir. 1983), a party seeking reimbursement of fees and costs must provide contemporaneous billing records setting forth the date and amount of time when services were rendered, along with the name or names of the persons performing the services.).

The Valli Affirmation provides this Court with the information required by New York State Ass'n for Retarded Children. Inc. v. Carey, with respect to contemporaneous billing records.

7

## COSTS AND EXPENSES

As a general matter, a prevailing plaintiff in an action under the FLSA is entitled to recover costs from the defendant. *See* 29 U.S.C. § 216(b). Furthermore, "[i]t is well-settled in this Circuit that 'attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.' " Tlacoapa v. Carregal*, 386 F.Supp.2d 362, 374 (S.D.N.Y.2005) (quoting LeBlanc–Sternberg v. Fletcher,143 F.3d 748, 763 (2d Cir.1998)). As set forth in the Valli Affirmation, the costs claimed by the Plaintiffs are reasonable.

## CONCLUSION

Based upon the foregoing memorandum of law, the affidavits, affirmations, and exhibits, we respectfully request that your honor grant this application for reasonable attorney's fees and costs pursuant to the FLSA and the NYLL.

Dated: Garden City, New York
　　　　March 20, 2015

　　　　　　　　　　　　　　　　　　　　　　s/*Robert J. Valli, Jr.*
　　　　　　　　　　　　　　　　　　　　　　**ROBERT J. VALLI, JR.**