UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NOEL VELASQUEZ and CARLOS
RIVERA, individually and on behalf of all
others similarly situated,

                              Plaintiffs,

          -against-

DIGITAL PAGE, INC. d/b/a/, FUSION
WIRELESS; CELLULAR CONSULTANTS,
INC., d/b/a/, FUSION WIRELESS;
CELLULAR CONSULTANTS OF NASSAU,
INC., d/b/a/, FUSION WIRELESS; CELLULAR
CONSULTANTS OF NASSAU ST/1, d/b/a/,
FUSION WIRELESS; CELLULAR
CONSULTANTS OF FARMINGDALE,
d/b/a/, FUSION WIRELESS; BRANDON
HAENEL and ROBERT PACHTMAN,

                              Defendants.
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   AUG 24 2015   ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 11-3892

(Wexler, J.)

APPEARANCES:

    VALLI KANE & VAGNINI LLP
    BY: JAMES ALDO VAGNINI, ESQ., SUMANTRA T. SUNHA, ESQ.
    Attorneys for Plaintiffs
    600 Old Country Road Suite 519
    Garden City, New York 11530

    MILMAN LABUDA LAW GROUP PLLC
    BY: JOSEPH M. LABUDA, ESQ., JAMIE SCOTT FELSEN, ESQ.
    Attorneys for Defendants
    3000 Marcus Avenue, Suite 3W3
    Lake Success, New York 11042

WEXLER, District Judge:

    This is a case brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 (the

"FLSA") and parallel provisions of New York Labor Law ("NYLL") seeking overtime

compensation against the Defendant employers. The parties settled the merits of the case and filed a Joint Motion for Final Approval of Collective Action Settlement Agreement ("Joint Motion"), which was approved by the Court by order dated August 10, 2015. Pursuant to an Agreement and Release ("Settlement Agreement"), the parties agreed to create a settlement fund of $30,000, to be paid to nine plaintiffs, amounting to almost 100% of unpaid overtime and approximately 50% of liquidated damages with interest. See Joint Motion, at 3, and Settlement Agreement (ECF No. 220). See also Settlement Agreement, Exhibit D: List of Payees (ECF No. 220-4). Now before the Court is Plaintiffs' counsel's motion for attorneys' fees and costs. Counsel seeks $278,091.56 in fees and $5,105.72 in costs.

## BACKGROUND

This action was initiated on August 12, 2011 by Noel Velasquez ("Velasquez") and Carlos Rivera ("Rivera") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, claiming they were unlawfully denied overtime compensation for work provided as cell phone salesmen to Defendants Digital Page, Inc. d/b/a/, Fusion Wireless; Cellular Consultants, Inc., d/b/a/, Fusion Wireless; Cellular Consultants of Nassau, Inc., d/b/a/, Fusion Wireless; Cellular Consultants of Nassau St/1, d/b/a/, Fusion Wireless; Cellular Consultants of Farmingdale, d/b/a/, Fusion Wireless; Brandon Haenel and Robert Pachtman (collectively "Defendants"). The complaint alleges three claims: failure to pay overtime in violation of the FLSA and the NYLL, and failure to pay "spread of hours" pay in violation of 12 N.YC.R.R. § 142.24.

On October 5, 2011 Defendants served Rule 68 offers of judgment to the two named (and then only) Plaintiffs in the case, offering $11.206.58 to Noel Velasquez ("Velasquez") and

$8,050.50 to Carlos Rivera ("Rivera"). According to Defendants, within three hours, an opt-in plaintiff, Michael Nazario ("Nazario") filed a "consent to sue" and the Rule 68 offers of judgment made to Velasquez and Rivera were rejected since they did not include an offer to Nazario. ECF No. 5. An offer of judgment made to Nazario in the amount of $4,346 was made on October 10, 2011, which was also rejected. Defendants subsequently moved to dismiss the case, claiming the offers of judgment made the claims moot and deprived the court of subject matter jurisdiction. The Court denied that motion. ECF No. 32.

The litigation proceeded with abandon. Each side made numerous motions, including motions to dismiss, motions for certification as a collective action under the FLSA and class action under Rule 23, and motions for summary judgment by each side. Several discovery motions were also made by both sides regarding the production of payroll records and the identification of other sales associates. The docket sheet contains 232 entries. On November 17, 2014, the Court denied Plaintiffs' and Defendants' motions for summary judgment, except to grant summary judgment dismissing Plaintiffs' "spread of hours" claim. See ECF No. 197. On December 9, 2014, the Court denied Plaintiff's motion for Rule 23 class certification (ECF No. 209) and reminded the parties of the trial date of January 5, 2015, originally scheduled on November 17, 2014. ECF No. 196. Thereafter, the case settled. ECF No. 214. Because the parties could not agree on the issue of attorneys' fees, they were directed to file the settlement agreement and Plaintiffs were permitted to make this motion for attorneys' fees. See ECF No. 217 and orders of February 25, 2015.

Defendants strenuously dispute that Plaintiff's counsel's claim for $278,091.56 in fees is warranted in a case that settled for $30,000.00. First, they argue that since the amount of the

settlement is less than the Rule 68 offers of judgment made in the early stages of the case, Plaintiffs are not prevailing parties[1] and are not entitled to any fee award. Defendants also argue that the fees requested are unreasonable, not only because the hourly rates and number of hours spent are unreasonable, but, *inter alia*, Plaintiffs were not successful on various aspects of the case, including the Rule 23 class certification and the dismissal of the "spread of hours" claim. Instead, Defendants argue Plaintiffs' fee should be limited to a typical one-third contingency of the settlement amount, or $10,000.00.

## DISCUSSION

### I.  Rule 68 Offers of Judgment

Defendants assert the Rule 68 offers of judgment preclude Plaintiffs from recovering any subsequent fees incurred because the amount of the settlement is even less than the offers of judgment. Rule 68 permits a defendant to make an "offer to allow judgment on specified terms." Fed. R. Civ. P., Rule 68(a). In the event that the opposing party does not accept the offer, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Rule 68(d).[2]

---

[1]This argument is without merit. A plaintiff "prevails" in an FLSA case if he "succeed[s] on any significant issue in litigation which achieves some of the benefit ... sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (citation omitted). "A plaintiff involved in litigation ultimately resolved by settlement may still be entitled to an award of attorneys' fees" as a prevailing party. Lyte v. Sara Lee Corp., 950 F.2d 101, 103–04 (2d Cir. 1991).

[2]This includes attorneys' fees when such fees are included within the definition of costs in the relevant statute Marek v. Chesny, 473 U.S. 1, 8-9, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). Under the FLSA and NYLL, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); N.Y. Labor Law § 663(1). See also Young v. Cooper Cameron Corp., 586 F.3d 201, 208 (2d Cir. 2009) ("The FLSA provides that a court 'shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the

Defendants' argument is misplaced. By its plain language, Rule 68 applies when the offeree gets a "judgment" that is less favorable. Rule 68(d). Here, Plaintiffs did not receive a less favorable judgment; they received an allegedly less favorable settlement. Here, there was no finding of liability by the Court or following a trial that resulted in a judgment to trigger the cost-shifting. See Deferio v. Bd. of Tr. of State Univ. of New York, 2014 WL 295842 (N.D.N.Y. January 27, 2014) (Rule 68 does not apply to settlements, but only to judgments after a finding of liability, since "the specific purpose of the rule is not simply to 'encourage settlement' but to do so by punishing a plaintiff for rejecting an offer of settlement that was reasonable in that it was equivalent to, or better than, what he received at trial (or a hearing to determine the extent of liability)").

Defendants' rely on Bd. Of Trustees of the S.Cal. IBEW-NECA Defined Contribution Plan v. Bank of N.Y. Mellon, 2013 WL 1189681 (S.D.N.Y. 2013) to argue that no fees are due here since the final settlement is no better than an early offer. But that case is not persuasive. In that case, the court evaluated whether attorneys' fees should be granted in an ERISA case where, after a protracted litigation, the matter settled for the same amount as originally offered. ERISA permits reasonable fees where the claimant achieved "some degree of success on the merits." Bd. of Trustees, 2013 WL 1189681, at *2. Applying the ERISA standard, and with no discussion of Rule 68, the court found that plaintiff had not achieved "some degree of success on the merits" to warrant granting fees. The Court finds is not persuaded that the reasoning or facts of that case are

---

defendant, and costs of the action.'")

instructive to this FLSA case.[3]

II.  Reasonableness of Fees

Defendants also argue that the fees Plaintiffs seek are unreasonable for various reasons, including that the hourly rates and number of hours spent are too high, particularly in light of Plaintiffs' lack of success on various key points of the case, including the denial of the Rule 23 class certification motion and the dismissal of the "spread of hours" claim. The "most critical factor" in what is a reasonable attorney's fees "is the degree of success obtained" by the plaintiff. Barfield v. New York City Health and Hospitals Corp., 537 F.3d 132, 152 (2d Cir. 2008) (citing Farrar v. Hobby, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); Kassim v. City of Schenectady, 415 F.3d 246, 254 (2d Cir.2005); Pino v. Locascio, 101 F.3d 235, 237–38 (2d Cir. 1996)). In Barfield, the district court reduced the fee sought by the plaintiff in an FLSA case by 50% in light of plaintiff's failure to secure certification as a collective action, which was the "primary aim" of the litigation. Id., at 152. In affirming, the Second Circuit noted that in so doing, the district court did not abuse its discretion:

> Barfield's potential recovery in this case was not, after all, a matter of debate, as in tort or civil rights cases. The amount of unpaid overtime was easily determined at the outset to be only $887.25. Even doubled for liquidated damages, this recovery does not reflect such a degree of success as to compel an award for the full attorney's fees incurred after denial of class certification. In this respect the district court got it exactly right: the reasonableness of the attorney's fees incurred linked directly to the ability to maintain the case as an FLSA collective action.

---

[3]Plaintiffs also argue that Defendants' Rule 68 offer is void on its face since it contained an incorrect time period for Plaintiff to accept as stated in the rule. See Flick v. American Financial Resources, Inc., 10-CV-3084 (LDW/AKT) (E.D.N.Y. April 11, 2011) [ECF entry 96] (the offer of judgment that contains the wrong timeline for plaintiff's acceptance is void for not comporting with the requirement of Rule 68, and therefore does not trigger the cost-shifting provisions). Since the Court finds that the Rule 68 offers do not apply to the later settlement, it declines to address this question.

Id., at 153.

The reasoning of Barfield is persuasive here. Although Plaintiffs here were successful in obtaining certification as a collective action, they failed at another primary objective -- obtaining Rule 23 class certification. Thus, they were limited to those plaintiffs who affirmatively opted in to the case, which significantly reduced the possible recovery than if Rule 23 certification had been granted. Furthermore, the Court granted Defendants' summary judgment and dismissed Plaintiffs' "spread of hours" claim, further limiting potential recovery to only the overtime claim left in the case. Thus, we are left with a case where, like Barfield, the amount of overtime due was easily determined, as was the liquidated damages. The potential recovery was thus quantifiable leaving little for debate, unlike tort or civil rights cases. Id., at 153.

In addition, although the Rule 68 offers of judgment were not triggered as discussed above, the Court finds the early settlement offers by Defendants to be a relevant factor to what constitutes a reasonable fee in this case. The Court notes that the three Plaintiffs who received the offers of judgment are essentially receiving the same amounts offered in the first few months of this protracted litigation. Certainly this reflects on the "degree of success" obtained, a critical factor under the Barfield analysis.

Defendants suggest that Plaintiffs's fee award be limited to a contingency fee of one-third, or $10,000.00, based on the settlement amount. The Court rejects this proposal. The Court is mindful that such a fee award would do little to encourage attorneys to litigate FLSA claims, where the wage and hour amounts owed are often individually too small to warrant significant recovery. See Gonzalez v. Scalinatell, Inc., 2015 WL 3757069, at *3 (S.D.N.Y. June 12, 2015) (citations omitted). In light of the limited success obtained here, where it has been agreed that the

nine plaintiffs will be paid 100% of unpaid overtime and 50% of liquidated damages, which is essentially the same as offered in the early stages of the case, but in light of the need to encourage attorneys to litigate cases such as these, the Court finds it reasonable to double the value of what would be a contingency fee award in this case. See McDaniel v. County of Schenectady, 595 F.3d 411, 419 (2d Cir. 2010) (in a class action alleging constitutional rights violations, recognizing the problems of adopting either the lodestar or percentage-of-the-fund approach to determining reasonable attorneys' fees, and leaving it to the district court to decide, based its familiarity with the "nuances of the case") (citing Goldberger v. Integrated Res., Inc., 209 F.3d 43, 47–48 (2d Cir. 2000) (McLaughlin, J.) (holding that both the lodestar and percentage of the fund are available to the district judges in determining fees in a common fund case)); see eg. Hernandez v. Immortal Rise, Inc., 306 F.R.D. 91, 102 (E.D.N.Y. March 27, 2015) (fee representing 31% of settlement fund in FLSA action is reasonable). Thus, Plaintiffs' motion for attorneys' fees is granted, in the reduced total amount of $25,105.72, comprised of $20,000.00, with costs of $5,105.72.

## CONCLUSION

Plaintiffs' motion for attorneys' fees is granted in the reduced total amount of $25,105.72, comprised of $20,000.00 in attorneys' fees and $5,105.72 in costs.

SO ORDERED.

s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
August 24, 2015