UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
NOEL VELASQUEZ and CARLOS RIVERA,
 individually and on behalf of all others similarly situated,

                                      Plaintiffs,

        v.

DIGITAL PAGE, INC., d/b/a FUSION WIRELESS;CELLULAR
CONSULTANTS INC., d/b/a FUSION WIRELESS; CELLULAR
CONSULTANTS OF NASSAU ST. INC., d/b/a FUSION
WIRELESS; CELLULAR CONSULTANTS OF FARMINGDALE
INC. d/b/a FUSION WIRELESS; CELLULAR CONSULTANTS
BROADWAY INC., d/b/a FUSION WIRELESS;
CELLULAR CONSULTANTS OF PORT WASHINGTON,
INC., d/b/a FUSION WIRELESS; CELLULAR CONSULTANTS
RIDGEWOOD INC., d/b/a FUSION WIRELESS; CELLULAR
CONSULTANTS OF WEST ISLIP INC., d/b/a FUSION
WIRELESS; WIRELESS FRANCHISE CORP., d/b/a FUSION
WIRELESS;  CELLULAR CONSULTANTS HOLDING CORP.,
d/b/a FUSION WIRELESS, and DIGITAL PAGE SALES
CORP., d/b/a FUSION WIRELESS, and
BRANDON HAENEL and ROBERT PACHTMAN,

                                    Defendants.
------------------------------------------------------------------------X

11-CV-3892
(LDW)(AKT)

## MEMORANDUM OF LAW IN SUPPORT

## OF PLAINTIFFS' MOTION FOR RECONSIDERATION

                                ROBERT J. VALLI, JR.
                                Valli Kane & Vagnini, LLP
                                *Attorneys for Plaintiffs*
                                600 Old Country Road, Suite 519
                                Garden City, New York 11530
                                (516) 203-7180

**TABLE OF CONTENTS**

| | Page(s) |
|---|---|
| TABLE OF CONTENTS | 1 |
| TABLE OF AUTHORITIES | 2, 3 |
| INTRODUCTION | 4 |
| ARGUMENT | 4 |
| I.   STANDARD FOR A MOTION FOR RECONSIDERATION | 4 |
| II.  THIS COURT'S REDUCTION IN PLAINTIFFS' COUNSEL'S ATTORNEYS' FEE REQUEST VIOLATES WELL ESTABLISHED PRECEDENT; THUS, THE COURT'S DECISION RESTS ON AN ERROR OF LAW | 5 |
| III. THE ALMOST NINETY-THREE PERCENT (93%) REDUCTION OF THE AMOUNT SOUGHT IN PLAINTIFFS' ATTORNEY'S FEE APPLICATION IS NOT LOCATED WITHIN THE RANGE OF PERMISSIBLE DECISIONS | 8 |
| IV.  THERE WAS NOT A LACK OF SUCCESS IN THIS ACTION THAT WARRANTS A 93% REDUCTION IN THE REQUESTED ATTORNEYS' FEES AND DETERMINING SUCH IS DECIDING THE QUESTION BASED ON A CLEARLY ERRONEOUS FACTUAL FINDING AS WELL AS AN ERROR OF LAW | 13 |
| V.   THE DISTRICT COURT CORRECTLY DETERMINED THAT DEFENDANTS' RULE 68 OFFERS OF JUDGMENT DID NOT MOOT THIS ACTION, BUT THEN IMPROPERLY USED THOSE OFFERS TO ARBITRARILY DETERMINE THE FEE AWARD TO PLAINTIFFS | 16 |
| CONCLUSION | 17 |

TABLE OF AUTHORITIES

Cases
*Allende v. Unitech Design, Inc.*,
   783 F.Supp.2d 509 (S.D.N.Y. 2011) ............................................................. 7
*Baird v. Boies, Schiller & Flexner LLP*,
   219 F.Supp.2d 510 (S.D.N.Y. 2002) ............................................................. 7
*Barfield v. New York City Health & Hospitals Corp.*,
   537 F.3d 132 (2d Cir. 2008) ............................................................. 4
*Blanchard v. Bergeron*,
   489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) ............................................................. 6
*City of Riverside v. Rivera*,
   477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) ............................................................. 7
*DiFilippo v. Morizio*,
   759 F.2d 231 (2d Cir.1985) ............................................................. 6
*Dominic v. Consol. Edison Co. of N.Y.*,
   822 F.2d 1249 (2d Cir.1987) ............................................................. 13
*Goldberger v. Integrated Resources*
   209 F.3d 43 (2d Cir. 2000) ............................................................. 11, 12
*Gortat v. Capala Bros.*,
   No. 07 CV 3629 ILG, 2014 WL 3818614 (E.D.N.Y. Aug. 4, 2014) ............................................................. 7
*Gortat v. Capala Bros., Inc.*,
   No. 14-3304-CV, 2015 WL 4546254 (2d Cir. July 29, 2015) ............................................................. 13
*Green v. Torres*,
   361 F.3d 96 (2d Cir. 2004) ............................................................. 10
*Henderson v. Metro. Bank & Trust Co*
   ., 502 F.Supp.2d 372 (S.D.N.Y.2007) ............................................................. 4
*Hernandez v. Immortal Rise, Inc.*,
   306 F.R.D. 91 (E.D.N.Y. 2015) ............................................................. 11, 12
*In re CRM Holdings, Ltd. Sec. Litig.*,
   No. 10 CIV 00975 RPP, 2013 WL 787970 (S.D.N.Y. Mar. 4, 2013) ............................................................. 4
*Kassim v. City of Schenectady*,
   415 F.3d 246 (2d Cir. 2005) ............................................................. 14
*Kickham Hanley P.C. v. Kodak Ret. Income Plan*,
   558 F.3d 204 (2d Cir. 2009) ............................................................. 5
*Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc.*,
   No. 04-CV-2293 SMG, 2009 WL 5185808 (E.D.N.Y. Dec. 23, 2009) ............................................................. 11
*LeBlanc-Sternberg*,
   143 F.3d ............................................................. 10
*McDaniel v. Cnty. of Schenectady*,
   595 F.3d 411 (2d Cir. 2010) ............................................................. 5, 8, 11, 12
*Millea v. Metro-N. R. Co.*,
   658 F.3d 154 (2d Cir. 2011) ............................................................. 6
*Millea*,
   2010 WL 126186 ............................................................. 6

*Murphy v. Lynn,*
    118 F.3d 938 (2d Cir.1997)      10
*Orchano v. Advanced Recovery, Inc.,*
    107 F.3d 94 (2d Cir. 1997)      6
*Peacock v. Schwartz*,
    154 F. Supp. 2d 428 (E.D.N.Y. 2001)      6
*Perdue,*
    130 S.Ct.      6
*Porzig v. Dresdner, Kleinwort, Benson, North America LLC,*
    497 F.3d 133 (2d Cir. 2007)      6
*Rozell v. Ross-Holst*,
    576 F. Supp. 2d 527 (S.D.N.Y. 2008)      16, 17
*Vincenty v. Bloomberg,*
    476 F.3d 74 (2d Cir. 2007)      5

Rules
FRCP 59(e)      3
FRCP Rule 68      14, 15

**INTRODUCTION**

Plaintiffs respectfully move the Court for reconsideration of its August 24, 2015, Memorandum and Order granting, as amended, Plaintiffs' Motion for Attorney's fees and costs. The basis for this motion is as follows:

ISSUE  This Court's August 24, 2015 decision[1] is inconsistent with the majority of Second Circuit case law, including *Barfield v. New York City Health & Hospitals Corp.*, 537 F.3d 132, 151 (2d Cir. 2008) and the other cases cited by this Court upon which the fee reduction was based. Accordingly, a fee reduction of 93% is not reasonable.

**ARGUMENT**

**I.     Standard for a Motion for Reconsideration**

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 which provides, *inter alia*, that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked."

Similarly, this motion for reconsideration is brought under FRCP 59(e). *Henderson v. Metro. Bank & Trust Co* ., 502 F.Supp.2d 372, 375 (S.D.N.Y.2007) ("The standards governing motions to alter or amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument under Local Rule 6.3 are identical.") *In re CRM Holdings, Ltd. Sec. Litig*., No. 10 CIV 00975 RPP, 2013 WL 787970, at *2 (S.D.N.Y. Mar. 4, 2013).

---

[1] While the decision is dated August 24, 2015, it was filed on ECF on August 28, 2015. Therefore this motion is due no later than September 11, 2015.

With respect to a motion for reconsideration regarding an award of attorneys' fees, the standard was set forth in *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010); citing *Kickham Hanley P.C. v. Kodak Ret. Income Plan,* 558 F.3d 204, 209 (2d Cir. 2009) (quoting *Vincenty v. Bloomberg,* 476 F.3d 74, 83 (2d Cir. 2007)). In *McDaniel*, the Second Circuit held that an abuse of discretion in an award of attorneys' fees occurs when (1) [the court's] decision rests on an error of law (such as application of the wrong legal principle) or clearly erroneous factual finding, or (2) its decision – though not necessarily the product of a legal error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions.' "

II. THIS COURT'S REDUCTION IN PLAINTIFFS' COUNSEL'S ATTORNEYS' FEE REQUEST VIOLATES WELL ESTABLISHED PRECEDENT; THUS, THE COURT'S DECISION RESTS ON AN ERROR OF LAW.

By overlooking well established controlling precedent, this Court has improperly reduced Plaintiffs stated attorneys' fees. While it is Plaintiffs' position that a reduction in fees is unwarranted, we recognize that the Court may wish to reduce the fees. However, the methodology utilized is inconsistent with precedent. Rather than applying a permissible percentage reduction to Plaintiffs' counsel's stated attorneys' fees of $278,091.56, this Court decided to award Plaintiffs' counsel double a one-third (1/3) contingency on the settlement amount in a case without a common fund. The Court failed to provide any specific precedent for such a departure from the established case law in the Second Circuit and from its own decisions. The application of a contingency-based formula for attorneys' fees used by this Court has been specifically rejected and was discussed in Plaintiffs' Reply in Support of the Motion for Attorneys' Fees (Docket #231, page 8-9).

5

The error of this decision is made plain by the Second Circuit in *Millea v. Metro-N.R Co.*, in which it held:

> The district court calculated its final fee award as a proportion of the damages Millea was awarded. *Millea,* at *6. This was legal error. While a court may, in exceptional circumstances, adjust the lodestar, *Perdue,* 130 S.Ct. at 1673, it may not disregard it entirely. Especially for claims where the financial recovery is likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights claims of modest cash value can attract competent counsel. The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery. Thus, the district court abused its discretion when it ignored the lodestar and calculated the attorneys' fees as a proportion of the damages awarded. (internal citations omitted)
> *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011).

Further, as reiterated by this Court in *Peacock v. Schwartz*, 154 F. Supp. 2d 428, 431 (E.D.N.Y. 2001), "The reduction of a requested fee merely because the damages recovery was small is 'error unless the size of the award is the result of the quality of representation.' " *Orchano v. Advanced Recovery, Inc.,* 107 F.3d 94, 98 (2d Cir. 1997), quoting, *DiFilippo v. Morizio*, 759 F.2d 231, 235 (2d Cir.1985).

Similarly, capping a fee award based upon a contingency fee is an argument that was rejected by the Supreme Court twenty five years ago in *Blanchard v. Bergeron,* 489 U.S. 87, 944, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989), when it wrote, "But as we see it, a contingent fee contract does not impose an automatic ceiling on an award of attorney's fees, and to hold otherwise would be inconsistent with the statute and its policy and purpose." The Second Circuit reiterated the holding in *Blanchard,* stating that "it is undisputed, however, that the contingency fee may not serve as a cap on an attorney fee award." *Porzig v. Dresdner, Kleinwort, Benson, North America LLC,* 497 F.3d 133, 142 (2d Cir. 2007). Similarly, in *Burlington v. Dague*, the

6

Supreme Court held that "we have established a strong presumption that the lodestar represents the reasonable fee." *Burlington v. Dague* 505 U.S. 557, 562 (1992).

Further, in comparable civil rights and FLSA cases, numerous Courts have rejected a *per se* proportionality rule, *i.e.*, proportionally linking the prevailing party's attorneys' fees to the degree of monetary success achieved. *City of Riverside v. Rivera*, 477 U.S. 561, 578, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986); *Baird v. Boies, Schiller & Flexner LLP,* 219 F.Supp.2d 510, 519 (S.D.N.Y. 2002).

The rationale for the rule is persuasively reiterated in *Allende v. Unitech Design, Inc.*, 783 F.Supp.2d 509, 511 (S.D.N.Y. 2011), an FLSA case, where a fee award "need not be proportionate to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Gortat v. Capala Bros.*, No. 07 CV 3629 ILG, 2014 WL 3818614, at *3 (E.D.N.Y. Aug. 4, 2014) *aff'd in part, vacated in part, rev'd in part sub nom. Gortat v. Capala Bros.*, No. 14-3304-CV, 2015 WL 4546219 (2d Cir. July 29, 2015) *aff'd in part, vacated in part, rev'd in part sub nom. Gortat v. Capala Bros., Inc.,* No. 14-3304-CV, 2015 WL 4546254 (2d Cir. July 29, 2015).

Further, in similar fee-shifting types of claims, the Supreme Court has observed that a rule of proportionality would make it difficult for civil rights plaintiffs to obtain quality legal representation, and by enacting fee-shifting statutes in civil rights cases, "Congress recognized that private-sector fee arrangements were inadequate to ensure sufficiently vigorous enforcement of civil rights." *City of Riverside,* 477 U.S. 561, 578 (1986).

By the decision in the case at bar, this Court has improperly accepted Defendants' suggestion to use proportionality of the settlement in the determination of the attorneys' fees

7

application. In doing so, the Court has overlooked well established Supreme Court and Second Circuit precedent, has improperly punished Plaintiffs' counsel for prevailing on an FLSA collective action and is seeking to set precedent that will having a chilling effect on employees seeking legal representation regarding their wages.

    III.    THE ALMOST NINETY-THREE PERCENT (93%) REDUCTION OF THE AMOUNT SOUGHT IN PLAINTIFFS' ATTORNEY'S FEE APPLICATION IS NOT LOCATED WITHIN THE RANGE OF PERMISSIBLE DECISIONS.

In addition to being the product of legal error (as stated above), this Court's decision cannot be located within the range of permissible decisions. *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010).

In the case at bar, Plaintiffs sought $278,091.56 in attorney's fees. This Court awarded $20,000 in fees. Effectively, the Court's award of $20,000 in attorney's fees equals an almost ninety-three percent (93%) reduction in the fees sought. Plaintiffs have not found one case with similar facts and recoveries where a Court, after the grant of conditional certification under the FLSA, reduced an attorney's fee application by ninety-three percent (93%). This Court's decision is an impermissible departure from the established case law regarding the awarding of fees under the FLSA and is wholly inconsistent with the spirit and intent of the FLSA.

In *Gonzalez v. Scalinatella, Inc*., Judge Castel and Magistrate Judge Dolinger were faced with a case almost identical to the one at bar. In *Gonzalez,* as in the case at bar, there were discovery disputes, the granting of conditional certification and a motion to certify the class under Rule 23. Judge Castel denied the Rule 23 motion. *Gonzalez v. Scalinatella, Inc*., No. 13CV3629 PKC MHD, 2015 WL 3757069, at *1 (S.D.N.Y. June 12, 2015). The matter eventually settled, but the parties were unable to agree on an amount of attorneys' fees and that

8

issue was presented to the Court. Plaintiffs' sought $81,252.50 in attorneys' fees which the Court reduced. First, the Court deducted the specific time entries related to the unsuccessful motion for class certification. Second, the Court reduced the requested hourly rates and applied a 10% reduction to all the hours based upon inadequate time sheet entries. Third, the Plaintiff in *Gonzalez* demanded $59,003.23 and settled for $7,500.00. The resulting award of $48,366.50 is approximately a forty percent (40%) reduction in the requested fees. In the case at bar, there is no finding that the requested hourly rates are being reduced or that a percentage reduction of the billed hours is being reduced due to inadequate time sheet entries. Further herein, there was no dramatic reduction in the amount sought versus the settlement amount. Finally, in the case at bar Plaintiffs obtained interest on an FLSA settlement which is generally not permissible under the FLSA. Accordingly, any percentage reduction in the requested fees in the case at bar should be far less than forty percent (40%) and should, if anything, be based on the hours related to the unsuccessful claims (For details on amount billed towards this portion of the case, see below).

Under the *Barfield* decision, cited by this Court as one of the reasons for the fee reduction, the fee award reduction in this case is impermissible. In *Barfield*, the plaintiff spent months of litigation seeking to certify a class, which the Court denied, leaving **only the single plaintiff**. That Plaintiff was awarded $887.25 for lost wages ($1,774.50 in total with full liquidated damages) and a reduced fee award of $49,889.00.

The *Barfield* case is further distinguishable from the case at bar. Here the action was filed originally with two plaintiffs, then an additional seven individuals joined the action and recovered their lost wages as a result of the conditional certification. Plaintiffs certainly did not litigate this case with abandon.

9

In *Barfield*, after plaintiff lost their motion for conditional certification, the Court determined that a fifty percent (50%) reduction in the lodestar amount was appropriate. *Barfield v. New York City Health & Hospitals Corp.*, No. 05 CIV. 6319 (JSR), 2006 WL 2356152, at *3 (S.D.N.Y. Aug. 11, 2006) *aff'd*, 537 F.3d 132 (2d Cir. 2008). Further, the *Barfield* Court initially reduced the lodestar by twenty-five percent (25%) based upon the Court's finding that 400 hours spent on the case was not reasonable. There has been no such finding in the case at bar and unlike *Barfield*, Plaintiffs herein were successful on their motion for conditional certification. Therefore, the *Barfield* case plainly does not permit or justify a ninety-three percent (93%) reduction in the requested fees herein. Applying this Court's reasoning to the Barfield case would have resulted in a fee award of $1,183.00 in that case. Just as that would have been unconscionable considering the amount of time and energy that went into that action, the decision herein and the Court's reasoning results in an impermissible fee reduction.

Moreover, Plaintiffs contend that no reduction is warranted because this Court ignored Second Circuit precedent on the issue of unsuccessful claims. The court may exclude hours spent on "severable unsuccessful claims." *Green v. Torres,* 361 F.3d 96, 98 (2d Cir. 2004) (*per curiam*). Yet, where "the successful and unsuccessful claims were interrelated and required essentially the same proof," a reduction in the number of hours is not appropriate. *Murphy v. Lynn,* 118 F.3d 938, 952 (2d Cir.1997); *accord LeBlanc-Sternberg,* 143 F.3d at 762 ("When a plaintiff has ... prevailed on fewer than all of his claims, the most important question in determining a reasonable fee is whether the failed claim was intertwined with the claims on which he succeeded.").

As stated by Magistrate Gold, a "…deduction for virtually every hour spent that did not result in evidence used at trial or a motion that led to a favorable ruling by the Court for the

10

plaintiffs… is misplaced, and ignores the reality that in the cut and thrust of any protracted litigation, no party wins every skirmish. Attorneys who do not risk the occasional unsuccessful argument most likely are doing their clients a disservice." *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc.*, No. 04-CV-2293 SMG, 2009 WL 5185808, at *7 (E.D.N.Y. Dec. 23, 2009) *aff'd*, 409 F. App'x 389 (2d Cir. 2010).

As the FLSA conditional certification and the NYLL Rule 23 motions are interrelated, a reduction in fees is inappropriate. However, even if this Court in its discretion determines otherwise, as stated above a ninety-three (93%) fee reduction results in an unreasonably and impermissibly low fee.

The cases of *Goldberger v. Integrated Resources* 209 F.3d 43 (2d Cir. 2000), *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411 (2d Cir. 2010) and *Hernandez v. Immortal Rise, Inc.*, 306 F.R.D. 91 (E.D.N.Y. 2015) all cited by the Court in support of the reduction in fees are not applicable to the case at bar. These cases all involve an attorney's fee request to be paid from a common fund. In the case at bar, the fee request is being sought directly from Defendants. Additionally, the *Goldberger, McDaniel, Hernandez* and *Barfield* cases do not alter the Supreme Court and Second Circuit principles that contractual contingency fees are not a cap and there is no rule of proportionality.

In each of the three cases (*Goldberger, McDaniel and Herndandez*) the respective Courts agreed to or awarded an amount in attorney's fees that closely matched the respective lodestar calculations in each case. As seen below, the *Goldberger* and *McDaniel* Courts rejected an attorney fee application/request that would have resulted in an award that exceeded the lodestar. These cases do not support this Court's decision to reduce the fee request by ninety-three percent (93%) less than the lodestar. In the case at bar, the fee application is tied directly to lodestar and

11

it appears that this analysis was erroneously overlooked and a common fund contingency test was inappropriately applied.

In *Goldberger*, counsel sought a twenty-five percent (25%) fee ($13.5 million) on a common fund of over $54 million. The Court rejected this request and awarded $2.1 million based on counsel's "lodestar" of hours actually and reasonably billed. *Goldberger v. Integrated Res., Inc*, 209 F.3d 43, 44 (2d Cir. 2000). Thus, unlike the case at bar there was no reduction in the fee to an amount less than the lodestar.

In *McDaniel,* the district court decided "not to employ the percentage method [of the common fund] or apply any type of multiplier to the fee calculated" and used a lodestar to award fees "by multiplying the attorneys' hourly rates by the number of hours worked" *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 415 (2d Cir. 2010). The *McDaniel* Court also rejected an application for a percentage of the common fund and awarded $343,744.50 based on the lodestar figure.

In *Hernandez*, counsel sought thirty-one percent (31%) of the common fund which equaled $170,000.00. Their lodestar was calculated at $190,350.78. *Hernandez v. Immortal Rise, Inc.*, 306 F.R.D. 91, 102 (E.D.N.Y. 2015). Because the requested fee was approximately the lodestar, it was not altered by the *Hernandez* Court.

The above decisions do not support a ninety-three percent (93%) fee reduction from the lodestar in this action. The Court's reduction is not reasonable and is not located within the range of permissible decisions. There is simply nothing in the record before this Court that warrants such a punitive reduction in the Attorney's fees requested, particularly where this matter has been heavily litigated for over four years AND where a positive result was garnered for the original plaintiffs and those who chose to opt-in after notice was sent out.

12

IV. THERE WAS NOT A LACK OF SUCCESS IN THIS ACTION THAT WARRANTS A 93% REDUCTION IN THE REQUESTED ATTORNEYS' FEES AND DETERMINING SUCH IS DECIDING THE QUESTION BASED ON A CLEARLY ERRONEOUS FACTUAL FINDING AS WELL AS AN ERROR OF LAW.

While we reject the notion that the result garnered on behalf of the nine individuals who opted into this action is anything but positive and successful, we will address the fact that Your Honor referred to it as unsuccessful.

While Plaintiffs were successful in obtaining FLSA certification, they were unsuccessful in obtaining Rule 23 certification and their spread of hours claims were dismissed on Summary Judgment. The Court erroneously determined that the loss of the Rule 23 motion effectively obviated the legal work on the successful FLSA certification motion. Further, without question the spread of hours claim was not a primary goal of this litigation and the loss of the Summary Judgment on that issue does not support a claim of limited success.

While a district court should not award fees for unsuccessful *claims* that are separable from Plaintiffs' successful claims, *see Dominic v. Consol. Edison Co. of N.Y.*, 822 F.2d 1249, 1259 (2d Cir.1987), there is no rule that Plaintiffs need to achieve total victory on every motion in pursuit of a successful claim in order to be compensated for the full number of hours spent litigating that claim. *Gortat v. Capala Bros., Inc.*, No. 14-3304-CV, 2015 WL 4546254, at *3 (2d Cir. July 29, 2015). In light of the above, the fee reduction herein was impermissible.

The Court focuses on what is referred to as the "limited success" in obtaining full payment plus half of the liquidated damages as well as interest for the nine Plaintiffs/Opt-ins. Your Honor's order states that the amount received by the nine individuals is essentially the same as what they were originally offered. However, if not for Plaintiffs' conditional certification motion practice, the additional six individuals would not have been aware of their rights and would not have

13

collected as part of this settlement at all. Therefore, what was originally offered in the separate unenforceable and improper Rule 68 motions (discussed below) for three individuals is immaterial with respect to the full recovery obtained on behalf of the remaining opt-ins. Plaintiffs obtained a strong recovery after protracted litigation, are the prevailing party and should be compensated based on the work performed. A review of the docket history reveals that one of the primary aims of the litigation was to permit notice to be sent to members of the collective action informing them of their right to join this lawsuit. Defendants' vehemently fought conditional certification for the majority of the time this case was pending before Your Honor. As part of their opposition, Defendants refused to provide discovery in accordance with the Court's orders, forcing Plaintiffs to make motions to compel. Finally, after causing legal fees to both sides and requiring the Court to spend many hours adjudicating the conditional certification issue, the Defendants' ultimately did not oppose the motion (Docket #148).

Based on Your Honor's decision, Defendants are being rewarded for costing Plaintiffs' counsel many hours and thousands of dollars' in fees. As mentioned in the underlying motion and as evidenced in the docket history, Defendants repeatedly took actions throughout the litigation to delay and oppose, as is their right. (See Plaintiffs' Reply in Support to the underlying motion, page 4). As stated by the Second Circuit, "[i]f the attorney is compelled to defend against frivolous motions and to make motions to compel compliance with routine discovery demands, or to respond to unreasonable demands of the court for briefing or for wasteful, time-consuming court appearances, the hours required to litigate even a simple matter can expand enormously. *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005). While there were no unreasonable demands by this Court in this case, Defendants continuously engaged in significant motion practice and they should not now reap the benefits of having done

so, especially in light of the fact that Plaintiffs were the prevailing party. Defendants ultimately chose not to oppose the conditional certification motion and thus Plaintiffs prevailed on that motion and notice was effectuated. If the case resolved at that point in time, prior to any thought or work done exclusively towards a Rule 23 motion for class certification, or settlement negotiations, settlement agreements and post settlement motions, Plaintiffs' attorneys' fees would have been $177,000.00.

While the Rule 23 motion was eventually made at the end of the case, there was little to no discovery work required exclusively for this motion. A review of the time entries that relate to the Rule 23 motion (pages 41 to 56 of Ex. A to Plaintiffs' motion for Attorneys' fees) reveals that at most about 57 hours were expended on the Rule 23 motion. Accordingly, only approximately $23,000.00 of the requested fees relate to the Rule 23 motion. Any discovery utilized for the motion was the same as any discovery engaged in to prepare the case for trial, a path the parties were most assuredly on until a resolution was reached. Therefore, should Your Honor decide to reduce the attorneys' fees for the time spent on the Rule 23 motion, that reduction should not exceed ten percent (10%) and such a decision would not be inconsistent with some of the cases on the subject of fee reduction for partial success.

The "spread of hours" claim was plainly not one of the primary goals of the litigation. Because the claim is inextricably interwoven into all the other claims, no fee reduction is warranted. However, even if the Court were to entertain a reduction, only a nominal reduction in the fees sought would be permissible.

As Your Honor acknowledged in the order (Docket # 234, p 7-8), fee awards in these cases should be designed to encourage competent experienced counsel to continue to represent plaintiffs.

A ninety-three percent (93%) reduction in attorneys' fees has the opposite result and is inconsistent with prevailing case law. *Gonzalez v. Scalinatella*, *Id* at 3.

Moreover, and contrary to the Court's decision, this case did not proceed with reckless abandon. Plaintiffs in this case knew that Defendants had cheated them and others out of a proper wage and the case was litigated to have those employees recover what Defendants illegally retained.

V.   THE DISTRICT COURT CORRECTLY DETERMINED THAT DEFENDANTS' RULE 68 OFFERS OF JUDGMENT DID NOT MOOT THIS ACTION, BUT THEN IMPROPERLY USED THOSE OFFERS TO ARBITRARILY DETERMINE THE FEE AWARD TO PLAINTIFFS.

On numerous occasions during the litigation of this matter, Defendants moved to dismiss on the grounds of mootness under FRCP Rule 68. On each occasion this Court denied those motions. In opposing this motion for attorneys' fees and costs, Defendants once again sought to use their Rule 68 offers to deny Plaintiffs' attorneys' fees. Once more this Court denied Defendants' efforts to use Rule 68.

Furthermore, and as noted by this Court in *Flick v. American Financial Resources, Inc.*, 10-CV-3084, but not even reached herein due to the fact that this Court determined that Rule 68 does not apply here, Defendants' Rule 68 motions were likely void on their face in that the language in the offers was facially non-compliant with Rule 68. Despite losing each and every motion and opposition regarding the Rule 68 offers, this Court has credited Defendants' Rule 68 offers of Judgment to improperly diminish Plaintiffs' attorneys' fee application.

Contrary to the Court's decision, it is inappropriate to reduce the lodestar on the grounds that the plaintiff might have settled earlier and still obtained a substantial recovery at that time. *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 542 (S.D.N.Y. 2008). Therefore, apart from the

operation of Rule 68 itself, the parties' positions during settlement should have no bearing on the Court's assessment of the degree of success or any other element of the fee award that the plaintiff may be entitled to. *Id. at* 543.

Because Defendants' lost every motion regarding the Rule 68 offers, because the Rule 68 offers are void on their face, and because this matter settled, the use of the Rule 68 offers having any bearing on the degree of success obtained is legal error and those offers should not in any way impact the fee award. Thus, the Court's utilizing this methodology is inconsistent with the Supreme Court and Second Circuit case law cited throughout this brief as it is an erroneous factual finding as well as an erroneous legal analysis.

## CONCLUSION

In conclusion, Plaintiffs have met the burden of establishing that there were both facts and law that were respectfully overlooked by Your Honor. An award of double a one-third (1/3) contingency, which resulted in a fee reduction of ninety-three percent (93%), based upon the facts, law and prior decisions/orders of this Court is not permissible and is plain error. Therefore, Plaintiffs respectfully request that Your Honor reconsider the prior order and grant attorney's fees as set forth in Plaintiffs motion and reply papers (docket entries 227, 231-232).

Dated: September 11, 2015
      Garden City, New York

                                        Respectfully submitted,

                                        s/*Robert J. Valli, Jr.*
                                        ROBERT J. VALLI, JR.
                                        Valli Kane & Vagnini, LLP
                                        600 Old Country Road, Suite 519
                                        Garden City, NY 11530
                                        (516) 203-7180
                                        (516) 706-0248 (fax)