UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NOEL VELASQUEZ and CARLOS
RIVERA, individually and on behalf of all
others similarly situated,

                              Plaintiffs,

        -against-

DIGITAL PAGE, INC. d/b/a/, FUSION
WIRELESS; CELLULAR CONSULTANTS,
INC., d/b/a/, FUSION WIRELESS;
CELLULAR CONSULTANTS OF NASSAU,
INC., d/b/a/, FUSION WIRELESS; CELLULAR
CONSULTANTS OF NASSAU ST/1, d/b/a/,
FUSION WIRELESS; CELLULAR
CONSULTANTS OF FARMINGDALE,
d/b/a/, FUSION WIRELESS; BRANDON
HAENEL and ROBERT PACHTMAN,

                              Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 11-3892

(Wexler, J.)

APPEARANCES:

    VALLI KANE & VAGNINI LLP
    BY: ROBERT J. VALLI, ESQ.
    Attorneys for Plaintiffs
    600 Old Country Road Suite 519
    Garden City, New York 11530

    MILMAN LABUDA LAW GROUP PLLC
    BY: JAMIE SCOTT FELSEN, ESQ., JOSEPH M. LABUDA, ESQ.
    Attorneys for Defendants
    3000 Marcus Avenue, Suite 3W3
    Lake Success, New York 11042

WEXLER, District Judge:

       This case makes claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 (the

"FLSA") and parallel provisions of New York Labor Law ("NYLL") for overtime compensation

from the Defendant employers. The parties settled the merits of the case and filed a Joint Motion for Final Approval of Collective Action Settlement Agreement ("Joint Motion"), which was approved by the Court by order dated August 10, 2015. Thereafter, this Court issued a Memorandum and Order dated August 24, 2015 at ECF 234 (the "Order"), awarding Plaintiffs' attorneys' fees and costs in the amount of $25,105.72, which was a reduction of the fees counsel requested in the amount of $278,091.56 in fees and $5,105.72 in costs. Currently before the Court is Plaintiffs' motion for reconsideration of that Order. Defendants oppose.

## DISCUSSION

Plaintiffs bring this motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). An award of attorneys' fees is reviewed under the "abuse of discretion" standard. McDaniel v. Cnty of Schenectady, 595 F.3d 411, 416 (2d Cir. 2010). The court abuses this discretion in deciding attorney's fees when "the court's decision rests on error of law (such as the application of the wrong principle) or clearly erroneous factual finding, or (2) its decision - though not necessarily the product of a legal error or a clearly erroneous factual finding - cannot be located within the range of permissible decisions." Id. (quoting Kickham Hanley P.C. v. Kodak Ret. Income Plan, 558 F.3d 204, 209 (2d Cir. 2009) and Vincenty v. Bloomberg, 476 F.3d 74, 83 (2d Cir. 2007)). As stated by the Second Circuit, "'abuse of discretion'—already one of the most deferential standards of review—takes on special significance when reviewing fee decisions' because 'the district court, which is intimately familiar with the nuances of the case, is in a far better position to make [such] decisions than is an appellate court, which must work from a cold record.'" McDaniel, 595 F.3d at 416 (quoting Goldberger v. Integrated Res., Inc., 209 F.3d 43, 47-48 (2d Cir. 2000) (other citations omitted)).

Having reviewed counsel's arguments, the Court affirms its previous decision and denies Plaintiffs' motion for reconsideration. In determining the proper attorneys' fee in this case, the Court was guided by the Second Circuit's advice in <u>Barfield v. N.Y. City Health & Hosps. Corp</u> that "district courts, in exercising their 'considerable discretion ... bear in mind <u>all</u> of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate' to be used in calculating a 'presumptively reasonable fee.'" <u>Barfield</u>, 537 F.3d 132, 151-152 (2d Cir. 2008) (emphasis in original) (quoting <u>Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany</u>, 522 F.3d 182, 190 (2d Cir. 2008)).

In determining a reasonable fee here, the Court considered the many various factors unique to this case that are discussed in the Order, and include, *inter alia*, the amount ultimately recovered by the nine Plaintiffs, the denial of Plaintiffs' motion for Rule 23 class certification, the granting of summary judgment dismissing part of Plaintiffs' case, the early settlement attempts by Defendants, and the protracted litigation by counsel on both sides, that ultimately did not benefit Plaintiffs or the Defendants. In "judging" a case, the Court takes seriously its role to ensure fairness by curbing potential abuse of the litigation process at the expense of the parties. See <u>Zhao Hui Chen v. Jin Holding Group Inc.</u>, No. 10-CV-0414 (PAC), 2012 WL 279719, at *4 (S.D.N.Y. January 31, 2012) (the fee-shifting of the FLSA "was not designed to create a windfall for attorneys" or encourage an attorney to pursue litigation towards an "unreasonable goal") (citing <u>Farrar v. Hobby</u>, 506 U.S. 103, 115, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)).

To determine the fee here, the Court applied a factor to a percentage of the Settlement Amount, doubling a one-third fee. The Court finds the use of a percentage of fee appropriate and

commonly applied in FLSA cases.[1] See Karic v. Major Automotive Companies, Inc., 09 CV 5708 (CLP), 2016 WL 1745037, at *8 (E.D.N.Y. April 27, 2016) ("[c]ourts in this Circuit have often approved requests for attorneys' fees amounting to 33.3% of a settlement fund," approving a fee in that amount in an FLSA and NYLL class case) (list of cases omitted); see also Constantin Cionca V. Interactive Realty, LLC, No. 15-CV-05123 (BCM), 2016 WL 3440554, at *2 (S.D.N.Y. June 20, 2016) (approving a percentage fee that is "31.3% of the gross settlement amount" on a settlement of an FLSA claim to be appropriate, finding "the "percentage of the fund" method, attorneys' fee awards of one third or less of the total settlement amount are generally accepted in this [Southern] District."(list of cases cited omitted)).

The Court finds there has been no error of law or clearly erroneous factual finding, or that the Order cannot be "located within the range of permissible decisions," and denies Plaintiffs' motion for reconsideration.

## CONCLUSION

Plaintiffs' motion for reconsideration of this Court's Order that awarded attorneys' fees

---

[1] The Court recognizes that this case is technically not a "common fund" case since Rule 23 class certification of the state law claims was denied, and therefore Plaintiffs' counsel argues those cases do not apply. Yet, collective action certification of the FLSA claims was granted, which is another unique procedural posture of this case that warrants discretion in determining the appropriate attorneys' fee. See Siegel v. Bloomberg L.P., No. 13-CV-1351 (DF), 2016 WL 1211849, at *10 (S.D.N.Y. March 22, 2016) (relying on Barfield, the court applied a 50% reduction in hours spent on unsuccessful motion where FLSA collective certification was granted but Rule 23 certification denied).

and costs to the Plaintiffs in the total amount of $25,105.72 is denied.

SO ORDERED.

                                             s/ Leonard D. Wexler
                                         _____
                                         LEONARD D. WEXLER
                                         UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       June 28, 2016